TREG TAYLOR
ATTORNEY GENERAL
Lael A. Harrison
Senior Assistant Attorney General
Alaska Bar No. 0811093
Alaska Department of Law
P.O. Box 110300
Juneau, AK 99811-0300
Telephone: 907.465.3600
Facsimile: 907.465.3019
Email: lael.harrison@alaska.gov

Alex J. Hildebrand
Chief Assistant Attorney General
Alaska Bar No. 0612104
Alaska Department of Law
P.O. Box 110300
Juneau, AK 99811-0300
Telephone: 907 465-3600
Facsimile: 907.465.3019
Email: alexander.hildebrand@alaska.gov

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Della Kamkoff, John Andrew, Kayla Birch, Rose Carney, Tereresa Ferguson, Zoya Jenkins, Troy Fender, Rhonda Conover, Autumn Ellanna, and Nataliia Moroz, on behalf of themselves, and all those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Heidi Hedberg, in her official capacity as Commissioner of the Alaska Department of Health,<br><br>    Defendant. | Case No.: 3:23-cv-00044-SLG |

# SECOND STIPULATION FOR STAY AND ORDER

**WHEREAS,** plaintiffs commenced this action pursuant to 42 U.S.C. § 1983 on behalf of applicants and recipients for Supplemental Nutrition Assistance Program ("SNAP") benefits.

**WHEREAS**, by Stipulation of March 1, 2023, ECF 6, the parties preliminarily agreed to stay further proceedings in an effort to see if some or all of the plaintiffs' claims could be resolved without further litigation;

**WHEREAS**, counsel for both parties subsequently met and conferred about possible resolution of these matters on three occasions;

**WHEREAS**, counsel for plaintiffs, counsel for defendants, Department of Health ("DOH") Commissioner Heidi Hedberg, DOH Deputy Commissioner Emily Ricci, Division of Public Assistance ("DPA") Director Deb Etheridge, and other DPA personnel met in person and via videoconference on April 25, 2023, and agreed to further stay this case until October 31, 2023 on the conditions stated below regarding DOH's continuing efforts to address the backlog in processing applications for the Supplemental Nutrition Assistance Program ("SNAP");

**WHEREAS**, through the negotiations of April 25, 2023, the parties have agreed to certification of two plaintiff classes and prepared a separate and contemporaneous stipulation seeking approval of this Court;

**WHEREAS**, the parties believe that this agreement, along with DOH's continuing efforts to address the backlog, will be the most efficient and quickest path to achieving full relief for class members.

**WHEREAS**, plaintiffs agree to this stay only as a means of securing immediate relief for putative class members. The stay does not in any way indicate a lack of diligence on the part of the plaintiffs in pursuing this matter, that the SNAP benefits backlog is resolved, that the SNAP benefits backlog is not continuing to result in ongoing harm for class members, or that the backlog does not require immediate attention.

**IT IS NOW STIPULATED AND AGREED**, by and among the attorneys for the respective parties, that the action is stayed for a period of six (6) months to run from May 1, 2023, following the expiration of the term of the first stay, ECF 8, and the following conditions shall remain in effect during the period of this Stay:

A) DOH will maintain waivers issued by the Food and Nutrition Service ("FNS") of mandatory initial application and certification interviews pursuant to 7 C.F.R. § 273.2(e) and quality control interviews through expiration date of the existing waivers, September 30, 2023. DOH will seek extension of the existing waivers as available from FNS.

B) DOH will fully resume accepting Telephonic Applications for SNAP benefits through the Virtual Call Center ("VCC") using Telephonic Signatures, as approved by FNS, no later than June 1, 2023.

C) DOH will fully implement 12-month SNAP certification periods by July 1,

2023, pursuant to 7 C.F.R. § 273.10(f)(5).

D) DOH will maintain 24-month SNAP certification periods for households where all adult members are elderly or disabled with no earned income, pursuant to 7 C.F.R. § 273.10(f)(1).

