Goriune Dudukgian, AK Bar No. 0506051
Nicholas Feronti, AK Bar No. 2106069
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
(907) 308-3395 (telephone)
(866) 813-8645 (fax)
Email: gdudukgian@njp-law.com
Email: nferonti@njp-law.com

*Saima Akhtar (New York Bar No. 4661237)
**NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE**
50 Broadway, Suite 1500
New York, NY 10004
(212) 633-6967 (telephone)
(212) 633-6371 (fax)
Email: akhtar@nclej.org

*Margaret D. Craig (Mass. Bar No. 569130)
*Kelsey Tavares (Mass. Bar No. 705934)
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6000 (telephone)
(617) 406-6100 (fax)
Email: maggie.craig@us.dlapiper.com
Email: kelsey.tavares@us.dlapiper.com

*Christopher M. Young (Cal. Bar No. 163319)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-2700 (telephone)
(619) 699-2701 (fax)
Email: christopher.young@dlapiper.com

*Micah A. Chavin (Cal. Bar No. 313634)
**DLA PIPER LLP (US)**
1415 L Street, Suite 270
Sacramento, CA 95814-3976
(916) 930-3200 (telephone)
(916) 930-3201 (fax)
Email: micah.chavin@us.dlapiper.com

*Bethany M. Bunge (Tex. Bar No. 24120730)
**DLA Piper LLP (US)**
845 Texas Avenue, Suite 3800
Houston, Texas 77002
(713) 425-8400 (telephone)
(713) 425-8401 (fax)
Email: bethany.bunge@us.dlapiper.com

*appearing pro hac vice*

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Della Kamkoff, John Andrew, Kayla Birch, Rose Carney, Tereresa Ferguson, Zoya Jenkins, Troy Fender, Rhonda Conover, Autumn Ellanna, and Nataliia Moroz, on behalf of themselves, and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Heidi Hedberg, in her official capacity as Commissioner of the Alaska Department of Health,<br><br>Defendant. | Case No.: 3:23-cv-00044-SLG |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S AMENDED MOTION FOR STAY**

## I.    PRELIMINARY STATEMENT

Thousands of Alaskans have gone hungry, and thousands more are currently going hungry, because of the State of Alaska Department of Health's ("DOH") failure to properly administer the state's Supplemental Nutrition Assistance Program ("SNAP"). In fact, DOH itself admits that it

PLAINTIFFS' OPPOSITION TO DEFENDANT'S AMENDED MOTION FOR STAY
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 2 of 19

Case 3:23-cv-00044-SLG    Document 22    Filed 12/04/23    Page 2 of 19

suffers from a SNAP application "backlog crisis."[1] Worse, this crisis is growing, with the backlog recently swelling to over 12,000 hungry Alaskans, who are all now going into winter without the essential SNAP benefits that they need to purchase food.[2]

This lawsuit seeks to stop Alaskans from going hungry by requiring DOH to follow the SNAP Act, United States Constitution, and Alaska Constitution.[3] The relief Plaintiffs seek is not extraordinary.[4] Plaintiffs simply want DOH to do what the law already requires: timely process SNAP applications, provide proper notice and hearing rights, allow people to apply for SNAP benefits when they contact DOH, and comply with federally-mandated language access requirements.[5] This is the basic roadmap required by federal law to ensure that people in our country are not allowed to go hungry, and DOH, which is entrusted by the federal government and by the People of Alaska with following this roadmap, has fallen short of its responsibilities.

After filing this lawsuit nearly a year ago, Plaintiffs agreed to a short stay because DOH represented that it could come into compliance with the law if given time. Plaintiffs agreed to extend that stay because DOH needed more time to come into compliance. Now, after Plaintiffs declined to agree to a third stay, DOH is asking this Court for more time, up to six months.[6] In support of this request, DOH asks this Court to apply the doctrine of primary jurisdiction, noting

---

[1] Am. Mot. for Stay, ECF No. 21 at 9.

[2] Annie Berman, *Over 12,000 Alaskans Are Waiting on Critical Food Aid as State's New Food Stamp Backlog Swells*, Anchorage Daily News (Dec. 3, 2023), https://www.adn.com/alaska-news/2023/12/03/over-12000-alaskans-are-waiting-on-critical-food-aid-as-states-new-food-stamp-backlog-swells.

