IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LEHUA BOOTH, on behalf of herself, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PATRICIA McMANAMAN, in her official capacity as Director of the Department of Human Services, State of Hawai`i,<br><br>Defendant. | CIVIL NO. 10-00680 DAE-LEK<br><br>**PRELIMINARY INJUNCTION ORDER** |

**PRELIMINARY INJUNCTION ORDER**

WHEREAS, Plaintiffs brought this action under 42 U.S.C. § 1983, alleging that Defendant has failed, is failing, and will continue to fail to process SNAP applications within the times prescribed by the SNAP Act and implementing regulations;

WHEREAS, Plaintiffs sought preliminary injunctive relief against Defendant, on behalf of themselves and members of the class, to require Defendant to process all SNAP applications within thirty days, or seven days for those qualified for expedited processing;

WHEREAS, on February 11, 2011, this Court granted class certification; and

WHEREAS, on November 16, 2011, this Court granted Plaintiffs' motion for a preliminary injunction.

A.   DEFINITIONS

1. "Act" or "Food Stamp Act" means the Food Stamp Act, 7 U.S.C. § 2011 *et seq.*, and its implementing regulation, 7 C.F.R. §§ 271-283.  Effective October 1, 2008, the federal Food Stamp Program was renamed the Supplemental Nutrition Assistance Program (SNAP) and the federal Food Stamp Act was renamed the Food and Nutrition Act of 2008.  Sections 4001 and 4002 of P.L. 110-246.

2. "Order" means this Preliminary Injunction Order.

3. "Applicant" means any person or household who applies for SNAP benefits (also referred to herein as "Food Stamps") including initial applications and expedited applications.

4. "Application" means an initial application for Food Stamps and includes applications by households that qualify for expedited processing.

5. "Federal processing time-frame" means the requirement that a state agency shall:

    a. Promptly determine the eligibility for Food Stamps of each applicant household so as to complete certification and provide Food Stamps retroactive to the period of application to any eligible household not later than thirty days following its filing of an application. 7 U.S.C. § 2020(e)(3) and 7 C.F.R. §§ 273.2(a)(2), (g)(1).

    b. Provide expedited issuance of Food Stamps no later than seven days after the date of application to any qualifying household. 7 U.S.C. § 2020(e)(9)(A) and 7 C.F.R. §§ 273.2(a)(2), (i)(2), (i)(3)(i).

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED:

1. Within twelve (12) months after the date of this Order, Defendant shall be in full compliance with 7 U.S.C. § 2020(e)(3) and 7 C.F.R. §§ 273.2(a)(2), (g)(1), which require Defendant to promptly determine the eligibility for SNAP benefits of each applicant household so as to complete certification and provide SNAP benefits retroactive to the period of application to any eligible household not later than

       thirty days following its filing of an application and 7 U.S.C. § 2020(e)(9)(A) and 7 C.F.R. §§ 273.2(a)(2), (i)(2), (i)(3)(i), which require that Defendant provide expedited issuance of SNAP benefits no later than seven days after the date of application to any qualifying household.

2. For purposes of this Order, full compliance shall mean Defendant is meeting the federal processing time-frame in all cases except those individual and isolated instances of delay that occur inevitably in an agency such as Defendant's. To account for these isolated instances of error, a 5 percent margin of error will be allowed and Defendant shall be considered in full compliance with the terms of this Order if Defendant achieves at least a 95 percent timely processing percentage.

