# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DELLA KAMKOFF, *et al.*,

                    Plaintiffs,

      v.

HEIDI HEDBERG, in her official capacity as Commissioner of the Alaska Department of Health,

                Defendant.

Case No. 3:23-cv-00044-SLG

## ORDER RE AMENDED MOTION FOR STAY, MOTION FOR CLASS CERTIFICATION, AND MOTION FOR PRELIMINARY INJUNCTION

Before the Court at Docket 21 is Defendant's Amended Motion for Stay.[1] Plaintiffs responded in opposition at Docket 22, to which Defendant replied at Docket 23. A previous stay in this case expired on October 31, 2023.[2] Thus, also ripe are Plaintiffs' Motion for Class Certification at Docket 7-21—with respect to the Language Access Class only[3]—and Plaintiffs' Motion for Preliminary Injunction at Docket 7-22.[4] Oral argument was not requested for any of these motions and was not necessary to the Court's determinations at this time.

---

[1] Defendant's original Motion for Stay is at Docket 17.

[2] *See* Docket 14.

[3] Pursuant to the parties' stipulation, the Court has certified two subclasses: an Untimely Eligibility Class and a Right to File Class. There has been no stipulation for certification as to the proposed Language Access Class. *See* Docket 13; Docket 15.

[4] *See also* Docket 7-18 (Mem. of Law in Supp. of Mot. for Class Certification); Docket 7-19

# BACKGROUND

This case is about the State of Alaska's ("State") administration of the federally funded Supplemental Nutrition Assistance Program ("SNAP" or "Program"), which was established by the Food Stamp Act of 1964.[5] The Program, codified at 7 U.S.C. §§ 2011-2036d, is meant "to safeguard the health and well-being of the Nation's population by raising levels of nutrition among low-income households."[6] The Program is overseen by the Food and Nutrition Service ("FNS") within the U.S. Department of Agriculture ("USDA").[7] In Alaska, the Department of Health ("DOH"), Division of Public Assistance ("DPA"), administers the Program.[8] Households must meet certain eligibility requirements and apply to participate in the Program, which is administered by the states in accordance with federal laws and regulations.[9] The regulations provide for numerous procedures in administering the Program, including application processing procedures and

---

(Mem. of Law in Supp. of Mot. for Prelim. Inj.).

[5] *See* Docket 1-1 at ¶¶ 1-4, 32-37; Food Stamp Act of 1964, Pub. L. No. 88-525, § 4, 78 Stat. 703, 704 (1964). Originally called the Food Stamp Program, the program was renamed in 2008 to the Supplemental Nutrition Assistance Program. *See* Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, §§ 4001-02, 122 Stat. 1651 (2008).

[6] 7 U.S.C. § 2011.

[7] *See* 7 C.F.R. §§ 271.2, 271.3(a).

[8] *See* Alaska Department of Health, Division of Public Assistance, *Supplemental Nutrition Assistance Program (SNAP)*, https://health.alaska.gov/dpa/Pages/SNAP/default.aspx (last visited Jan. 23, 2024).

[9] *See* 7 U.S.C. §§ 2014, 2020; 7 C.F.R. § 271.1 *et seq.*

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Amended Motion for Stay, Motion for Class Certification, and Motion for Preliminary Injunction
Page 2 of 14

timelines, and language access requirements, among other things.[10]  If a state is not in compliance with the federal regulations, then the Secretary of the USDA will give the state a period of time to correct the failures, but if the failures continue, the federal government may seek injunctive relief requiring compliance.[11]  Courts have also recognized a private right of action pursuant to 42 U.S.C. § 1983.[12]

Plaintiffs bring this suit on behalf of themselves and "three proposed classes of similarly situated low-income Alaskans," which consist of (1) an "Untimely Eligibility Class," "comprised of all Alaska residents who since January 20, 2021 have applied, are applying, or will apply for SNAP benefits through an initial application or an application for recertification and did or will not receive an eligibility determination within the legally required timeframes"; (2) a "Right to File Class," "comprised of all Alaska residents who since January 20, 2021, were or will be denied the right to file a SNAP application the first time they contact the agency"; and (3) a "Language Access Class," "comprised of all Alaska residents with limited English proficiency who since January 20, 2021, did or will not receive

---

[10] *See, e.g.*, 7 C.F.R. § 273.2(a)(2), (g), (h); 7 C.F.R. § 272.4(b).

[11] 7 U.S.C. § 2020(g).

[12] *See Briggs v. Bremby*, 792 F.3d 239, 245-46 (2d Cir. 2015); *Gonzalez v. Pingree*, 821 F.2d 1526, 1531 (11th Cir. 1987); *Victorian v. Miller*, 813 F.2d 718, 724 (5th Cir. 1987); *Barry v. Lyon*, 834 F.3d 706, 717 (6th Cir. 2016); *Garnett v. Zeilinger*, 323 F. Supp. 3d 58, 71-73 (D.D.C. 2018).

