Goriune Dudukgian, AK Bar No. 0506051
Nicholas Feronti, AK Bar No. 2106069
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
(907) 308-3395 (telephone)
(866) 813-8645 (fax)
Email: gdudukgian@njp-law.com
Email: nferonti@njp-law.com

*Saima Akhtar (New York Bar No. 4661237)
**NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE**
50 Broadway, Suite 1500
New York, NY 10004
(212) 633-6967 (telephone)
(212) 633-6371 (fax)
Email: akhtar@nclej.org

*Margaret D. Craig (Mass. Bar No. 569130)
*Kelsey Tavares (Mass. Bar No. 705934)
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6000 (telephone)
(617) 406-6100 (fax)
Email: maggie.craig@us.dlapiper.com
Email: kelsey.tavares@us.dlapiper.com

*Christopher M. Young (Cal. Bar No. 163319)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-2700 (telephone)
(619) 699-2701 (fax)
Email: christopher.young@dlapiper.com

*Micah A. Chavin (Cal. Bar No. 313634)
**DLA PIPER LLP (US)**
1415 L Street, Suite 270
Sacramento, CA 95814-3976
(916) 930-3200 (telephone)

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CERTIFICATION OF A LANGUAGE ACCESS CLASS
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 1 of 14

Case 3:23-cv-00044-SLG   Document 26   Filed 02/27/24   Page 1 of 14

(916) 930-3201 (fax)
Email: micah.chavin@us.dlapiper.com

*Bethany M. Bunge (Tex. Bar No. 24120730)
**DLA Piper LLP (US)**
845 Texas Avenue, Suite 3800
Houston, Texas 77002
(713) 425-8400 (telephone)
(713) 425-8401 (fax)
Email: bethany.bunge@us.dlapiper.com

*appearing pro hac vice*

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Della Kamkoff, John Andrew, Kayla Birch, Rose Carney, Tereresa Ferguson, Zoya Jenkins, Troy Fender, Rhonda Conover, Autumn Ellanna, and Nataliia Moroz, on behalf of themselves, and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Heidi Hedberg, in her official capacity as Commissioner of the Alaska Department of Health,<br><br>Defendant. | Case No.: 3:23-cv-00044-SLG |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF
CERTIFICATION OF A LANGUAGE ACCESS CLASS**

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CERTIFICATION OF A LANGUAGE ACCESS CLASS
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 2 of 14
Case 3:23-cv-00044-SLG   Document 26   Filed 02/27/24   Page 2 of 14

I. **PRELIMINARY STATEMENT**

This lawsuit alleges, among other things, that the State of Alaska Department of Health ("DOH") systematically fails to meet its legally mandated language access obligations.[1] DOH fails to develop legally required estimates about who needs language assistance, and then it fails to provide translation and interpretation services to those who are in need of that language assistance to access nutrition assistance.[2] Because of these systemic failures, Plaintiffs seek certification of a plaintiff class comprised of limited English proficiency ("LEP") individuals in Alaska who cannot access the Supplemental Nutrition Assistance Program ("SNAP") without translation and interpretation services.

Federal law requires DOH to ensure that people can access critical food assistance through SNAP regardless of their primary language. By statute, DOH must provide "appropriate bilingual personnel and printed materials" in areas where a "substantial number" of low-income people speak a language other than English.[3] Regulations obligate DOH to "provide both certification materials in the appropriate language(s) and bilingual staff or interpreters" in areas with "approximately 100 single-language minority low-income households."[4] SNAP regulations at 7 C.F.R. § 272.4(b)(6) require DOH to determine if there are enough LEP individuals in an area to trigger these obligations by

---

[1] Class Action Compl., ECF No. 1-1 ¶¶ 301-02, 309-10.

[2] *Id.* ¶¶ 125, 129-47.

[3] 7 U.S.C. § 2020(e)(1)(B).

[4] 7 C.F.R. § 272.4(b)(3).

