TREG TAYLOR
ATTORNEY GENERAL
Lael A. Harrison (Alaska Bar No. 0811093)
Assistant Attorney General
Department of Law
PO Box 110300
Juneau, AK 99811-300
Telephone: (907) 465-3600
Facsimile: (907) 465-2539
Email: lael.harrison@alaska.gov

Justin D. Nelson (Alaska Bar No. 1102007)
Assistant Attorney General
Alaska Department of Law
100 Cushman Street, Suite 400
Fairbanks, AK 99701
Telephone: (907) 451-2811
Facsimile: (907) 451-2985
Email: justin.nelson@alaska.gov
Email: probate.law.ecf@alaska.gov

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Della Kamkoff, John Andrew, Kayla Birch, Rose Carney, Tereresa Ferguson, Zoya Jenkins, Troy Fender, Rhonda Conover, Autumn Ellanna, and Nataliia Moroz, on behalf of themselves, and all those similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>Heidi Hedberg, in her official capacity As Commissioner of the Alaska Department of Health.,<br><br>        Defendant. | Case No.: 3:23-cv-00044-SLG |

<u>**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT**</u>

**INTRODUCTORY STATEMENT**

The plaintiffs' Class Action Complaint is not a "short and plain statement of the facts" in conformity with Rule 8(a). Instead, it is written in the argumentative style of a brief. Pursuant to Rule 8(b), this Answer admits or denies the factual allegations contained in the corresponding paragraph. This Answer does not respond to the argumentative content. An admission admits only the facts relied on in the corresponding paragraph of the complaint, and makes no admission as to the argumentative content, characterization, or other subjective tone. Any fact not explicitly admitted is denied. To the extent that footnotes contain any factual allegations not contained in the text of the complaint, they are denied.

Further, the complaint was originally filed on January 20, 2023. The admissions and denials contained in this Answer are as of the date of the Answer, not as of the date of the Complaint.

**ANSWER**

1.      This paragraph contains solely argumentative content and is denied.

2.      Admitted that the former head of the Division of Public Assistance resigned on January 9, 2023, at which time DPA had a backlog of thousands of SNAP applications. Admitted that January is one of the coldest months of the year. The remaining argumentative content of this paragraph is denied.

3.      This paragraph contains solely argumentative content and is denied.

*Della Kamkoff et. al. v. Heidi Hedberg*      Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint      Page 2 of 25
Case 3:23-cv-00044-SLG   Document 27   Filed 03/15/24   Page 2 of 25

4.      This paragraph contains solely argumentative content and is denied.

5.      Due to removal of this action to Federal court, this paragraph is denied.

6.      Due to removal of this action to Federal court, this paragraph is denied.

7.      The basis for the action is admitted but the violation of rights is denied.

8.      Admitted according to defendants' records.

9.      Admitted according to defendants' records.

10.     Admitted according to defendants' records.

11.     Admitted according to defendants' records.

12.     Admitted according to defendants' records.

13.     Admitted according to defendants' records.

14.     Admitted according to defendants' records.

15.     Admitted according to defendants' records.

16.     Admitted according to defendants' records.

17.     Admitted according to defendants' records.

18.     Admitted.

19.     This paragraph contains solely argumentative content and is denied.

20.     This paragraph contains solely argumentative content and is denied.

21.     Admitted.

22.     This paragraph contains solely argumentative content and is denied.

*Della Kamkoff et. al. v. Heidi Hedberg*          Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint          Page 3 of 25
Case 3:23-cv-00044-SLG   Document 27   Filed 03/15/24   Page 3 of 25

23.     Because the link referenced in this paragraph is now broken, the defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24.     Admitted.

25.     Because the paragraph does not define "relevant records," the defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26.     This paragraph contains solely argumentative content and is denied.

