IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

DELLA KAMKOFF, *et al.*,

        Plaintiffs,

    v.

HEIDI HEDBERG, in her official capacity as Commissioner of the Alaska Department of Health,

        Defendant.

Case No. 3:23-cv-00044-SLG

## ORDER RE MOTION FOR CLASS CERTIFICATION

Before the Court at Docket 7-21 is Plaintiffs' Motion for Class Certification with respect to the Language Access Class only.[1] Defendant responded in opposition at Docket 25, to which Plaintiffs replied at Docket 26. Oral argument was not requested on this motion and was not necessary to the Court's determination.

## BACKGROUND

The facts of this case have been set forth in the Court's order at Docket 24[2]; the Court assumes familiarity and summarizes only the relevant facts here. This case is about the State of Alaska's ("State") administration of the federally funded

---

[1] *See also* Docket 7-18 (Mem. of Law in Supp. of Mot. for Class Certification).

[2] *See also Kamkoff v. Hedberg*, Case No. 3:23-cv-00044-SLG, 2024 WL 415359 (D. Alaska Feb. 5, 2024).

Supplemental Nutrition Assistance Program ("SNAP" or "Program"), which was established by the Food Stamp Act of 1964.[3] The Program, codified at 7 U.S.C. §§ 2011-2036d, is meant "to safeguard the health and well-being of the Nation's population by raising levels of nutrition among low-income households."[4] The Program is overseen by the Food and Nutrition Service ("FNS") within the U.S. Department of Agriculture ("USDA").[5] In Alaska, the Department of Health ("DOH"), Division of Public Assistance ("DPA"), administers the Program.[6]

Plaintiffs filed their complaint in Alaska state court in January 2023, and Defendant removed the case to federal court in March 2023.[7] Plaintiffs bring this suit on behalf of themselves and "three proposed classes of similarly situated low-income Alaskans," which consist of (1) an "Untimely Eligibility Class," "comprised of all Alaska residents who since January 20, 2021 have applied, are applying, or will apply for SNAP benefits through an initial application or an application for recertification and did or will not receive an eligibility determination within the legally required timeframes"; (2) a "Right to File Class," "comprised of all Alaska

---

[3] See Docket 1-1 at ¶¶ 1-4, 32-37; Food Stamp Act of 1964, Pub. L. No. 88-525, § 4, 78 Stat. 703, 704 (1964). Originally called the Food Stamp Program, the program was renamed in 2008 to the Supplemental Nutrition Assistance Program. See Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, §§ 4001-02, 122 Stat. 1651 (2008).

[4] 7 U.S.C. § 2011.

[5] See 7 C.F.R. §§ 271.2, 271.3(a).

[6] See Alaska Department of Health, Division of Public Assistance, *Supplemental Nutrition Assistance Program (SNAP)*, https://health.alaska.gov/dpa/Pages/SNAP/default.aspx (last visited May 15, 2024).

[7] Docket 1-1; Docket 1.

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Motion for Class Certification
Page 2 of 13
Case 3:23-cv-00044-SLG   Document 38   Filed 05/15/24   Page 2 of 13

residents who since January 20, 2021, were or will be denied the right to file a SNAP application the first time they contact the agency"; and (3) a "Language Access Class," "comprised of all Alaska residents with limited English proficiency [("LEP")] who since January 20, 2021, did or will not receive application materials or vital eligibility documents in their primary language and/or access to oral interpretation services, as required by the SNAP Act."[8]

The parties stipulated to class certification of the Untimely Eligibility Class and the Right to File Class, and the Court certified both classes in May 2023.[9] However, there was no stipulation or certification as to the Language Access Class.[10] After a stay on the case expired on October 31, 2023, and after the Court's denial of an additional stay request, Plaintiffs' Motion for Class Certification—with respect to the Language Access Class only—became ripe for review.[11] Defendant opposes certification of a Language Access Class.[12]

## LEGAL STANDARD

Because Plaintiffs originally filed their motion for class certification in Alaska state court, they cited to Alaska Rule of Civil Procedure 23, which governs class

---

[8] Docket 1-1 at ¶¶ 4, 19.