E) DOH will continue to require only the minimum verifications required by federal regulation to open a SNAP case, pursuant to 7 C.F.R. § 273.2(f).

F) DOH will continue to use self-attestation to verify housing costs and utility costs, to the extent allowed by federal regulation and FNS.

G) DOH will supplement staffing on the VCC using private contractors. DOH has already entered into a contract for 75 contract employees to assist with answering calls on the VCC. DOH expects all 75 contract employees to have begun work on the VCC no later than July 1, 2023.

H) DOH will devise a DPA staffing plan with the goal to ensure adequate employees are available to process SNAP applications within legally required processing timeframes and will provide information about the staffing plan to Plaintiffs' counsel no later than September 1, 2023.

I) DOH will regularly monitor usage and wait times of VCC callers and update Interactive Voice Response ("IVR") prompts as appropriate to improve efficiency. The IVR will advise callers to pay attention when prompts are changed.

J) DOH will reopen office lobbies on Monday and Friday in the Anchorage,

Wasilla, Fairbanks and Juneau DPA offices by June 1, 2023. DOH will continue to seek staffing solutions so that its other offices can remain accessible to people in need, especially those without computer or telephone access.

K) The parties' attorneys will meet telephonically with Director Etheridge or her designee at least monthly to discuss ongoing issues and progress related to VCC efficiency, hiring efforts, and in-person lobby staffing.

L) DOH will mark and register SNAP applications as of the day DPA receives them, pursuant to 7 C.F.R. § 273.2(c)(1)(iv).

M) DOH will send or provide receipt or written confirmation of initial applications within three business days of being submitted, regardless of how they are submitted.

N) DOH will make continuing effort to process the backlog of applications and recertifications. At minimum, DOH will have cleared the recertification application backlog to fewer than 100 cases by June 1, 2023. And, at minimum, DOH will have cleared at least 50% of the current total SNAP backlog[1] by October 20, 2023. These numbers are minimum numbers, and DOH strives and aspires to exceed them.

O) DOH is currently subject to required data reporting to FNS. DOH will provide

---

[1] The current total SNAP backlog is 10,598 cases, including recertifications and initial applications, as of data provided to FNS by report of April 20, 2023, resulting in a total reduction of 5,299 cases by October 20, 2023.

*Della Kamkoff et. al. v. Heidi Hedberg*  Case No. 3:23-cv-00044-SLG
STIPULATION FOR STAY                                     Page 5 of 11

Case 3:23-cv-00044-SLG   Document 12   Filed 05/02/23   Page 5 of 11

copies of these data reports to the plaintiffs' attorneys within two business days of submission to FNS and have personnel available during the monthly check in calls between counsel to explain how data was gathered and calculated. In the event that FNS changes its current data reporting requirements, the defendants' attorneys will notify the plaintiffs' attorneys and meet telephonically to discuss the data reporting changes within ten business days of implementation of the changed reporting to identify if there is a need for suitable replacement reports and for provision to plaintiffs' counsel on a monthly schedule.

P) Counsel for plaintiffs, counsel for defendants, and key DOH and DPA personnel will meet again no later than October 6, 2023, to explore possible comprehensive settlement of this litigation.

**IT IS FURTHER AGREED THAT:**

1. This stipulation does not constitute an admission of liability by defendant on any claim in this litigation.

2. A change in controlling law or regulation, or a change in FNS direction or guidance to DOH, may contravene some aspect of the terms of this Stay. In the event of such change, each party agrees to notify the other party within 10 business days of becoming aware of such change. The parties agree to meet and confer telephonically within further 10 business days of notification to discuss altering the terms of this Stay in light of the change. In the event that no

agreement is reached, either party may move the Court to alter the terms of this Stay or end the Stay.

3. A failure to comply with the terms of this stay due to severe circumstances beyond the parties' control[2] does not constitute breach of this agreement. The parties also recognize that these agreements are as to policy and procedure, but DOH cannot guarantee that policy and procedures will be followed in all instances. Occasional, inadvertent failures in executing these terms will not be considered breach of this agreement.