[3] Class Action Compl., ECF No. 1-1 at 39–41.

[4] *Id.* at 42–46.

[5] *Id.* at 46.

[6] ECF No. 21 at 9.

that the federal government's Food and Nutrition Service ("FNS") has also turned its attention to Alaska's failure to properly administer the SNAP program via a Corrective Action Plan ("CAP"), which FNS now wishes to amend for continued lack of compliance.[7]

As detailed below, the primary jurisdiction doctrine does not apply here and therefore does not justify a further stay. This lawsuit involves the straightforward enforcement of legal requirements for processing SNAP benefits, brought via a well-recognized private right of action that operates independently of any federal oversight. Further, and in an abundance of caution, even if primary jurisdiction was theoretically proper, the request is still misguided. DOH takes liberties in describing FNS involvement, and ultimately overstates the extent of FNS oversight and how it may impact this case. Similarly, DOH's primary jurisdiction argument also paints with far too broad a brush. DOH raises one potential and partial remedy—that is, FNS, in the scope of its own oversight authority, directing how DOH must clear its backlog—and suggests that this should suffice to stay all litigation across six different legal claims, which cover diverse issues with DOH dysfunction, some of which have little to do with the backlog.

The unfortunate reality is that, for years, DOH has failed to timely process large percentages of SNAP applications.[8] Furthermore, DOH was subject to FNS oversight during those many years of failures. Starving Alaskans do not now need a third stay while, at long last, FNS potentially addresses one part of this case. The hungry people of this state need food. They have well-recognized legal rights, which can be enforced by this Court, and should not be forced to wait for a separate, federal process to play out so that they can eat. This lawsuit should proceed.

---

[7] *Id.* at 14, 28.

[8] Decl. of Nicholas Feronti in Supp. of Pls.' Mot. for Class Certification and Prelimin. Inj., ECF No. 7-13 at 70.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S AMENDED MOTION FOR STAY
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 4 of 19

Case 3:23-cv-00044-SLG   Document 22   Filed 12/04/23   Page 4 of 19

## II. RELEVANT BACKGROUND

DOH admits that its failure to timely process SNAP applications has created "a backlog crisis."[9] Plaintiffs detailed this backlog crisis, as well as many other aspects of DOH's dysfunction, in their complaint and their motion for a preliminary injunction.[10] For the sake of efficiency, Plaintiffs incorporate those allegations and facts here.

DOH's recitations in its *Amended Motion for Stay* are generally correct. For instance, the SNAP Act is indeed a federal law that imposes obligations on DOH, including to timely process SNAP applications, typically within 30 days of receipt.[11] DOH recognizes that, despite such legal obligations, it indeed has had, and still has, large application backlogs.[12] DOH also accurately recognizes that FNS can indeed monitor DOH's administration of Alaska's SNAP program.[13]

However, DOH understates its long failure to timely process SNAP applications before this lawsuit was filed. It also underplays the fact that DOH was long subject to FNS oversight well before this suit was filed. As if this crisis is new, DOH suggests that an application backlog only "began" in "the fall of 2022."[14] In turn, DOH blames regulatory changes after the COVID-19 emergency and "the unusual timing" of the 2022 Permanent Fund Dividend.[15] DOH has also made similar statements to the media.[16] However, DOH's own data shows that its delays in processing

---

[9] ECF No. 21 at 9.

[10] Mem. of Law in Supp. of Mot. for Prelim. Inj., ECF No. 7-19 at 5–14.

[11] ECF No. 21 at 4.

[12] *Id.* at 10, 14.

[13] *Id.* at 5.

[14] ECF No. 21 at 9.

[15] *Id.*

[16] Lori Townsend, *Addressing the SNAP Backlog | Talk of Alaska*, Alaska Public Media (Oct. 31, 2023), https://alaskapublic.org/2023/10/31/talk-of-alaska-addressing-the-snap-backlog/; see 3:58-4:56 of in-article audio.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S AMENDED MOTION FOR STAY
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 5 of 19

Case 3:23-cv-00044-SLG   Document 22   Filed 12/04/23   Page 5 of 19

applications occurred for many years before "the fall of 2022."[17] Meanwhile, FNS oversight, which DOH suggests is cause for a stay, existed throughout these many years of substantial delays.[18] And yet this crisis still exists.