3. In addition, Defendant shall determine the eligibility for SNAP benefits for each applicant household so as to complete certification and provide SNAP benefits retroactive to the period of application not later than thirty days following its filing of an application and provide expedited issuance of SNAP benefits no later than seven days after the date of application to any qualifying household for:

    **a.**    80 percent of all SNAP applicant households by April 30, 2012;

    **b.**    85 percent of all SNAP applicant households by July 31, 2012;

    **c.**    90 percent of all SNAP applicant households by October 31, 2012;

    **d.**    Full compliance as defined by paragraphs 1 and 2 of this Order by December 31, 2012.

**4.**    During the term of this Order, Defendant shall provide Plaintiffs' counsel with the following monitoring reports within fifteen (15) days of the end of the month being monitored:

    **a.**    A report noting the number of applications received in the month, by local office and statewide;

    **b.**    A report noting the number of application determinations made in the month, statewide and subdivided by office where filed showing:

        **i.**    Whether the applicant was entitled to expedited food stamp processing;

        **ii.**    Whether the application was timely processed; and

        **iii.**    Whether the application was approved or denied.

 **c.** A report indicating the number of recertification determinations made in the month, statewide and subdivided by office where filed showing whether the recertification was timely processed.

 **d.** For each office, a report indicating the number of application determinations that were untimely subdivided by the extent of the delay as follows, for unexpedited applications indicating when they are determined 31-40 days from date of application, 41-50 days from date of application, 51-60 days from date of application, and more than 61 days from date of application and for expedited applications indicating when they are 8-19 days from date of application, 20-30 days from date of application, 31-60 days from date of application, and more than 61 days from date of application.

 **e.** If for any month, the percentage of applications that are denied exceeds the percentage of applications that were denied in the prior month by more than five percent, then Defendant shall select a random sample of 100 cases drawn from the total number of cases denied for the

6

month in which the percentage of applications that are denied exceeds the percentage of applications that were denied in the prior month by more than five percent as well as the two months preceding that month. Defendant shall review each case to determine whether the denial was correct. Defendant shall develop a corrective action plan for individual cases found to be incorrectly denied and a systemic corrective action plan to address patterns of error. Defendant shall provide Plaintiffs' counsel a report describing the results of the reviews and any corrective action plan undertaken within 60 days after the end of the month in which the sample was drawn.

5. Upon the date of this Order, Defendant will provide a mechanism by which Plaintiffs' counsel, or their designees, may bring to the attention of Defendant those instances in which it appears that an eligibility determination was not made timely in accordance with applicable federal time-frames. Defendant shall investigate the alleged violation and advise Plaintiffs' counsel or designee, as applicable, of the result of said investigation within 3 business days.

7

6. Defendant shall post and maintain in the public waiting area(s) of each SNAP office operated under its control a poster in a format and with language to be agreed to by the parties that shall inform applicants of: (a) their right to apply for SNAP benefits or to have their eligibility recertified; and (b) the time-frames for processing applications and recertifications. The poster shall be in English, Chinese, Ilocano, Korean, and Vietnamese. To the extent that Defendant already provides that information in a poster, that poster will be deemed to satisfy the obligation under this paragraph so long as Defendant continue to use that poster. Defendant shall also provide notice of (a) and (b) in English, Chinese, Ilocano, Korean, and Vietnamese in a format and with language to be agreed upon by the parties on any website under their control and from which households can file applications electronically.

7. The Court shall retain jurisdiction of this matter for all purposes until Defendant is in full compliance and until this action is dismissed. This Order shall remain in effect until June 30, 2013. No later than July 15, 2013, the parties shall request that the Court set this matter for a status conference. At the status

8

conference, the parties may inform the Court of their intent to file an order of dismissal of this action pursuant to Federal Rule of Civil Procedure 41 or a proposed order on consent disposing of this action if such action is warranted.  Any such order submitted shall be subject to review by the Court pursuant to Federal Rule of Civil Procedure 23.

8. Upon the failure of the parties to agree to request an order consistent with paragraph 7 of this Order, Defendant may move to dismiss this matter.  If Defendant moves to dismiss this matter, it shall have the burden of persuading the Court that it has fully complied with the requirements of this Order.  Plaintiffs shall also have 60 days to respond to Defendant's motion.  If the Court decides not to dismiss the matter, it shall place this action upon the trial calendar as provided by Federal Rule of Civil Procedure 40 and shall require all pre-trial procedures as it see fit.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 23, 2012.



_____
David Alan Ezra
United States District Judge