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Amended Motion for Stay, Motion for Class Certification, and Motion for Preliminary Injunction
Page 3 of 14

application materials or vital eligibility documents in their primary language and/or access to oral interpretation services, as required by the SNAP Act."[13]

Plaintiffs allege six causes of action, the first five of which allege violations of federal law: (1) failure to timely process SNAP initial and recertification applications; (2) failure to ensure that Alaskans can submit SNAP applications on the first day they contact the agency; (3) "failure to provide interpretation services, bilingual personnel, or translated written certification materials necessary for SNAP participation"; (4) "failure to provide written notice and opportunity to request a fair hearing to SNAP applicants whose eligibility was not determined within legally mandated timeframes"; and (5) violation of the Due Process Clause of the Fourteenth Amendment; the sixth cause of action alleges a violation of the Due Process Clause of Article I, section 7, of the Alaska Constitution.[14] Plaintiffs seek injunctive and declaratory relief against Defendant.[15]

Plaintiffs originally filed their complaint in Alaska state court in January 2023.[16] That same month, they also filed a Motion for Class Certification and Motion for Preliminary Injunction in the state court.[17] Defendant removed the case

---

[13] Docket 1-1 at ¶¶ 4, 19.

[14] Docket 1-1 at ¶¶ 297-310.

[15] Docket 1-1 at 42-46.

[16] Docket 1-1.

[17] Docket 7-21; Docket 7-22.

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Amended Motion for Stay, Motion for Class Certification, and Motion for Preliminary Injunction
Page 4 of 14

Case 3:23-cv-00044-SLG   Document 24   Filed 02/05/24   Page 4 of 14

to federal court in March 2023.[18]  The parties then stipulated to two stays of the case; the second stay ended on October 31, 2023.[19]  They also stipulated to class certification of the Untimely Eligibility Class and the Right to File Class, but not the Language Access Class.[20]  Thus, Plaintiffs' Motion for Class Certification—with respect to the Language Access Class only—and Plaintiffs' Motion for Preliminary Injunction became ripe for review when the second stay expired.  However, Defendant filed the instant Motion for Stay in November 2023, requesting an additional stay "for a maximum of six months" or until the State finalizes a new Corrective Action Plan ("CAP") with FNS, whichever occurs first. Plaintiffs oppose the requested stay.[21]

## JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action with certain claims arising under federal law: the Food Stamp Act and its implementing regulations, together with the Fourteenth Amendment of the Constitution.[22]  The Court may exercise supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367.

---

[18] Docket 1.

[19] Docket 8; Docket 14.

[20] *See* Docket 13; Docket 15.

[21] *See* Docket 17; Docket 21 at 29; Docket 22.

[22] *See* Docket 1 at 2.

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Amended Motion for Stay, Motion for Class Certification, and Motion for Preliminary Injunction
Page 5 of 14

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[23] "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."[24]

In deciding whether to grant a stay, the Ninth Circuit instructs courts to weigh "the competing interests which will be affected," which include (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."[25] "The

---

[23] *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[24] *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citations omitted).

[25] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Amended Motion for Stay, Motion for Class Certification, and Motion for Preliminary Injunction
Page 6 of 14

Case 3:23-cv-00044-SLG   Document 24   Filed 02/05/24   Page 6 of 14

proponent of a stay bears the burden of establishing its need"[26] and "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else."[27] "Generally, stays should not be indefinite in nature" and "should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time."[28]

## DISCUSSION

In its Motion for Stay, the State explains that Alaska has been and is currently subject to a Corrective Action Plan ("CAP") with FNS to address the backlog in processing SNAP applications.[29] The State asserts that it has "demonstrated commitment to resolving the backlog while this case has been stayed," and it points out that "FNS has unique expertise in the administration of the SNAP program and . . . [can] impose significant monetary sanctions on the State if the State fails to comply with the CAP."[30] Because it "expects the process

---

[26] *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citation omitted).

[27] *Landis*, 299 U.S. at 255.

[28] *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citations omitted).

[29] Docket 21 at 2. Because Defendant Heidi Hedberg is sued in her official capacity as the Commissioner of the Alaska Department of Health, the Court will refer to Defendant and the Department of Health as the "State" for simplicity. *See Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) ("A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself.").

[30] Docket 21 at 2-3.

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Amended Motion for Stay, Motion for Class Certification, and Motion for Preliminary Injunction
Page 7 of 14

of updating the CAP to be complete within the next six months, likely sooner," the State requests that the Court stay the proceedings "for a maximum of six months to allow the State to finalize the CAP with FNS."[31] Specifically, the State asserts that the doctrine of "primary jurisdiction" applies and that staying this litigation would "avoid[] the inefficiency of parallel proceedings covering the same ground and avoid[] the risk of conflicting obligations."[32]

The Court first addresses the stay motion with regard to the proposed certification of the Language Access Class and then with regard to the Motion for Preliminary Injunction.