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CERTIFICATION OF A LANGUAGE ACCESS CLASS
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 3 of 14
Case 3:23-cv-00044-SLG   Document 26   Filed 02/27/24   Page 3 of 14

"develop[ing] estimates of the number of low-income single-language minority households" in certain areas.[5] DOH has not done this. Thus, DOH's claim that because the putative class representative speaks Russian, she cannot represent LEP individuals who speak other languages, makes no sense. DOH lacks the information necessary to identify its obligations to different LEP individuals; it has no basis for objecting to a class representative who speaks one language versus another.[6] This Court should not allow DOH to use its failings as a bar to class certification.

Regardless, DOH is wrong that each language requires its own class. Plaintiffs' proposed class uniformly seeks relief via a single injunction requiring DOH to establish a process to (1) identify which languages in any given region require bilingual personnel and printed materials; and (2) actually provide such personnel and materials. Whether and how DOH establishes such a process is "generally applicable to the class as a whole,"[7] and therefore appropriate for class treatment.

## II. ARGUMENT

### A. Class certification is appropriate under Federal Rule 23(b)(2) when the Defendant's policy or practice affects the class as a whole.

The proposed class satisfies Federal Rule of Civil Procedure 23(a) and (b)(2). Rule 23(b)(2) states that "[a] class action may be maintained if Rule 23(a) is satisfied and if . . .

---

[5] 7 C.F.R. § 272.4(b)(6).

[6] Resp. Opposition, ECF No. 25 at 8.

[7] *See* Fed. R. Civ. P. 23(b)(2).

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CERTIFICATION OF A LANGUAGE ACCESS CLASS
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 4 of 14

Case 3:23-cv-00044-SLG   Document 26   Filed 02/27/24   Page 4 of 14

the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them."[8] A Rule 23(b)(2) class is proper where the defendant has a policy or practice that is "generally applicable to the class as a whole."[9] "The fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2)."[10] Put another way, class members need not suffer identical injuries nor require identical relief for certification of a Rule 23(b)(2) class. Rather, certification is proper where the defendant has acted with the same or a consistent course of conduct as to members of the proposed class and the court could provide a remedy to all class members by means of a single injunction.[11]

This lawsuit alleges that DOH has failed in its obligation to determine when it must provide certain language access resources, and has failed to develop estimates of the

---

[8] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (quotation and citation omitted).

[9] *Parsons v. Ryan*, 754 F.3d 657, 688 (9th Cir. 2014).

[10] *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010); *see also Parsons*, 754 F.3d at 688 ("[A Rule 23(b)(2)] inquiry . . . does not require a finding that all members of the class have suffered identical injuries.").

[11] *Wal-Mart*, 564 U.S. at 360.

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CERTIFICATION OF A LANGUAGE ACCESS CLASS
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 5 of 14
Case 3:23-cv-00044-SLG   Document 26   Filed 02/27/24   Page 5 of 14

prevalence of low-income single-language minority households across the entire state of Alaska.[12] Across the state, DOH further fails to provide interpretation services, bilingual personnel, and translated written certification materials to LEP individuals seeking SNAP, in violation of 7 U.S.C. § 2020(e)(1)(B), 7 C.F.R. § 272.4(b) and 7 C.F.R. § 272.5(b)(2),[13] and it fails to provide oral interpretation or written translation of SNAP eligibility notices that confer fair hearing rights, in violation of the due process clause of Article I, Section 7 of the Alaska Constitution.

DOH's failure to fulfill its legal obligations impacts all members of the proposed class—Alaska residents with limited English proficiency. The questions of DOH's liability and, subsequently, what relief may be afforded to class members will be answered at a later stage in this litigation; this does not preclude class certification under Rule 23(b)(2).[14]

DOH argues that "[t]he factual question of whether any specific language meets the 'single language minority' thresholds set out in 7 C.F.R. § 272.4(b) will be unique to that

---

[12] 7 C.F.R. § 272.4(b); ECF No. 1-1 ¶ 77. In its briefing, DOH acknowledges that "7 C.F.R. § 272.4(b) requires each state to 'develop [these] estimates.'" ECF No. 25 at 4. However, at other points, DOH claims that it is Plaintiff's responsibility to prove that "low-income, LEP, single-language Russian-speaking households in her area meet the thresholds set in regulation to be entitled to the services she seeks." *Id.* at 2; *see also id.* at 12. This blatantly misstates the obligations in the SNAP regulations.