27.     This paragraph contains solely argumentative content and is denied.

28.     This paragraph contains solely argumentative content and is denied.

29.     This paragraph contains solely argumentative content and is denied.

30.     This paragraph contains solely argumentative content and is denied.

31.     This paragraph contains solely argumentative content and is denied.

32.     Admitted.

33.     Admitted.

34.     Admitted as a general matter, although only certain administrative costs are "allowable" for federal funding and the percentage of allowable administrative costs covered may be reduced below 50% in certain circumstances.

35.     Admitted as a general matter, although the second sentence is an oversimplification.

36.     Admitted.

*Della Kamkoff et. al. v. Heidi Hedberg*                                    Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint                   Page 4 of 25
Case 3:23-cv-00044-SLG    Document 27    Filed 03/15/24    Page 4 of 25

37.     Admitted.

38.     Admitted.

39.     Admitted, although this is an oversimplification.

40.     Admitted.

41.     Admitted, provided the contact is within office hours.

42.     Admitted as a general matter, although this is an oversimplification.

43.     Admitted as a general matter, although this is an oversimplification.

44.     Admitted, as a general matter, although this is an oversimplification and
subject to FNS waivers.

45.     Admitted, as a general matter, although this is an oversimplification and
subject to FNS waivers.

46.     Admitted, as a general matter, although this is an oversimplification and
subject to FNS waivers.

47.     Admitted, as a general matter, although this is an oversimplification and
subject to FNS waivers.

48.     Admitted, as a general matter, although this is an oversimplification and
subject to FNS waivers.

49.     Admitted, as a general matter, although this is an oversimplification and
subject to FNS waivers.

50.     Admitted, as a general matter, although this is an oversimplification and
subject to FNS waivers.

*Della Kamkoff et. al. v. Heidi Hedberg*                                     Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint                                 Page 5 of 25
Case 3:23-cv-00044-SLG   Document 27   Filed 03/15/24   Page 5 of 25

51.     Admitted, as a general matter, although this is an oversimplification and subject to FNS waivers.

52.     Admitted, although only in parts of Alaska designated as "rural" by subsection (b) of the same regulation.

53.     Admitted, as a general matter, although this is an oversimplification and subject to FNS waivers.

54.     Admitted, subject to a limited exception for residents of public institutions.

55.     The first sentence is admitted. The second sentence is denied. The legal requirement is not that DOH "must" identify such households but rather that DOH's "application procedures be designed to identify such households at the time the household requests assistance."

56.     Admitted, as a general matter, although this is an oversimplification.

57.     Admitted.

58.     Admitted, although this is an oversimplification.

59.     In the first sentence it is admitted that DOH must document the dates that applications are filed, but it is denied that DOH must do so "by recording the dates of receipt at the local service offices." Applications may be received by numerous other means than by physical delivery at a local service office.  The second sentence is admitted.

60.     Admitted, although this is an oversimplification and subject to FNS waiver.

61.     Admitted.

*Della Kamkoff et. al. v. Heidi Hedberg*                                    Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint                          Page 6 of 25
Case 3:23-cv-00044-SLG   Document 27   Filed 03/15/24   Page 6 of 25

62.     Admitted as a general matter, although this is an oversimplification.

63.     Denied. Most eligible households must submit their applications no later than the 15th day of the last month of their certification period in order to receive uninterrupted benefits, not 15 days before the end of their certification period. Further, the relevant Alaska SNAP Manual section is 604-3(B)(1), not 604-2(B)(1).

64.     Admitted, although this is an oversimplification and the relevant Alaska SNAP Manual section is 604-3(B)(2), not 604-2(B).

65.     Denied.

66.     Admitted as a general matter, although this is an oversimplification and subject to FNS waiver.

67.     Admitted as a general matter, although this is an oversimplification and subject to FNS waiver.

68.     Admitted as a general matter, although this is an oversimplification and subject to FNS waiver.

69.     Admitted.

70.     Admitted as a general matter for initial applications, although this is an oversimplification and subject to FNS waiver.