[9] *See* Docket 13; Docket 15.

[10] *See* Docket 13; Docket 15.

[11] *See* Docket 14; Docket 24 at 14 (ordering responsive briefing to Plaintiffs' Motion for Class Certification as to the Language Access Class only, which was originally filed in state court in January 2023).

[12] Docket 25.

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Motion for Class Certification
Page 3 of 13
Case 3:23-cv-00044-SLG   Document 38   Filed 05/15/24   Page 3 of 13

certification under Alaska law.[13] However, because the case was removed to federal court, the Court considers Plaintiffs' motion pursuant to Federal Rule of Civil Procedure 23.

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'"[14] Pursuant to Rule 23(a), a district court may certify a class only if (1) it is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. These four prerequisites are commonly known as numerosity, commonality, typicality, and adequacy of representation.[15] If these prerequisites are met, a court must also find that one of the requirements of Rule 23(b) has been met. Here, Plaintiffs rely on Rule 23(b)(2), which requires finding that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or

---

[13] Docket 7-18 at 8.

[14] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). The Alaska Supreme Court has noted that Alaska Civil Rule 23 "is patterned after Federal Rule of Civil Procedure 23." *Bartek v. State*, 31 P.3d 100, 102 (Alaska 2001), *superseded by statute on other grounds, as recognized in Brewer v. State*, 341 P.3d 1107, 1120 n. 79 (Alaska 2014).

[15] *Johnson v. City of Grants Pass*, 72 F.4th 868, 885 (9th Cir. 2023), *cert. granted sub nom. City of Grants Pass v. Johnson*, 144 S. Ct. 679 (2024).

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Motion for Class Certification
Page 4 of 13
Case 3:23-cv-00044-SLG   Document 38   Filed 05/15/24   Page 4 of 13

corresponding declaratory relief is appropriate respecting the class as a whole."[16]

"[A] district court facing a class certification motion is required to conduct 'a rigorous analysis' to ensure that the Rule 23 requirements are satisfied."[17] The party seeking class certification bears the burden of demonstrating that the requirements of Rule 23(a) and (b) are satisfied by a preponderance of the evidence.[18] In other words, "[p]laintiffs wishing to proceed through a class action must actually *prove*—not simply plead—that their proposed class satisfies each requirement of Rule 23."[19] Plaintiffs may use any admissible evidence to make the requisite showing.[20]

## DISCUSSION

The proposed representative for the Language Access Class is Nataliia Moroz; her unsworn affidavit has been filed in this case.[21] According to that document, Ms. Moroz is Ukrainian and lives in Delta Junction, Alaska, with her

---

[16] *See* Docket 7-18 at 20; Docket 26 at 4 (citing Fed. R. Civ. P. 23(b)(2)).

[17] *Conn. Ret. Plans & Tr. Funds v. Amgen Inc.*, 660 F.3d 1170, 1175 (9th Cir. 2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

[18] *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir. 2022).

[19] *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014) (emphasis in original).

[20] *Olean Wholesale*, 31 F.4th at 655 (citing *Tyson Foods Inc. v. Bouaphakeo*, 577 U.S. 442, 454-55 (2016)).

[21] Docket 1-1 at ¶ 19(c); *see* Docket 7-5 at 5 (Aff. of Nataliia Moroz). While Plaintiffs' counsel asserted on January 20, 2023, that he would file a signed and notarized affidavit with the court as soon as he received it, no such document has been filed in this case to date. Docket 7-5 at 8-9.