4. In the event of breach, or anticipated breach, of this agreement for reasons other than severe circumstances beyond the parties' control, defendant agrees to notify plaintiffs' counsel within five (5) business days of becoming aware of the breach or likely breach. The parties agree to meet and confer within 10 further business days to seek to address the breach in good faith. In the event that the parties cannot agree on how to address the breach within 30 business days of the initial notification, either party may move the Court to alter the terms of this Stay or end the Stay.

5. The parties agree that individual terms of this agreement are severable upon written agreement of the parties or order of the Court without altering the other

---

[2] These may include governmental shutdown, closure of non-essential businesses and governmental operations resulting from a natural disaster, act of war, COVID-19 pandemic or such other health related emergency, or a public safety emergency; or other circumstance resulting in documented and substantial computer system malfunctions, cyberattack, or other similar circumstances.

terms or obligations contained herein.

6. The parties expressly agree that any matters not resolved through the Stipulation on Class Certification are stayed and preserved for future resolution. Should the Court decline to certify the two classes as now proposed, the Motion for Class Certification in its entirety shall be stayed consistent with the provisions of this agreement.

7. In the event that this stay expires without further stipulation by the parties, the defendant's Answer to the Complaint will be due on November 10, 2023. The plaintiffs previously filed a Motion for Preliminary Injunction and Motion for Class Certification in state court, which were subsequently removed to federal court, ECF 7. The defendant's opposition to those motions will be due on the later date of: November 10, 2023, or ten days after the plaintiffs file any supplemental briefing on these motions in this Court. The defendant agrees not to raise the plaintiffs' agreement to this stay as a defense to the motion for a preliminary injunction.

DATED May 2, 2023.

TREG TAYLOR
ATTORNEY GENERAL

|  | By: | /s/ Lael A. Harrison |
|---|---|---|
|  |  | Lael A. Harrison |
|  |  | Assistant Attorney General |
|  |  | Alaska Bar No. 0811093 |

        /s/ Alex J Hildebrand
        Alex J Hildebrand
        Chief Assistant Attorney General
        Alaska Bar No. 0612104

*For defendant*

NORTHERN JUSTICE PROJECT

By:    /s/ Nicholas Feronti
       Nicholas Feronti
       Alaska Bar No. 2106069

*For plaintiffs*

Date:

IT IS SO ORDERED.

_____
United States District Judge

Certificate of Service

I certify that on May 2, 2023 the foregoing STIPULATION FOR STAY was served VIA ECF on:

*Della Kamkoff et. al. v. Heidi Hedberg*         Case No. 3:23-cv-00044-SLG
STIPULATION FOR STAY                            Page 9 of 11

Nicholas Feronti
Northern Justice Project
406 G Street, Suite 207
Anchorage, AK 99501
nferonti@njp-law.com

Goriune Dudukgian
Northern Justice Project
406 G Street, Suite 207
Anchorage, AK  99501
gdudukgian@njp-law.com

CC all pleadings to:
Jim Davis - jdavis@njp-law.com

Saima Akhtar
National Center for Law and Economic Justice
50 Broadway, Suite 1500
New York, NY 10004
akhtar@nclej.org

Margaret D. Craig
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
maggie.craig@us.dlapiper.com

Kelsey Tavares
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
kelsey.tavares@us.dlapiper.com

Christopher M. Young
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
christopher.young@dlapiper.com

Micah A. Chavin
DLA Piper LLP (US)

*Della Kamkoff et. al. v. Heidi Hedberg*  Case No.  3:23-cv-00044-SLG
STIPULATION FOR STAY  Page 10 of 11

1415 L Street, Suite 270
Sacramento, CA 95814-3976
micah.chavin@us.dlapiper.com

Bethany M. Bunge
DLA Piper LLP (US)
845 Texas Avenue, Suite 3800
Houston, Texas 77002
bethany.bunge@us.dlapiper.com

s/ Nomi R. Saxton
Nomi R. Saxton, Law Office Assistant