Second, DOH also understates the delays in litigation Plaintiffs reluctantly agreed to after this lawsuit was filed, and throughout which it was still subject to FNS oversight. This lawsuit was filed on January 20, 2023.[19] After service of process, the parties agreed to a first stay until May 1, 2023.[20] Then, the parties agreed to a second stay until November 1, 2023.[21] Now, DOH's *Amended Motion for Stay* has the practical effect of creating a *further* stay, as DOH is not responding to any of Plaintiffs' initial filings until it is resolved. On top of that, DOH now seeks a third stay of up to six more months.[22] Thus, with DOH's proposal, this lawsuit, which began in January 2023, may begin in earnest sometime around July 2024. Meanwhile, FNS oversight has existed throughout

---

[17] ECF No. 7-13 at 70. Examples abound. From July 2021 to June 2022, DOH timely processed 78.9% of initial applications and 68% of recertifications. ECF No. 7-13 at 70. Or, from July 2020 to June 2021, DOH timely processed 61.5% of initial applications and 53.7% of recertifications. *Id.* Or, from July 2017 to June 2018, DOH timely processed 68.4% of recertifications. *Id.* Throughout the 2010's, DOH timely processed as few as 69.4% of initial applications (in state fiscal year 2015), or as few as 51.5% of recertifications (in state fiscal year 2017). *See https://web.archive.org/web/20210102205820/http://dpaweb.hss.state.ak.us/files/reports/DPA_All_Measures_YTD.pdf* at 2.

[18] While DOH recaps FNS's authority to monitor state SNAP systems (ECF No. 21 at 3-6), this authority did not newly arise in 2022; it existed throughout the years of the above-noted delays.

[19] DOH misstates that this lawsuit was filed on February 20, 2023. ECF No. 21 at 16. However, this lawsuit was filed on January 20, 2023. Class Action Compl., ECF No. 1-1. DOH also misstates the date that it removed this lawsuit. *Compare* ECF No. 21 at 17 *with* Def.'s Notice of Removal, ECF No. 1.

[20] Stipulation, ECF No. 6 at 2.

[21] Second Stipulation for Stay and Order, ECF No. 12 at 3.

[22] ECF No. 21 at 28.

this year of delayed litigation.[23] Through it all, the people of Alaska still do not have timely or proper access to food.

Third, DOH talks around its failure to comply with the second stay. The *Second Stipulation for Stay and Order* required DOH to, *inter alia,* clear its backlog from 10,598 to 5,299 applications by October 20, 2023.[24] However, DOH failed to comply, by thousands.[25] Worse, DOH tries to massage this by saying that it complied by reducing a "then-existing backlog," but now has a different, "new backlog."[26] In reality, thousands of Alaskans remain hungry, without SNAP benefits, in a DOH backlog, including thousands more unprocessed cases than DOH promised Plaintiffs and this Court would be in the backlog by October 20, 2023.[27] In fact, the backlog crisis is even larger now than it was when this case was stayed back in May 2023.[28]

Fourth, after understating its years of delays while DOH was already subject to FNS oversight, DOH also inflates the significance of current FNS oversight. DOH intimates that it could soon face "significant monetary sanctions" or an injunction from FNS, and that this Court might interfere with that.[29] However, DOH gives no insight on why any of this is now imminent, after

---

[23] *Id.* at 10.

[24] ECF No. 12 at 5.

[25] On October 31, 2023, DOH told the media that it had a "newer backlog" of "over 7,000" applications. Lori Townsend, *Addressing the SNAP Backlog | Talk of Alaska*, Alaska Public Media (Oct. 31, 2023), https://alaskapublic.org/2023/10/31/talk-of-alaska-addressing-the-snap-backlog/; *see* 6:44-6:57 of in-article audio.

[26] ECF No. 21 at 18–19.

[27] As of December 3, 2023, DOH stated that the backlog was up to 12,000 cases. Annie Berman, *Over 12,000 Alaskans Are Waiting on Critical Food Aid as State's New Food Stamp Backlog Swells*, Anchorage Daily News (Dec. 3, 2023), https://www.adn.com/alaska-news/2023/12/03/over-12000-alaskans-are-waiting-on-critical-food-aid-as-states-new-food-stamp-backlog-swells.