## I.  Stay as to Motion for Class Certification

The Court does not find a basis to stay the determination of whether the remaining proposed subclass, the Language Access Class, should be certified. With respect to Plaintiffs' language access claims, the State asserts that it "has already complied with many of the specific requests and continues to make efforts at improvement," with the result that "DPA [now] has a healthy and active language access program" such that the matter does not "requir[e] urgent attention."[33] While the State maintains that "it would be most efficient to litigate [these] claims concurrently with" the preliminary injunction claims, the State also acknowledges

---

[31] Docket 21 at 3.

[32] Docket 21 at 3.  The doctrine of primary jurisdiction is discussed *infra* Section II.

[33] Docket 21 at 27; Docket 23 at 9-10.

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Amended Motion for Stay, Motion for Class Certification, and Motion for Preliminary Injunction
Page 8 of 14

that the Court could "bifurcate the language access claims for separate litigation if this Court chooses."[34]  The Court finds that further delaying the resolution of this issue could cause potential damage to the proposed class members and that there would be no apparent hardship to the State in proceeding with the resolution of this issue at this time.  Accordingly, Defendant shall file a response to that portion of Plaintiffs' Motion for Class Certification addressing the proposed Language Access Class within 14 days of the date of this order.

## II.  Stay as to Motion for Preliminary Injunction

The State asserts that the Court should stay the issues in Plaintiffs' Motion for Preliminary Injunction "for a maximum of six months or until finalization of the FNS CAP" because the doctrine of primary jurisdiction applies.[35]  "Primary jurisdiction is a prudential doctrine that permits courts to determine 'that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch.'"[36]  When evaluating whether primary jurisdiction should apply, courts consider "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative

---

[34] Docket 23 at 10.

[35] Docket 21 at 21, 28.

[36] *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 760 (9th Cir. 2015) (quoting *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008)).

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Amended Motion for Stay, Motion for Class Certification, and Motion for Preliminary Injunction
Page 9 of 14

body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration."[37]   However, "courts must also consider whether invoking primary jurisdiction would needlessly delay the resolution of claims," because "efficiency is the deciding factor in whether to invoke primary jurisdiction."[38]

The State contends that the doctrine "is squarely on point" in this case, because "the SNAP Act subjects all state agencies participating in SNAP to FNS's comprehensive regulatory authority," "determining how best to resolve the SNAP backlog requires both expertise and uniformity in administration," and "FNS has unique expertise and authority to craft the resolution of this situation that it considers best, in light of the entire program administration within Alaska and nationwide."[39]  The State asserts that there are complex policy questions on how best to bring the State back into compliance, such as: balancing effort between clearing the backlog and processing new applications; "balancing swift processing of applications against the possibility of inaccurate decisions or inaccurate benefit amounts"; and how to measure the State's progress and compliance.[40]  The State

---

[37] *Id.* (quoting *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002)).

[38] *Id.* (citations and internal quotation marks omitted).

[39] Docket 21 at 21-22.

[40] Docket 21 at 22-23.

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Amended Motion for Stay, Motion for Class Certification, and Motion for Preliminary Injunction
Page 10 of 14

Case 3:23-cv-00044-SLG   Document 24   Filed 02/05/24   Page 10 of 14

contends that primary jurisdiction is "particularly suitable . . . in this case where FNS is actively and deeply engaged on the issue," only a limited duration stay is sought, and a stay of the issues would be efficient because "[l]itigation of the plaintiffs' preliminary injunction motion would cover all the same ground that FNS is already comprehensively covering."[41]

The State also maintains that "DPA is doing everything possible to resolve the backlog," but that doing so has been complicated by a variety of factors such as understaffing and the need to choose between clearing the backlog or processing new applications.[42] The State explains that while it had cleared the entirety of the first backlog of 10,598 cases by October 20, 2023, the time and focus it took to clear that backlog resulted in "a new backlog of 'younger' cases."[43] It notes that it has been "actively working on an online application portal, which [it indicated was] scheduled to go live at the end of December 2023," and that it has recruited and trained additional employees to process applications.[44] Given its efforts and its expectation of a finalized CAP in the near future, the State contends that, should the Court deny the motion to stay and issue an order that runs contrary

---

[41] Docket 21 at 23-25 (citing *Astiana*, 783 F.3d at 760-61 (holding that "even when agency expertise would be helpful, a court should not invoke primary jurisdiction when the agency is aware of but has expressed no interest in the subject matter of the litigation," and that "'efficiency' is the 'deciding factor' in whether to invoke primary jurisdiction")).

[42] Docket 23 at 10; Docket 21 at 22-23.