[13] ECF No. 1-1 ¶ 302.

[14] *See Rodriguez*, 591 F.3d at 1125; *Parsons*, 754 F.3d at 688; *see also Amgen Inc. v. Conn. Retirement Plans and Trust Funds*, 568 U.S. 455, 466 (2013) ("Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.").

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CERTIFICATION OF A LANGUAGE ACCESS CLASS
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 6 of 14

Case 3:23-cv-00044-SLG   Document 26   Filed 02/27/24   Page 6 of 14

language."[15] Yet while specific needs and locations of single-language low-income households may vary by language, the process of identifying this information is the same for all languages—DOH must develop estimates of the prevalence of low-income single-language minority households across the state as required by SNAP regulations. DOH's idea that each language requires a separate lawsuit or class would require redundant work, create substantial and unnecessary burden on this Court and DOH, and potentially create differing interpretations and outcomes between language groups.

Further, while courts have not addressed the specific issue of class certification of LEP individuals under the SNAP Act or Alaska Constitution, it has been addressed in Title VI cases involving language access.[16] In a case challenging the Denver Public School System's failure to address the needs of LEP children, for example, the court certified a class of "all children of limited-English language proficiency."[17] The court concluded that

---

[15] ECF No. 25 at 7.

[16] Although a finding of liability under Title VI requires a different analysis than liability under the SNAP Act or State Constitution, the threads of commonality and typicality in the context of a language access class under Title VI or the SNAP Act will be the same.

[17] *Keyes v. School Dist. No. 1, Denver, Colo.*, 576 F. Supp. 1503, 1508 (D. Colo. 1983). While this case and other Title VI cases discussed infra do not contemplate analogous requirements that there be a set number of "single minority households" for provision of services like those under SNAP regulations, the cases do contemplate that the remedies awarded will differ based on the specific circumstances of the student population. In recognizing that "[s]tudents with many different language backgrounds and varying degrees of literacy in any language enter and leave the public schools . . . without any predictable patterns," the court acknowledges that the law only requires that the school "take appropriate action to eliminate language barriers which currently prevent a great number of students from participating equally in the educational programs offered by the district." *Id.* at 1519-20.

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CERTIFICATION OF A LANGUAGE ACCESS CLASS
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 7 of 14
Case 3:23-cv-00044-SLG   Document 26   Filed 02/27/24   Page 7 of 14

the issues of whether defendant had failed to follow the requirements of Title VI and other laws were common to all LEP children. The court certified this class under Rule 23(b)(2) even though the named individual Plaintiffs were all Spanish-speaking.[18] Other courts in the Ninth Circuit have similarly certified classes broadly to include LEP individuals who speak multiple languages.[19]

**B. The proposed class meets commonality and typicality requirements.**

The two components of Rule 23(a) that DOH challenges are whether there are questions of law or fact common to the class,[20] and whether the claims or defenses of the representative parties are typical of the claims or defenses of the class.[21] Commonality for Rule 23(b)(2) classes arises when Plaintiffs' claims "depend upon a common contention . . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."[22] "What matters to class certification . . . is not the

---

[18] *Id.* at 1506-08.

[19] *Teresa P. by T.P. v. Berkeley Unified Sch. Dist.*, 724 F. Supp. 698, 699 (N.D. Calif. 1989) (certified plaintiff class consists of students "who are of limited English proficiency"); *Flores v. Arizona*, 48 F. Supp. 2d 937, 944 (D. Ariz. 1999) (court certified a class of "limited English proficient (LEP) children").

[20] Fed. R. Civ. P. 23(a)(2)

[21] Fed. R. Civ. P. 23(a)(3). DOH did not address numerosity or adequacy of representation, and thus conceded that those factors are met.

[22] *Wal-Mart*, 564 U.S. at 350; *see also Johnson v. City of Grants Pass*, 50 F.4th 787, 804 (9th Cir. 2022); *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022).