71.     Admitted that this step is necessary in order for the reason for the delay to be considered the fault of the household.

72.     In the first sentence, it is admitted that this step is necessary in order for the reason for the delay to be considered the fault of the household. In the second sentence, it

*Della Kamkoff et. al. v. Heidi Hedberg*     Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint     Page 7 of 25
Case 3:23-cv-00044-SLG   Document 27   Filed 03/15/24   Page 7 of 25

is admitted that if, after missing an interview, the household contacts the State agency within the 30 day processing period, the State agency must schedule a second interview. However, it is denied that 7 C.F.R. s 273.2(h) contains additional notice requirements related to these terms. Additionally, these provisions apply only to initial applications and the interview requirement generally is subject to FNS waiver.

73. Admitted, as a general matter, for initial applications.

74. Admitted, as a general matter, for initial applications pended for verifications.

75. Denied. Rather, the SNAP Act requires DOH to "comply with [FNS] regulations requiring the use of appropriate bilingual personnel and printed material in the administration of the program in those portions of political subdivisions of the State in which a substantial number of members of low-income households speak a language other than English."

76. Admitted.

77. Admitted with the exception of the words "monitor and" which are not contained in the cited regulation and are denied.

78. The first sentence is denied; the requirement to provide translated materials and/or interpreters is based on the State's estimates of the number of single-language minority low-income households in the relevant area, not based on the actual number of such households. The second and third sentences are admitted.

79. Admitted.

*Della Kamkoff et. al. v. Heidi Hedberg*                                    Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint                        Page 8 of 25
Case 3:23-cv-00044-SLG   Document 27   Filed 03/15/24   Page 8 of 25

80.     Admitted, although, starting in late 2023, applicants for SNAP and Medicaid may now utilize an online form, also.

81.     Admitted, in addition to other locations.

82.     Admitted, although applicants may also apply over the phone without requesting that a paper copy of the application be sent through the mail.

83.     Defendants are not aware of a current website with this language, verbatim, although similar information is conveyed at https://health.alaska.gov/dpa/Pages/features/org/applications.aspx.

84.     Admitted, although the application form in English and in Spanish were posted to the agency website before "late 2022."

85.     Admitted on information and belief.

86.     Denied.

87.     Denied.

88.     Admitted.

89.     Denied in part and admitted in part. In early 2020, DOH offices stopped offering direct services but remained open to accept paperwork and respond to information and referral requests. Some smaller offices did at times close entirely and accepted paperwork only via drop box.

90.     Denied.

91.     Denied.

92.     Denied.

*Della Kamkoff et. al. v. Heidi Hedberg*                          Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint                      Page 9 of 25
Case 3:23-cv-00044-SLG   Document 27   Filed 03/15/24   Page 9 of 25

93.　　Admitted that some smaller DOH offices may close unexpectedly due to understaffing.

94.　　Denied in part and admitted in part. DOH has struggled to retain sufficient staffing keep the Sitka office open, although it has been open since 2020 and is expected to be open again. The Kotzebue office closed in 2016, unrelated to the 2020 pandemic. Denied that all village residents who previously used the Sitka or Kotzebue offices have to travel for two days or take two flights in order to reach DPA offices in Juneau, Ketchikan, Nome, or Fairbanks.

95.　　The first sentence is admitted, although applicants may also deliver completed applications to district offices in person, or through a fee agent, or apply telephonically. In the second sentence, it is admitted that state law directs DPA to provide an online application submission system, but it is denied that DPA does not do so.

96.　　Admitted.

97.　　Denied.

98.　　Denied.

99.　　Admitted.

100.　　Denied.

101.　　The first sentence is admitted. The second and third sentences are denied.

102.　　Denied. Although DPA has currently suspended interviews for most SNAP applications and renewals, over the next two-three months it intends to resume

*Della Kamkoff et. al. v. Heidi Hedberg*　　　　　　Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint　　　　　　Page 10 of 25
Case 3:23-cv-00044-SLG　Document 27　Filed 03/15/24　Page 10 of 25

interviews. The responses to paragraphs 102-113 are based on the plan for resumption of interviews, which is subject to FNS review and approval before implementation.