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Motion for Class Certification
Page 5 of 13
Case 3:23-cv-00044-SLG   Document 38   Filed 05/15/24   Page 5 of 13

husband and two minor children.[22] Ms. Moroz and her family relocated from Poland to the United States in April 2022 on Humanitarian Parole.[23] She states that her primary language is Russian, and neither she nor her husband are comfortable speaking in English.[24] Ms. Moroz is "only able to read and write in English with the use of translation on [her] phone."[25] Ms. Moroz's family began receiving SNAP benefits in May 2022, but received a notice of expiration in September 2022.[26] All of the SNAP notices Ms. Moroz received were in English, and she has had difficulty reapplying for SNAP benefits and communicating with Program employees due to the language barrier.[27] Ms. Moroz states she has "never called the [Program] helpline [her]self" "since [she has] been uncomfortable calling the call center in English" and instead "relie[s] on [her] aunt to call the call center on [her] behalf."[28] Ms. Moroz has gone to the Fairbanks DOH office twice, and while she states that "the conversation with the DOH representative [at the

---

[22] Docket 7-5 at ¶¶ 3-4.

[23] Docket 7-5 at ¶ 5.

[24] Docket 7-5 at ¶¶ 19-21.

[25] Docket 7-5 at ¶ 20.

[26] Docket 7-5 at ¶¶ 9-10.

[27] *See* Docket 7-5 at ¶¶ 22-28.

[28] Docket 7-5 at ¶¶ 24-25.

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Motion for Class Certification
Page 6 of 13
Case 3:23-cv-00044-SLG   Document 38   Filed 05/15/24   Page 6 of 13

office] was very difficult because [they] had trouble understanding each other," she does not state whether she requested an interpreter for either of those visits.[29]

The Court considers whether Plaintiffs have met their burden of proof for the Language Access Class pursuant to Rule 23(a)'s four prerequisites: numerosity, commonality, typicality, and adequacy of representation. Of these prerequisites, DOH only contends that the commonality and typicality requirements are not met.[30] But as explained below, the Court finds that Plaintiffs have failed to meet their burden of satisfying the commonality requirement and the adequacy of representation requirement. Since all four Rule 23(a) prerequisites and Rule 23(b) must be met but are not met here, the motion must be denied, and the Court does not address the remaining Rule 23(a) prerequisites or Rule 23(b).

## I. Rule 23(a)(2) – Commonality

"A class satisfies Rule 23's commonality requirement if there is at least one question of fact or law common to the class."[31] "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation."[32] "Class members' claims must depend upon a

---

[29] Docket 7-5 at ¶¶ 12, 28.

[30] Docket 25 at 7. The Court refers to Defendant as DOH here since Ms. Hedberg is being sued in her official capacity as the Commissioner of DOH.

[31] *Johnson*, 72 F.4th at 887 (citation omitted).

[32] *Id.* (emphasis in original) (quoting *Wal-Mart Stores*, 564 U.S. at 350).

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Motion for Class Certification
Page 7 of 13
Case 3:23-cv-00044-SLG   Document 38   Filed 05/15/24   Page 7 of 13

common contention such that determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke."[33]

7 C.F.R. § 272.4(b)(6) directs that "[t]he State agency shall develop estimates of the number of low-income single-language minority households" in certain areas and then provide language services based on those estimates. Citing that regulation, Plaintiffs' unverified complaint alleges that "Defendant has failed to produce estimates of the number of low-income single-language minority households" as required.[34] Plaintiffs' motion for class certification further alleges that, because DOH has failed to develop these estimates, DOH "lacks the information necessary to identify its [language access] obligations to different LEP individuals."[35] DOH acknowledges that it has the responsibility to develop these estimates and then provide language services based on those estimates, but denies that it has failed to do so.[36]

Plaintiffs provide two documents in support of their motion for certification of the Language Access Class—Ms. Moroz's unsworn affidavit and Nicholas Feronti's declaration.[37] Because Ms. Moroz's affidavit is unsworn, it is not "admissible evidence" that the Court may consider when determining class

---

[33] *Id.* (alterations, internal quotation marks, and citation omitted).

[34] Docket 1-1 at ¶ 142.