[28] *Id.*

[29] *Id.* at 3, 7.

all these years. As for FNS injunctive relief, DOH fails to cite an example of this happening in any state, or offer any facts suggesting that FNS is considering it here. As for FNS fines, DOH's own exhibits show that, before it can be fined, FNS must first eventually change the CAP's terms, and DOH must then violate those CAP terms, and FNS must then issue an "advance warning," and FNS must then issue a "formal warning," and only then, after continued violations, will DOH be subject to monetary sanctions from FNS.[30] This pace is glacial. In truth, even if FNS were poised to impose penalties on DOH for SNAP operational problems, it would not interfere with this Court's power to adjudicate the case.[31]

Fifth, DOH ignores Plaintiffs' claims about language access, which are raised in this lawsuit but which have not been raised by FNS. Plaintiffs' complaint has factual allegations on language access,[32] proposes certification of a language access class,[33] notes legal obligations about language access,[34] and makes a legal claim about the same.[35] Plaintiffs also already sought class certification and preliminary relief on language access.[36] DOH knows this.[37] However, in trying to re-stay this case, DOH fails to provide even generalities on language access, let alone specifics

---

[30] Mem. from the USDA on Suppl. Nutrition Assistance Program (SNAP)—Updated Guidance for Improving State Agency Appl. Processing Timeliness Rates: Standardizing the Escalation Process, ECF No. 17-1 at 1–9, 55–56.

[31] *See* Point III. B. *infra*.

[32] ECF No. 1-1 at 22–25.

[33] *Id.* at 6.

[34] *Id.* at 15–16.

[35] *Id.* at 39–40.

[36] Mem. of Law in Supp. of Mot. for Class Certification, ECF No. 7-18; ECF No. 7–19.

[37] ECF No. 21 at 16–17.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S AMENDED MOTION FOR STAY
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 8 of 19

Case 3:23-cv-00044-SLG   Document 22   Filed 12/04/23   Page 8 of 19

on what could require a stay of language access litigation.[38] Even if FNS provides more guidance on how DOH should clear its backlog, that will not impact language access.

Sixth, DOH similarly ignores Plaintiffs' claims about their right to apply for SNAP, and their right to notices and fair hearings, which FNS does not address in its CAP. Plaintiffs' complaint has detailed allegations about all of this too.[39] And Plaintiffs extensively briefed all of this when seeking a preliminary injunction as well.[40] Yet, again, DOH gives no insight on how FNS guidance on the backlog could or should impact these separate issues.

## III. ARGUMENT

### A. The primary jurisdiction doctrine does not apply.

The primary jurisdiction doctrine is inapplicable here. Primary jurisdiction is a prudential doctrine that may apply where "a court determines that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch."[41] The doctrine is only properly invoked in a "limited set of circumstances"—when a claim "requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed

---

[38] DOH actually seems to concede that it has no reason for staying litigation on the plaintiffs' language access claims. ECF No. 21 at 27. Instead, DOH just makes a conclusory claim that language access is a "related issue" and that staying it will not prejudice anyone. *Id.*

[39] ECF No. 1-1 at 39–41.

[40] ECF No. 7-19 at 24–29.

[41] *Cal. Hosp. Ass'n v. Maxwell-Jolly*, 776 F. Supp. 2d 1129, 1156 (E.D. Cal. 2011) (quoting *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008)).

to a regulatory agency."[42] Invocation is a matter of court discretion and is not required.[43]

The Supreme Court first articulated the doctrine of primary jurisdiction in a case where it reserved the task of setting reasonable railway rates to the Interstate Commerce Commission pursuant to express Congressional authority.[44] Cases cited by DOH in which the Ninth Circuit reserved novel or technically complex matters to administrative agencies for reasons of primary jurisdiction include those where: the FDA's expert advice would be useful as to the meaning and use of the undefined term "natural" to determine whether a cosmetic product advertisement was false or misleading[45]; the FTC's expert advice would be useful to determine whether disputed conduct constituted "slamming" under the Telecommunications Act of 1996[46]; and the U.S. Copyright Office's expert advice would be useful to determine whether a particular and novel means of code qualified as a registration under the Copyright Act.[47] Each of these cases presented a novel question of first impression in which the respective agency had special expertise and was better suited to weigh in before the court got involved. There is no similar novel or technical question presented here, nor specialized expertise of FNS required.[48] Courts regularly consider claims concerning SNAP Act violations such as the claims here.