[43] Docket 23 at 8.

[44] Docket 21 at 20.

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Amended Motion for Stay, Motion for Class Certification, and Motion for Preliminary Injunction
Page 11 of 14

to the CAP, it would put the State in the "impossible position" of trying to meet two different sets of requirements.[45]  The State thus asserts that the Court should stay the case until the CAP is finalized.[46]

In response, Plaintiffs assert that the primary jurisdiction doctrine does not apply because SNAP issues "are not matters of first impression, nor do they raise issues requiring the specialized competence of FNS."[47]  Plaintiffs assert that "[c]ourts have routinely issued declaratory and injunctive relief in instances where state agencies have failed to comply with the SNAP Act and controlling federal regulations."[48]  Plaintiffs maintain that a court order enforcing compliance with federal law is "straightforward" and "requires little technical expertise to know whether DOH has processed applications in a timely manner or offered language access as required under the law."[49]  Plaintiffs assert that because Defendant "has no concrete timeline for FNS's amendment of the CAP[,] . . . [a]sking the Court to defer its authority indefinitely . . . is against the interests of efficiency."[50]  Plaintiffs also point out that multiple courts have recognized "a private right of action under

---

[45] Docket 21 at 25.

[46] Docket 21 at 25.

[47] Docket 22 at 9, 11.

[48] *See* Docket 22 at 11 & n.49 (citing to a collection of cases in which courts have addressed SNAP application processing).

[49] Docket 22 at 12.

[50] Docket 22 at 13.

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Amended Motion for Stay, Motion for Class Certification, and Motion for Preliminary Injunction
Page 12 of 14

Case 3:23-cv-00044-SLG   Document 24   Filed 02/05/24   Page 12 of 14

42 U.S.C. § 1983, wholly separate and apart from FNS's oversight functions," and that the State's position "leaves Plaintiffs unsure of which claims a resolution through FNS will address" and "wholly fails to discuss the claims that FNS has not raised thus far."[51] Thus, Plaintiffs contend that "concurrent resolution would be most efficient and best serve the interests of Alaskans."[52]

This case began over a year ago and was already stayed for several months so that the State could try to resolve its SNAP applications backlog under federal oversight.[53] While the parties dispute the applicability of the primary jurisdiction doctrine, the Court declines to apply the doctrine because it finds that further delay in this case would be inefficient, particularly given that FNS may not address all of Plaintiffs' claims in the forthcoming CAP.[54] However, the Court recognizes Defendant's concern of "being subject to conflicting orders from this Court and FNS."[55] Thus, if necessary, the Court intends to amend any order it may issue to address any conflicting obligations with the CAP, once complete. In addition, Plaintiffs' Motion for Preliminary Injunction, applying the state standard for

---

[51] Docket 22 at 14-16.

[52] Docket 22 at 16.

[53] *See* Docket 6; Docket 12.

[54] *See Astiana*, 783 F.3d at 760 (holding that "'efficiency' is the 'deciding factor' in whether to invoke primary jurisdiction").

[55] Docket 21 at 21.

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Amended Motion for Stay, Motion for Class Certification, and Motion for Preliminary Injunction
Page 13 of 14

Case 3:23-cv-00044-SLG   Document 24   Filed 02/05/24   Page 13 of 14

preliminary injunctive relief, was filed over one year ago in the Alaska state court.[56] In light of the age of the motion, its application of Alaska law, and the subsequent changes by DPA, the Court finds that the pending Motion for Preliminary Injunction should be denied without prejudice to Plaintiffs' filing of a renewed motion for preliminary injunctive relief applying the federal standard for preliminary injunctive relief and articulating the relief now sought in light of the current status of the SNAP program in Alaska.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant's Amended Motion for Stay at Docket 21 is DENIED. Defendant shall file a response to the portion of Plaintiffs' Motion for Class Certification concerning the proposed Language Access Class at Docket 7-21 within 14 days of the date of this order. Furthermore, Plaintiffs' Motion for Preliminary Injunction at Docket 7-22 is DENIED without prejudice to its renewal.

DATED this 5th day of February, 2024, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[56] *See* Docket 7-19 at 14 (first citing *Alsworth v. Seybert*, 323 P.3d 47, 54 (Alaska 2014); then citing *State v. Arctic Vill. Council*, 495 P.3d 313, 319 (Alaska 2021); then citing *Randle v. Bay Watch Condo. Ass'n*, 488 P.3d 970, 974 (Alaska 2021); and then citing *State, Div. of Elections v. Metcalfe*, 110 P.3d 976, 978 (Alaska 2005)).

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Amended Motion for Stay, Motion for Class Certification, and Motion for Preliminary Injunction
Page 14 of 14

Case 3:23-cv-00044-SLG   Document 24   Filed 02/05/24   Page 14 of 14