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CERTIFICATION OF A LANGUAGE ACCESS CLASS
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 8 of 14

Case 3:23-cv-00044-SLG   Document 26   Filed 02/27/24   Page 8 of 14

raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation."[23]

Here, the questions of law and fact common to the proposed class include whether DOH: 1) violates the SNAP Act by failing to ensure Alaskans are able to access translation of certification materials and interpretation services; and 2) violates Due Process under the Alaska Constitution by failing to ensure that Alaskans receive translated written notice related to their SNAP case and the fair hearing right such notice confers.[24] These questions arise from DOH's policies and practices surrounding language access and apply to all LEP individuals.

Rule 23's commonality and typicality requirements "occasionally merge: 'Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'"[25] "[R]epresentative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical."[26]

---

[23] *Wal-Mart*, 564 U.S. at 350.

[24] Pls.' Mot. for Class Cert., ECF No. 7-21 at 15.

[25] *Parsons*, 754 F.3d at 685 (quoting *Wal-Mart*, 564 U.S. at 349 n.5)).

[26] *Parsons*, 754 F.3d at 685 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CERTIFICATION OF A LANGUAGE ACCESS CLASS
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 9 of 14

Case 3:23-cv-00044-SLG   Document 26   Filed 02/27/24   Page 9 of 14

DOH's failure to provide Plaintiff Moroz with translated written materials and verbal interpretation services is representative of and consistent with barriers to SNAP access faced by other members of the proposed class in their interactions with DOH.[27] Ultimately, the question is not whether DOH met its obligations to one individual who happens to speak Russian, but rather whether the agency has taken the necessary steps to meet its obligations under the SNAP Act to secure SNAP access for LEP individuals. This question is the same for all class members.

### C. The proposed class definition is already proper, but may be refined by the Court if needed.

DOH also argues against class certification because it purportedly applies to individuals rather than their "households."[28] In support, DOH cites 7 C.F.R. § 272.4 for the proposition that language access rights only arise if a LEP individual lives in a "household" in which no adult is fluent in English.[29] Based on this distinction, DOH suggests denying class certification altogether.[30]

---

[27] DOH states that "the claims that Ms. Moroz may make as a Russian speaker, and the State's defenses to Ms. Moroz's claims as a Russian speaker, will not be typical of the claims that Spanish-speaking, Albanian-speaking, or Gwich'in-speaking plaintiffs might make or the State's defenses to those claims." ECF No. 25 at 8. Yet, DOH gives no examples as to how the claims or defenses would differ. If anything, the claims will be nearly identical. First, a claim that a required evaluation has not been done. And second, where pertinent, a claim that DOH has failed to meet its obligations to eligible LEP households.

[28] ECF No. 25 at 10.

[29] *Id.* at 10-11.

[30] *Id.* at 3.

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CERTIFICATION OF A LANGUAGE ACCESS CLASS
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 10 of 14

Case 3:23-cv-00044-SLG   Document 26   Filed 02/27/24   Page 10 of 14

DOH seems to be arguing that the class should be comprised of "households" rather than individuals. But defining the class as comprised of "households" *instead of* individuals is wrong. "Households" are not legal persons with standing to file lawsuits—as individuals who live in households may do. And while living in a household without an English-speaking adult may be a prerequisite for language access rights, each individual in a qualifying household is ultimately entitled to such rights. Defining the class by the aggrieved individuals to whom the rights accrue is proper.[31] DOH's own citations prove this. The class definitions excerpted by DOH are not defined by households, but individuals, like "all Illinois residents" or "all current and future food stamp applicants."[32] The concept of a household only ever comes up in these definitions to clarify that the individuals must come from a household in which no adult speaks fluent English.

Plaintiffs defined the proposed class to include only LEP individuals who were denied language access "as required by the SNAP Act." [33] This "as required by the SNAP Act" language infers that there will be reasonable limits on the class—under the SNAP Act, the class would only include LEP individuals from a household in which no adult is fluent

---

[31] This is also manifest in how, even though SNAP benefits are administered to households, courts typically define classes in SNAP cases in terms of the individuals within those households. *See, e.g., Garnett v. Zeilinger,* 301 F. Supp. 3d 199, 212 (D.D.C. 2018); *Briggs v. Bremby,* 2013 U.S. Dist. LEXIS 67571, *17 (D. Conn. 2013).

[32] ECF No. 25 at 10.

[33] ECF No. 7-21 at 3.