103. Admitted that fee agents may complete interviews in rural areas, but the remaining allegations in this paragraph are too vague for admission or denial.

104. Denied.

105. Although this may occur, denied that it occurs "often."

106. Admitted, although the phone tree prompts are not yet determined.

107. Denied.

108. Denied.

109. Denied.

110. Admitted that the VCC has an option to request a callback, all other allegations in this paragraph are denied.

111. Admitted.

112. Admitted.

113. Denied.

114. Denied.

115. Admitted that DOH does not send a notice of delayed processing when an initial SNAP application remains pending more than 30 days due to State agency delay.

116. Denied.

117. Although DPA has suffered backlogs in processing SNAP applications and renewals, notably in the fall and winter 2022-2023 and again in the fall of 2023, denied

that DPA "systematically" fails to process SNAP applications and recertifications in a timely manner. Furthermore, it is denied that DPA systematically fails to issue SNAP benefits to eligible households in a timely manner, and further denied that DPA has recently suffered backlogs in this regard.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. The first sentence contains solely argumentative content and is denied. In the second and third sentences, it is admitted that DPA's internal, unaudited, informal data is accurately reported. In the third sentence it is admitted that DPA's internal, unaudited, informal data as of November 1, 2022 is accurately reported, although it is denied that remains accurate for the "current fiscal year."

123. Admitted.

124. This paragraph contains solely argumentative content and is denied.

125. Denied.

126. Admitted.

127. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

128. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

*Della Kamkoff et. al. v. Heidi Hedberg*
Defendants' Answer to Class Action Complaint
Case No.: 3:23-cv-00044-SLG
Page 12 of 25
Case 3:23-cv-00044-SLG   Document 27   Filed 03/15/24   Page 12 of 25

129.    Admitted, except that DOH posted the English language and Spanish language application forms on their website before "late 2022," DOH additionally provides some SNAP materials online in Inupiak, and English language notices contain the statement "If you need a language interpreter, call 1-800-478-7778 and we will provide one at no cost to you."

130.    Denied.

131.    Denied.

132.    Admitted.

133.    Admitted, although the English language notice contains the statement "If you need a language interpreter, call 1-800-478-7778 and we will provide one at no cost to you."

134.    Denied.

135.    Denied.

136.    Denied.

137.    Admitted, however denied that these options are ever not available.

138.    Denied.

139.    In the first sentence, it is admitted that callers who select the option "for any other language" are connected with an external translation service, denied that they must be able to "navigate the English language voice responses system, and …request an interpreter in English" in order for this to occur. The second sentence is denied.

140.    Admitted.

*Della Kamkoff et. al. v. Heidi Hedberg*          Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint          Page 13 of 25
Case 3:23-cv-00044-SLG   Document 27   Filed 03/15/24   Page 13 of 25

141.    The first sentence is admitted. In the second sentence, as of the date of this Answer, all of the nine phone numbers work.

142.    Denied.

143.    Denied.

144.    Because no compliance agreement was ever entered into, this paragraph is denied.

145.    Denied.

146.    Denied.

147.    This paragraph contains solely argumentative content and is denied.

148.    Admitted that Ms. Kamkoff's SNAP application remained pending over 30 days due to State agency delay and, when processed, Ms. Kamkoff was eligible for SNAP benefits. All remaining allegations regarding Ms. Kamkoff are denied for lack of knowledge.