[35] Docket 26 at 4-6 (citing 7 C.F.R. § 272.4(b)(6)); *see also* Docket 1-1 at ¶ 142 (Compl.).

[36] *See* Docket 25 at 12; Docket 27 at ¶ 142 (Answer).

[37] Docket 7-5 (Aff. of Nataliia Moroz); Docket 7-13 at 2-8 (Decl. of Nicholas Feronti).

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Motion for Class Certification
Page 8 of 13
Case 3:23-cv-00044-SLG   Document 38   Filed 05/15/24   Page 8 of 13

certification.[38] However, even if Ms. Moroz's affidavit were sworn, her affidavit contains no evidence that DOH failed to complete the required estimates.[39] Similarly, Mr. Feronti, who is an attorney for Plaintiffs, provides statements in his declaration regarding the Program, this suit, DOH's processing delays, publicly available data from a variety of sources on the prevalence of low-income and single-language minority households in Alaska, and his firm's qualifications to provide representation in this case, but he provides no evidence that DOH failed to complete the estimates.[40] Therefore, Plaintiffs have failed to "*prove*—not simply plead—that their proposed class satisfies" the commonality requirement, because they have failed to provide any evidence to support the complaint's unsworn assertion that DOH did not develop the estimates required by 7 C.F.R. § 272.4(b)(6).[41]

---

[38] *See Olean Wholesale*, 31 F.4th at 665 ("In carrying the burden of proving facts necessary for certifying a class under Rule 23(b)(3), plaintiffs may use any admissible evidence." (citation omitted)).

[39] *See generally* Docket 7-5.

[40] *See generally* Docket 7-13 at 2-8. Regarding the prevalence of low-income and single-language minority households in Alaska, Mr. Feronti cites to data from the U.S. Census Bureau, the U.S. Department of Justice, the Anchorage School District, the University of Alaska Fairbanks, and the Alaska State Courts. Docket 7-13 at ¶¶ 13-17. None of these sources are from DOH. Mr. Feronti also attached dozens of pages of materials from DOH, but if any of those materials indicate that DOH failed to develop the required estimates, they are not identified in the declaration. *See* Docket 7-13 at 10-74.

[41] *See Halliburton*, 573 U.S. at 275 (emphasis in original).

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Motion for Class Certification
Page 9 of 13
Case 3:23-cv-00044-SLG   Document 38   Filed 05/15/24   Page 9 of 13

As a further consideration, DOH contends that Plaintiffs' proposed class lacks commonality because it includes all LEP SNAP applicants.[42] DOH maintains that any proposed language access class must be limited to one language since "the SNAP Act and regulations treat different languages differently."[43] The Court disagrees. Whether DOH has developed estimates that would inform its language access obligations would "generate common *answers* apt to drive the resolution of the litigation."[44] Such an answer would be applicable to all class members regardless of the language they speak, because even though DOH's obligations to various language groups may differ based on what estimates it develops, it would be the development of those estimates in the first place that would be at issue.[45] However, as noted above, Plaintiffs have failed to provide any admissible evidence that the estimates have not been performed, such that the commonality requirement has not been met.

---

[42] Docket 25 at 7.

[43] Docket 25 at 7-9.

[44] *Johnson*, 72 F.4th at 887 (emphasis in original) (quoting *Wal-Mart Stores*, 564 U.S. at 350).

[45] *Cf. Keyes v. Sch. Dist. No. 1, Denver, Colo.*, 576 F. Supp. 1503, 1507-08, 1519-20 (D. Colo. 1983) (certifying a class of "all children of limited-English language proficiency" and holding that the defendant had "the duty to take appropriate action to eliminate language barriers which . . . prevent[ed] a great number of students from participating equally in the [offered] educational programs," even though the defendant was not obligated to "provide a full bilingual education to every single LEP student" who attended the school).