---

[42] *Id.*; *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 760 (9th Cir. 2015).

[43] *Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307 F.3d 775, 780–81 (9th Cir. 2002) ("The doctrine of primary jurisdiction is not equivalent to the requirement of exhaustion of administrative remedies.").

[44] *Texas & Pac. Ry. Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426 (1907).

[45] *Astiana*, 783 F.3d 753.

[46] *Clark*, 523 F.3d 1110.

[47] *Syntek Semiconductor Co., Ltd.*, 307 F.3d 775.

[48] Worse for DOH, even if this Court were faced with a novel issue about public benefit administration, defaulting to primary jurisdiction could still be improper. *Rosado v. Wyman*, 397 U.S. 397, 407 (1970).

*1. The SNAP issues raised by Plaintiffs' claims are not matters of first impression, nor do they raise issues requiring the specialized competence of FNS.*

Claims regarding state failures to distribute SNAP benefits or process SNAP applications within the time frames set forth under the federal SNAP Act (7 U.S.C. §§ 2011-2036) are far from matters of first impression.[49] Courts have routinely issued declaratory and injunctive relief in instances where state agencies have failed to comply with the SNAP Act and controlling federal regulations. The fact that numerous federal cases have decided SNAP timeliness claims, "is evidence in and of itself that this is not an issue of first impression" and that a claim does not raise particularly complicated issues that should be decided by an agency.[50]

Plaintiffs' claims present no issue of first impression or complex issue committed to the specialized knowledge of FNS. Plaintiffs' claims under the SNAP Act include DOH's failure to

---

[49] *See, e.g.*, *Booth v. McManaman*, 830 F. Supp. 2d 1037 (D. Haw. 2011) (issuing preliminary injunction requiring the Hawaii Department of Human Services to process SNAP applications and issue benefits within federally mandated time frames); *M.K.B. v. Eggleston*, 445 F. Supp. 2d 400, 442 (S.D.N.Y. 2006) (issuing preliminary injunction requiring improvements in computer programs, provision of more and better training, and review and correction of instructional material to ensure compliance with Food Stamp Act requirements for prompt determination of eligibility and provision of benefits); *Reynolds v. Giuliani*, 35 F. Supp. 2d 331, 337–48 (S.D.N.Y. 1999) (issuing injunction to comply with statutory timeliness and notice requirements) *injunction upheld* 506 F.3d 183 (2d Cir. 2007); *Robidoux v. Kitchel*, 876 F. Supp. 575, 579 (D. Vt. 1995) (finding that "*the law requires full compliance*, absent a maximum of human error" where around 10% of applications were processed outside of the legal time limit and issuing injunctive relief to plaintiffs); *Robertson v. Jackson*, 766 F. Supp. 470 (E.D. Va. 1991) (enjoining the defendant to process *all* applications within the requirements contained in federal law, among other obligations); *Harley v. Lyng*, 653 F. Supp. 266 (E.D. Penn. 1986) (issuing declaratory and injunctive relief to require that the agency come in compliance with the Food Stamp Act); *Haskins v. Stanton*, 621 F. Supp. 622, 630 (N.D. Ind. 1985) (issuing preliminary injunction ordering agency to comply with statutory application timeliness, right to file, and bilingual services requirements).

[50] *Cal. Hosp. Ass'n*, 776 F. Supp. 2d at 1156 (internal quotations omitted) (holding that prior court decisions requiring federal approval of state Medicaid plan amendments established that such federal approval claims do not present particularly complicated issues that should be decided by the Centers for Medicare and Medicaid Services).