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CERTIFICATION OF A LANGUAGE ACCESS CLASS
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 11 of 14

Case 3:23-cv-00044-SLG    Document 26    Filed 02/27/24    Page 11 of 14

in English, as those from families in households where at least one adult is fluent in English would not be entitled to language access protections required by the SNAP Act.

Even if this Court wished to amend the class to include households rather than individuals, denial of class certification is unnecessary and inappropriate. Trial courts have broad discretion to modify class definitions to make them more precise, objective, and ascertainable.[34] Courts may independently redefine a class or allow Plaintiffs to amend a class's definition.[35] While Plaintiffs stand by their original proposed definition, to address DOH's concerns, Plaintiffs also are open to amending the class definition as follows:

> **A Language Access Class** comprised of all Alaska residents in single-language minority households with limited English proficiency who since January 20, 2021 did not or will not receive SNAP application materials or vital eligibility documents in their primary language and/or access to oral interpretation services.

This amended class definition would address DOH's concerns without the need to deny class certification entirely.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court certify the proposed Language Access Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and appoint the Northern Justice Project, DLA Piper, and the National Center for Law and Economic Justice as class counsel.

---

[34] *Nevarez v. Forty Niners Football Co., LLC*, 326 F.R.D. 562, 575 (N.D. Cal. 2018) (citing *Powers v. Hamilton County Public Defender Com'n*, 501 F.3d 592, 619 (6th Cir. 2007)).

[35] *Id.*

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CERTIFICATION OF A LANGUAGE ACCESS CLASS
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 12 of 14

Case 3:23-cv-00044-SLG   Document 26   Filed 02/27/24   Page 12 of 14

DATED this 27th day of February, 2024 at Anchorage Alaska.

Attorneys for Plaintiffs

/s/ Nicholas Feronti
Nicholas Feronti, AK Bar No. 2106069
Goriune Dudukgian, AK Bar No. 0506051
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
(907) 308-3395 (telephone)
(866) 813-8645 (fax)
Email: gdudukgian@njp-law.com
Email: nferonti@njp-law.com

*Saima Akhtar (New York Bar No. 4661237)
**NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE**
50 Broadway, Suite 1500
New York, NY 10004
(212) 633-6967 (telephone)
(212) 633-6371 (fax)
Email:akhtar@nclej.org

*Margaret D. Craig (Mass. Bar No. 569130)
*Kelsey Tavares (Mass. Bar No. 705934)
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6000  (telephone)
(617) 406-6100 (fax)
Email:maggie.craig@us.dlapiper.com
Email: kelsey.tavares@us.dlapiper.com

*Christopher M. Young (Cal. Bar No. 163319)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-2700 (telephone)
(619) 699-2701 (fax)
Email: christopher.young@dlapiper.com

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CERTIFICATION OF A LANGUAGE ACCESS CLASS
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 13 of 14

Case 3:23-cv-00044-SLG   Document 26   Filed 02/27/24   Page 13 of 14

*Micah A. Chavin (Cal. Bar No. 313634)
**DLA PIPER LLP (US)**
1415 L Street, Suite 270
Sacramento, CA 95814-3976
(916) 930-3200 (telephone)
(916) 930-3201 (fax)
Email: micah.chavin@us.dlapiper.com

*Bethany M. Bunge (Tex. Bar No. 24120730)
**DLA Piper LLP (US)**
845 Texas Avenue, Suite 3800
Houston, Texas 77002
(713) 425-8400 (telephone)
(713) 425-8401 (fax)
Email: bethany.bunge@us.dlapiper.com

*appearing pro hac vice*

Attorneys for Plaintiffs

Certificate of Service
I certify that on February 27, 2024, the forgoing **Plaintiffs' Reply Brief in Support of Certification of a Language Access Class** was served on the parties via the CMECF electronic filing system:

/s/Nicholas Feronti
Nicholas Feronti, Northern Justice Project, LLC

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CERTIFICATION OF A LANGUAGE ACCESS CLASS
*Della Kamkoff et. al. v. Heidi Hedberg*
Case No.: 3:23-cv-00044-SLG
Page 14 of 14

Case 3:23-cv-00044-SLG   Document 26   Filed 02/27/24   Page 14 of 14