149.    See Answer to paragraph 148.

150.    See Answer to paragraph 148.

151.    See Answer to paragraph 148.

152.    See Answer to paragraph 148.

153.    See Answer to paragraph 148.

154.    See Answer to paragraph 148.

155.    See Answer to paragraph 148.

156.    See Answer to paragraph 148.

*Della Kamkoff et. al. v. Heidi Hedberg*                    Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint                    Page 14 of 25
Case 3:23-cv-00044-SLG    Document 27    Filed 03/15/24    Page 14 of 25

157. See Answer to paragraph 148.

158. See Answer to paragraph 148.

159. See Answer to paragraph 148.

160. See Answer to paragraph 148.

161. See Answer to paragraph 148.

162. See Answer to paragraph 148.

163. Admitted that Mr. Andrew's SNAP application remained pending over 30 days due to State agency delay and, when processed, Mr. Andrew was eligible for SNAP benefits. All remaining allegations regarding Mr. Andrew are denied for lack of knowledge.

164. See Answer to paragraph 163.

165. See Answer to paragraph 163.

166. See Answer to paragraph 163.

167. See Answer to paragraph 163.

168. See Answer to paragraph 163.

169. See Answer to paragraph 163.

170. See Answer to paragraph 163.

171. See Answer to paragraph 163.

172. See Answer to paragraph 163.

173. See Answer to paragraph 163.

174.    Admitted that Ms. Birch's SNAP application remained pending over 30 days due to State agency delay and, when processed, Ms. Birch was eligible for SNAP benefits. All remaining allegations regarding Ms. Birch are denied for lack of knowledge.

175.    See Answer to paragraph 174.

176.    See Answer to paragraph 174.

177.    See Answer to paragraph 174.

178.    See Answer to paragraph 174.

179.    See Answer to paragraph 174.

180.    See Answer to paragraph 174.

181.    See Answer to paragraph 174.

182.    See Answer to paragraph 174.

183.    See Answer to paragraph 174.

184.    See Answer to paragraph 174.

185.    See Answer to paragraph 174.

186.    See Answer to paragraph 174.

187.    See Answer to paragraph 174.

188.    See Answer to paragraph 174.

189.    See Answer to paragraph 174.

190.    See Answer to paragraph 174.

191.    See Answer to paragraph 174.

192.    See Answer to paragraph 174.

*Della Kamkoff et. al. v. Heidi Hedberg*                    Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint                    Page 16 of 25
Case 3:23-cv-00044-SLG    Document 27    Filed 03/15/24    Page 16 of 25

193.    Admitted that Ms. Carney's SNAP application remained pending over 30 days due to State agency delay and, when processed, Ms. Carney was eligible for SNAP benefits. All remaining allegations regarding Ms. Carney are denied for lack of knowledge.

194.    See Answer to paragraph 193.

195.    See Answer to paragraph 193.

196.    See Answer to paragraph 193.

197.    See Answer to paragraph 193.

198.    See Answer to paragraph 193.

199.    See Answer to paragraph 193.

200.    See Answer to paragraph 193.

201.    See Answer to paragraph 193.

202.    See Answer to paragraph 193.

203.    See Answer to paragraph 193.

204.    See Answer to paragraph 193.

205.    See Answer to paragraph 193.

206.    See Answer to paragraph 193.

207.    See Answer to paragraph 193.

208.    Admitted that Ms. Ferguson's SNAP application remained pending over 30 days due to State agency delay and, when processed, Ms. Ferguson was eligible for

SNAP benefits. All remaining allegations regarding Ms. Ferguson are denied for lack of knowledge.

209.    See Answer to paragraph 208.

210.    See Answer to paragraph 208.

211.    See Answer to paragraph 208.

212.    See Answer to paragraph 208.

213.    See Answer to paragraph 208.

214.    See Answer to paragraph 208.

215.    See Answer to paragraph 208.

216.    See Answer to paragraph 208.

217.    See Answer to paragraph 208.

218.    Admitted that Ms. Jenkins's SNAP application remained pending over 30 days due to State agency delay and, when processed, Ms. Jenkins was eligible for SNAP benefits. All remaining allegations regarding Ms. Jenkins are denied for lack of knowledge.