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Motion for Class Certification
Page 10 of 13
Case 3:23-cv-00044-SLG   Document 38   Filed 05/15/24   Page 10 of 13

## II. Rule 23(a)(4) – Adequacy of Representation

While neither party disputes the adequacy of representation in this case, the Court is tasked with conducting "a rigorous analysis" of the Rule 23 requirements, and it finds that Plaintiffs have not established Ms. Moroz, the only named representative of the proposed Language Access Class, is a member of that class.[46] "A named plaintiff must be a member of the class she seeks to represent . . . ."[47]

Pursuant to 7 C.F.R. § 272.4(b)(1), DOH need only develop estimates of low-income households with a single-language minority, which means "households which speak the same non-English language and which do not contain adult(s) fluent in English as a second language." Ms. Moroz's unsworn affidavit does not constitute admissible evidence that she qualifies as a Language Access Class member. And even if her affidavit were sworn, it only asserts that her husband "also is not comfortable speaking in English"—she does not assert that he speaks the same non-English language as her; nor does she assert that there are no other adults fluent in English in their household.[48]

In addition, the unverified complaint alleges a failure of DOH's Virtual Contact Center ("VCC") to consistently provide options in other languages; that

---

[46] *Amgen Inc.*, 660 F.3d at 1175 (citation omitted); Docket 1-1 at ¶ 19(c).

[47] *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018) (citing *Gen. Tel. Co. of Sw.*, 457 U.S. at 156).

[48] Docket 7-5 at ¶ 21.

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Motion for Class Certification
Page 11 of 13
Case 3:23-cv-00044-SLG   Document 38   Filed 05/15/24   Page 11 of 13

when an option for another language is available, "the caller must navigate all options in English"; and that, at the time the complaint was made, none of the nine phone numbers on DOH's website connecting to an interpreter of the "most frequently used languages" worked.[49] However, Ms. Moroz's unsworn affidavit states that she has "never called the [Program] helpline [her]self."[50] Thus, Ms. Moroz's affidavit, even if sworn, does not currently demonstrate that she would be an adequate representative of the proposed Language Access Class.[51]

* * *

Plaintiffs have not made the requisite showing, by presenting "admissible evidence," on either the Rule 23(a)(2) commonality prerequisite or the Rule 23(a)(4) adequacy of representation prerequisite for the proposed Language Access Class.[52] Accordingly, the Court need not and does not reach a determination on the other Rule 23(a) prerequisites or the requirements of Rule 23(b).

---

[49] Docket 1-1 at ¶¶ 83, 135-36, 138, 141. DOH denies these allegations and asserts that, "as of the date of this Answer, all of the nine phone numbers work." Docket 27 at ¶¶ 135-36, 138, 141.

[50] Docket 7-5 at ¶ 24. Additionally, Mr. Feronti's declaration only alleges that "[c]allers to the VCC report multi-hour wait times . . . as well as frequent closure of the VCC or 'limited services' because of high call volumes," but not that there are limited language options. Docket 7-13 at ¶ 7. Mr. Feronti, moreover, appears to lack first-hand knowledge on the issue.

[51] See 7 C.F.R. § 272.4(b)(1).

[52] See Olean Wholesale, 31 F.4th at 665 ("In carrying the burden of proving facts necessary for certifying a class under Rule 23(b)(3), plaintiffs may use any admissible evidence." (citation omitted)).

Case No. 3:23-cv-00044-SLG, Kamkoff, et al. v. Hedberg
Order re Motion for Class Certification
Page 12 of 13
Case 3:23-cv-00044-SLG   Document 38   Filed 05/15/24   Page 12 of 13

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Plaintiffs' Motion for Class Certification with respect to the Language Access Class only at Docket 7-21 is DENIED.

DATED this 15th day of May 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00044-SLG, *Kamkoff, et al. v. Hedberg*
Order re Motion for Class Certification
Page 13 of 13
Case 3:23-cv-00044-SLG   Document 38   Filed 05/15/24   Page 13 of 13