PLAINTIFFS' OPPOSITION TO DEFENDANT'S AMENDED MOTION FOR STAY
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 11 of 19

Case 3:23-cv-00044-SLG   Document 22   Filed 12/04/23   Page 11 of 19

process initial and recertification applications for SNAP within the time frames mandated by federal law in violation of 7 U.S.C. § 2020(e)(3)-(4), (9); failure to ensure that Alaskans can submit an application for SNAP on the first day they contact the agency in violation of 7 U.S.C. § 2020(e)(2)(B); failure to provide interpretation services, bilingual personnel, or translated written certification materials necessary for SNAP participation in violation of 7 U.S.C. § 2020(e)(1)(B); and failure to provide written notice and opportunity to request a fair hearing to SNAP applicants whose eligibility was not determined within the legally mandated timeframes in violation of 7 U.S.C. § 2020(e)(10).[51] The mere fact that state compliance with federal SNAP timeliness requirements has been widely adjudicated demonstrates that Plaintiffs' claims do not raise novel or complicated issues committed to FNS by Congress or that fall under FNS's special competence.

Further, contrary to DOH's assertion, the four-factor test from *Astiana* is not met here.[52] Under *Astiana*, a court may stay pending litigation under the primary jurisdiction doctrine if: (1) there is a need to resolve an issue; (2) that has been placed by Congress within the jurisdiction of an administrative body having regulatory authority; (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority; and that (4) requires expertise or uniformity in administration.[53] None of these factors weigh in favor of a stay.

Rather, this action involves a straightforward request that the Court enforce compliance with federal law, and resolution is well within the Court's expertise. It requires little technical expertise to know whether DOH has processed applications in a timely manner or offered language access as required under the law. Furthermore, additional delay will impact benefits that could be

---

[51] ECF No. 1-1 at 38–39.

[52] 783 F.3d at 760.

[53] *Id.*

a matter of life or death. For this reason, in addition to Plaintiffs' request for declaratory and injunctive relief, Plaintiffs filed a motion for preliminary injunction, asking this Court to rule quickly so that Alaskans can access the benefits they need.[54]

### B. Any further stay would needlessly delay the resolution of claims.

In the Ninth Circuit, "efficiency" is the "deciding factor" in whether to invoke primary jurisdiction.[55] To that end, courts must consider whether invoking primary jurisdiction would needlessly delay the resolution of claims.[56] DOH has no concrete timeline for FNS's amendment of the CAP. Although DOH has provided Plaintiffs and the Court with a variety of estimates, by its own admission, DOH does not actually know how long FNS will take to issue an amended CAP or what the contents of that amended CAP will be. Asking the Court to defer its authority indefinitely to accommodate such an amorphous development is against the interests of efficiency.[57]

---

[54] *See e.g.*, *Booth*, 830 F. Supp. 2d 1037 (finding that the harm the plaintiffs faced greatly outweighed any burden the defendant may face to comply with federal law and granting plaintiffs' preliminary injunction); *Southside Welfare Rights Org. v. Stangler*, 156 F.R.D. 187 (W.D. Mo. 1993) (finding that plaintiffs had a right to apply for food stamps and issuing preliminary injunction to defendants to comply with the Food Stamp Act and implement regulations concerning process access and processing issues); *Hess v. Hughes*, 500 F. Supp. 1054 (D. Md. 1980) (preliminarily enjoining defendants from failing to comply with the requirements of the Food Stamp Act as to screening for expedited service and processing applications within 30 days).

[55] *Astiana*, 783 F.3d at 760 (citing *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1165 (9th Cir. 2007)).

[56] *Id.* (citing *Reid v. Johnson & Johnson*, 780 F.3d 952 (9th Cir. 2015)).

[57] *See Meyer v. Bebe Stores, Inc.*, No. 14-cv-00267-YGR, 2015 U.S. Dist. LEXIS 33026, *14 (N.D. Cal. Mar. 17, 2015) ("the importance of expeditiously resolving a case cuts against issuing a stay where, as here, the timeline for a ruling from the FCC is uncertain and such a ruling—potentially involving substantially different circumstances—may ultimately be of little utility to the Court in adjudicating the present dispute.").