219.    See Answer to paragraph 218.

220.    See Answer to paragraph 218.

221.    See Answer to paragraph 218.

222.    See Answer to paragraph 218.

223.    See Answer to paragraph 218.

224.    See Answer to paragraph 218.

*Della Kamkoff et. al. v. Heidi Hedberg*                Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint         Page 18 of 25
Case 3:23-cv-00044-SLG   Document 27   Filed 03/15/24   Page 18 of 25

225.    See Answer to paragraph 218.

226.    See Answer to paragraph 218.

227.    See Answer to paragraph 218.

228.    See Answer to paragraph 218.

229.    See Answer to paragraph 218.

230.    See Answer to paragraph 218.

231.    See Answer to paragraph 218.

232.    See Answer to paragraph 218.

233.    See Answer to paragraph 218.

234.    Admitted that Mr. Fender's SNAP application remained pending over 30 days due to State agency delay and, when processed, Mr. Fender was eligible for SNAP benefits. All remaining allegations regarding Mr. Fender are denied for lack of knowledge.

235.    See Answer to paragraph 234.

236.    See Answer to paragraph 234.

237.    See Answer to paragraph 234.

238.    See Answer to paragraph 234.

239.    See Answer to paragraph 234.

240.    See Answer to paragraph 234.

241.    See Answer to paragraph 234.

242.    See Answer to paragraph 234.

*Della Kamkoff et. al. v. Heidi Hedberg*                    Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint               Page 19 of 25
Case 3:23-cv-00044-SLG   Document 27   Filed 03/15/24   Page 19 of 25

243.    See Answer to paragraph 234.

244.    See Answer to paragraph 234.

245.    See Answer to paragraph 234.

246.    See Answer to paragraph 234.

247.    See Answer to paragraph 234.

248.    See Answer to paragraph 234.

249.    Admitted that Ms. Conover's SNAP application remained pending over 30 days due to State agency delay and, when processed, Ms. Conover was eligible for SNAP benefits. All remaining allegations regarding Ms. Conover are denied for lack of knowledge.

250.    See Answer to paragraph 249.

251.    See Answer to paragraph 249.

252.    See Answer to paragraph 249.

253.    See Answer to paragraph 249.

254.    See Answer to paragraph 249.

255.    See Answer to paragraph 249.

256.    See Answer to paragraph 249.

257.    See Answer to paragraph 249.

258.    See Answer to paragraph 249.

259.    See Answer to paragraph 249.

260.    See Answer to paragraph 249.

*Della Kamkoff et. al. v. Heidi Hedberg*                          Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint                    Page 20 of 25
Case 3:23-cv-00044-SLG   Document 27   Filed 03/15/24   Page 20 of 25

261.    Admitted that Ms. Ellanna was eligible for SNAP benefits when her application was processed. All remaining allegations regarding Ms. Ellanna are denied for lack of knowledge.

262.    See Answer to paragraph 261.

263.    See Answer to paragraph 261.

264.    See Answer to paragraph 261.

265.    See Answer to paragraph 261.

266.    See Answer to paragraph 261.

267.    See Answer to paragraph 261.

268.    See Answer to paragraph 261.

269.    See Answer to paragraph 261.

270.    See Answer to paragraph 261.

271.    See Answer to paragraph 261.

272.    See Answer to paragraph 261.

273.    See Answer to paragraph 261.

274.    See Answer to paragraph 261.

275.    See Answer to paragraph 261.

276.    See Answer to paragraph 261.

277.    Admitted that Ms. Moroz's SNAP application remained pending over 30 days due to State agency delay and, when processed, Ms. Moroz was eligible for SNAP

benefits. All remaining allegations regarding Ms. Moroz are denied for lack of knowledge.