**C. The SNAP Act allows for private enforcement wholly separate and apart from oversight by FNS.**

DOH's discussion of primary jurisdiction seems to suggest that the Court should defer to FNS to determine the outcome of this case but ignores the reality that the SNAP Act is judicially enforceable through a private right of action under 42 U.S.C. § 1983, wholly separate and apart from FNS's oversight functions. Courts have recognized a private right of action under § 1983 for the SNAP Act.[58] Congress designed the SNAP Act to be enforced in tandem both via § 1983 and through administrative enforcement by FNS. The United States Department of Justice, itself writing on behalf of United States Department of Agriculture, stated that "[e]nforcement under § 1983 complements administrative enforcement."[59] In *Briggs v. Bremby* the plaintiffs alleged that the state agency had failed to process SNAP applications on a timely basis—identical to the claim in this case.[60] In supporting the private enforcement of the SNAP Act under § 1983, USDA acknowledged that it alone cannot enforce the requirements of SNAP, and that private enforcement actions "assist[] the agency's efforts to bring states into compliance with the statute and regulations."[61]

---

[58] 792 F.3d 239, 241 (2d Cir. 2015); *see also Gonzalez v. Pingree*, 821 F.2d 1526, 1527 (11th Cir. 1987); *Victorian v. Miller* 813 F.2d 718, 719–20 (5th Cir. 1987); *Barry v. Lyon*, 834 F.3d 706, 717 (6th Cir. 2016) (7 U.S.C. § 2014(a) is privately enforceable); *Garnett v. Zeilinger*, 323 F. Supp. 3d 58, 73 (D.D.C. 2018).

[59] *Brief for the United States as Amicus Curiae* at 18, *Briggs v. Bremby*, 792 F.3d 239 (2d Cir. 2015).

[60] 792 F.3d 239.

[61] *Brief for the United States as Amicus Curiae* at 18, *Briggs v. Bremby*, 792 F.3d 239 (2d Cir. 2015).

Furthermore, regulations enacted by FNS expressly contemplate individual enforcement against administering states.[62] This regulation specifically directs state agencies to inform FNS when a suit has been filed against them.[63] The purpose of this notice is to allow FNS the opportunity to request to join the suit if it so wishes.[64] FNS has not indicated that it wishes to be involved in the case at hand.

Relatedly, Plaintiffs also seek to vindicate procedural due process claims under both the United States Constitution and the Alaska Constitution.[65] Public benefit applicants have long litigated such claims in federal courts around the country,[66] and before the Alaska Supreme Court.[67] As with Plaintiffs' SNAP Act claims, DOH also provides no compelling reason for why two constitutions should be subordinate to an FNS CAP.

**D. DOH's arguments to apply the primary jurisdiction doctrine attempt to remedy the claims prematurely.**

DOH does not argue that the primary jurisdiction doctrine applies because FNS is uniquely positioned to evaluate the viability of Plaintiffs' claims; instead, DOH asks the Court to invoke the doctrine to determine how best to "resolve the SNAP backlog."[68] By suggesting that the Court defer to the agency to use its "expertise and authority to craft the resolution of this situation that it

---

[62] *See* 7 C.F.R. § 272.4(d)(1)(i).

[63] *Id.*

[64] *Id.*

[65] ECF No. 1-1 at 39–41.

[66] ECF No. 7-19 at 25 (sampling cases).

[67] *See, e.g.*, *Baker v. State, Dep't of Health & Hum. Servs.*, 191 P.3d 1005, 1010 (Alaska 2008); *Allen v. Dep't of Health & Soc. Servs., Div. Of Pub. Assistance*, 203 P.3d 1155, 1166–67 (Alaska 2009).

[68] Mot. for Stay, ECF No. 17 at 21.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S AMENDED MOTION FOR STAY
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 15 of 19

Case 3:23-cv-00044-SLG   Document 22   Filed 12/04/23   Page 15 of 19

considers best," DOH leaves Plaintiffs unsure of which claims a resolution through FNS will address, and it wholly fails to discuss the claims that FNS has not raised thus far.[69] DOH has jumped ahead in the litigation process, and is confusing remedies with legal claims.

Staying the case to allow DOH time to present a resolution without first determining what needs to be resolved makes little sense. The sole claim that DOH addresses in any level of detail in its motion is the timeliness claim.[70] DOH does not substantially address Plaintiffs' right to file claims or language access claim.[71] Furthermore, DOH's engagement of FNS on this issue and ameliorative efforts under the April 10, 2023 CAP do not deprive the Court of its authority to determine the questions before it or require the Court to grant another stay. An agency's ameliorative measures to improve its administration of SNAP do not render an action regarding the agency's noncompliance moot or require that a Court refrain from hearing and ruling.[72] There is no reason why DOH could not continue to work on its amended CAP while this case proceeds. In fact, concurrent resolution would be most efficient and best serve the interests of Alaskans.