278.    See Answer to paragraph 277.

279.    See Answer to paragraph 277.

280.    See Answer to paragraph 277.

281.    See Answer to paragraph 277.

282.    See Answer to paragraph 277.

283.    See Answer to paragraph 277.

284.    See Answer to paragraph 277.

285.    See Answer to paragraph 277.

286.    See Answer to paragraph 277.

287.    See Answer to paragraph 277.

288.    See Answer to paragraph 277.

289.    See Answer to paragraph 277.

290.    See Answer to paragraph 277.

291.    See Answer to paragraph 277.

292.    See Answer to paragraph 277.

293.    See Answer to paragraph 277.

294.    See Answer to paragraph 277.

295.    See Answer to paragraph 277.

296.    See Answer to paragraph 277.

*Della Kamkoff et. al. v. Heidi Hedberg*                     Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint          Page 22 of 25
Case 3:23-cv-00044-SLG   Document 27   Filed 03/15/24   Page 22 of 25

297.    Defendants reallege and incorporate their answers to the preceding paragraphs as if fully restated herein.

298.    The defendants lack knowledge or information sufficient to form a belief as to whether or not the individual named plaintiffs suffered irreparable harm as a result of the defendants' admitted failure to process their SNAP applications within 30 days. It is denied that, as of date of this Answer, there exists a "prevalent failure to process initial and recertification applications for SNAP within the timeframes mandated by federal law."

299.    Defendants reallege and incorporate their answers to the preceding paragraphs as if fully restated herein.

300.    Denied.

301.    Defendants reallege and incorporate their answers to the preceding paragraphs as if fully restated herein.

302.    Denied.

303.    Defendants reallege and incorporate their answers to the preceding paragraphs as if fully restated herein.

304.    Denied.

305.    Defendants reallege and incorporate their answers to the preceding paragraphs as if fully restated herein.

306.    Denied.

307.    Denied.

*Della Kamkoff et. al. v. Heidi Hedberg*                                      Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint                       Page 23 of 25
Case 3:23-cv-00044-SLG   Document 27   Filed 03/15/24   Page 23 of 25

308.    Defendants reallege and incorporate their answers to the preceding

paragraphs as if fully restated herein.

309.    Denied.

310.    Denied.

## AFFIRMATIVE DEFENSES:

1.    Plaintiffs have failed to state a claim on which relief can be granted for one

or more claims.

2.    Plaintiffs lack a private right of enforcement for one or more claims.

3.    One or more of Plaintiffs' claims are moot.

4.    One or more Plaintiffs lack standing to bring one or more claims.

## PRAYER FOR RELIEF:

The defendant ask the Court for the following relief:

1.    That the plaintiffs take nothing by way of their complaint;

2.    That the plaintiffs' complaint be dismissed with prejudice;

3.    That the defendant be awarded costs and reasonable attorneys' fees, if

appropriate; and

4.    Any other relief this Court deems just and equitable.

DATED: March 15, 2024.

TREG TAYLOR
ATTORNEY GENERAL

By:    */s/Lael A. Harrison*
       Lael A. Harrison

*Della Kamkoff et. al. v. Heidi Hedberg*                    Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint               Page 24 of 25
Case 3:23-cv-00044-SLG   Document 27   Filed 03/15/24   Page 24 of 25

Alaska Bar No. 0811093
Assistant Attorney General
Alaska Department of Law

By:     /s/*Justin D. Nelson*
        Justin D. Nelson
        Alaska Bar No. 1102007
        Assistant Attorney General
        Alaska Department of Law

**Certificate of Service**
I certify that on March 15, 2024, the foregoing **Defendants' Answer to Class Action Complaint** were served on the parties via the CMECF electronic filing system:

*/s/Lael A. Harrison*
Lael A. Harrison, Assistant Attorney General

*/s/Justin D. Nelson*
Justin D. Nelson, Assistant Attorney General

*Della Kamkoff et. al. v. Heidi Hedberg*                    Case No.: 3:23-cv-00044-SLG
Defendants' Answer to Class Action Complaint               Page 25 of 25
Case 3:23-cv-00044-SLG   Document 27   Filed 03/15/24   Page 25 of 25