Finally, as a practical matter, to the extent that this Court is worried about any overlap with potential FNS enforcement, it can clarify that any preliminary relief that it issues is subject to modification if FNS later imposes new obligations on DOH that would contravene or otherwise impede compliance with the terms the Court imposes, and if DOH can show why the new FNS obligations cannot be satisfied contemporaneous with any judicially ordered relief. Relatedly, this Court can also fashion relief that accounts for DOH's apparent concern that it will have to decide

---

[69] ECF No. 17 at 21.

[70] ECF No. 1-1 at 38.

[71] ECF No. 1-1 at 38–39.

[72] *Booth*, 830 F. Supp. 2d at 1042.

between timely processing new applications or clearing its backlog of old applications. For instance, this Court could order DOH to either satisfy a monthly goal for timely processing applications or, alternatively, a monthly goal for clearing its backlog. This could prevent any conflict, real or contrived, with any new CAP terms from FNS.

## IV.  CONCLUSION

Plaintiffs tried to work with DOH to resolve this case in two prior stays.[73] Yet, a needless crisis of hunger persists in Alaska. This lawsuit does not now need to be stayed, for a third time, for six more months, to give FNS time to potentially add terms to a CAP document about how DOH should approach a crisis that has been repeating itself for years, especially when FNS involvement will only address the minimum that DOH must do to start remedying just one aspect of its misconduct.

Instead, this lawsuit should proceed. Plaintiffs should now be allowed to enforce, via well-recognized private rights of action, the fundamental legal requirements DOH must follow to enable Alaskans to apply for and receive SNAP benefits. Vindicating such vital rights is a task well-suited for this Court, and this Court need not wait for FNS instruction to ensure that hungry Alaskans receive the food that they deserve, and that they are entitled to by law. For all the aforementioned reasons, Plaintiffs respectfully request that the stay be denied in full.

DATED this 4th day of December, 2023 at Anchorage, Alaska.

Attorneys for Plaintiffs

/s/ Nicholas Feronti
Nicholas Feronti, AK Bar No. 2106069
Goriune Dudukgian, AK Bar No. 0506051
**NORTHERN JUSTICE PROJECT, LLC**

---

[73] ECF Nos. 6, 12.

406 G Street, Suite 207
Anchorage, AK 99501
(907) 308-3395 (telephone)
(866) 813-8645 (fax)
Email: gdudukgian@njp-law.com
Email: nferonti@njp-law.com

*Saima Akhtar (New York Bar No. 4661237)
**NATIONAL CENTER FOR LAW AND
ECONOMIC JUSTICE**
50 Broadway, Suite 1500
New York, NY 10004
(212) 633-6967 (telephone)
(212) 633-6371 (fax)
Email:akhtar@nclej.org
berger@nclej.org

*Margaret D. Craig (Mass. Bar No. 569130)
*Kelsey Tavares (Mass. Bar No. 705934)
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Tel.: (617) 406-6000
Fax: (617) 406-6100
Email:maggie.craig@us.dlapiper.com
kelsey.tavares@us.dlapiper.com

*Christopher M. Young (Cal. Bar No. 163319)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel.: (619) 699-2700
Fax: (619) 699-2701
christopher.young@dlapiper.com

*Micah A. Chavin (Cal. Bar No. 313634)
**DLA PIPER LLP (US)**
1415 L Street, Suite 270
Sacramento, CA 95814-3976
Tel.: (916) 930-3200
Fax: (916) 930-3201
Email: micah.chavin@us.dlapiper.com

*Bethany M. Bunge (Tex. Bar No. 24120730)
**DLA Piper LLP (US)**

PLAINTIFFS' OPPOSITION TO DEFENDANT'S AMENDED MOTION FOR STAY
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 18 of 19

Case 3:23-cv-00044-SLG   Document 22   Filed 12/04/23   Page 18 of 19

845 Texas Avenue, Suite 3800
Houston, Texas 77002
Tel.: (713) 425-8400
Fax: (713) 425-8401
Email: bethany.bunge@us.dlapiper.com

*appearing pro hac vice*

Attorneys for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANT'S AMENDED MOTION FOR STAY
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 19 of 19

Case 3:23-cv-00044-SLG   Document 22   Filed 12/04/23   Page 19 of 19