STEPHEN J. COX
ATTORNEY GENERAL

Lael A. Harrison (Alaska Bar No. 0811093)
Senior Assistant Attorney General
Department of Law
PO Box 110300
Juneau, AK 99811-300
Telephone: (907) 465-3600
Facsimile: (907) 465-2539
Email: lael.harrison@alaska.gov

Justin D. Nelson (Alaska Bar No. 1102007)
Senior Assistant Attorney General
Alaska Department of Law
100 Cushman Street, Suite 400
Fairbanks, AK 99701
Telephone: (907) 451-2811
Facsimile: (907) 451-2985
Email: justin.nelson@alaska.gov
Email: Fai.law.ecf@alaska.gov

David Wilkinson (Alaska Bar No. 1211136)
Senior Assistant Attorney General
Alaska Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-6612
Facsimile: (907) 258-4978
Email:  david.wilkinson@alaska.gov

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| John Andrew, Kayla Birch, Rose Carney, Tereresa Ferguson, Zoya Jenkins, Troy Fender, Rhonda Conover, Autumn Ellanna, and Nataliia Moroz, on behalf of themselves, and all those similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No.: 3:23-cv-00044-SLG |
| Heidi Hedberg, in her official capacity as Commissioner of the Alaska Department of Health, | ) | |
| Defendant. | ) | |

**MOTION FOR PARTIAL SUMMARY JUDGMENT**
**RE: FIRST-CONTACT-FILING CLAIM**

## I. INTRODUCTION

The defendant ("DOH") moves for summary judgment on the plaintiffs' statutory and regulatory claims regarding the ability of households to apply for SNAP on their first contact with DOH. This motion is independent of, and in the alternative to, DOH's Motion for Summary Judgment filed September 2, 2025, and by filing this Motion, DOH does not concede that a private right of action exists.[1] If this Court grants DOH's September 2, 2025 motion in full, it need not consider this Motion. However, should it

[1] Defendant's Motion for Summary Judgment, Dkt. 102 (September 2, 2025).

reach the merits of the plaintiffs' first-contact-filing claims, it should grant DOH summary judgment because the plaintiffs have offered no evidence of recent or ongoing problems with households' ability to apply for SNAP on their first contact with DOH.

## II. LEGAL BACKGROUND

The plaintiffs base their first-contact-filing claim on the SNAP Act's provisions for state plans of operation.[2] One such provision requires that approved state plans contain procedures that permit households to apply for SNAP on their first in-person contact with the state agency:

> The State plan of operation required under subsection (d) of this section shall provide, among such other provisions as may be required by regulation…(2)(A) that the State agency shall establish procedures governing the operation of supplemental nutrition assistance program offices that the State agency determines best serve households in the State… (B) In carrying out subparagraph (A), a State agency…(iii) shall permit an applicant household to apply to participate in the program on the same day that the household first contacts a supplemental nutrition assistance program office in person during office hours.[3]

The SNAP Act also allows states to include state plan provisions for telephonic applications but does not require procedures for telephonic first-contact-filing.[4] Alaska

---

2 *See* 7 U.S.C. §2020(d), (e).

3 7 U.S.C. §2020(e)(2)(A), (B).

4 7 U.S.C. §2020(e)(1)(C)(ii)-(iii).

has opted to allow telephonic SNAP applications through DOH's Virtual Contact Center ("VCC").[5]

The plaintiffs also base their claim on regulations interpreting the SNAP Act's state plan provision at 7 C.F.R. 273.2(c)(1)(iii). That regulation simply says that a household "has the right to file an application form on the same day it contacts the SNAP office during office hours"; the regulation does not specify whether the contact is in person or telephonic.[6]

## III. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs filed their complaint on January 20, 2023.[7] The complaint alleges that, at that time, households could not reliably apply for SNAP benefits on their first contact with DOH either in person or by phone.[8] The complaint specifically alleges that office locations were often closed and DOH workers did not check drop boxes outside of closed offices "for several days to several weeks."[9] The complaint also alleges that "assistance via the VCC is sporadic and applicants must wait hours to reach a worker, if they are able to speak with one at all."[10] Specifically, the complaint describes the

---

5 *See* Exhibit A at 7-8 (excerpts from deposition of Becca Stovall as DOH Rule 30(b)(6) designee).

6 7 CFR §273.2(c)(1)(iii).

7 Class Action Complaint, Dkt. 1-1 (March 1, 2023) ("Complaint") at 2.

8 *Id.* at 39.

9 *Id.* at 17.

10 *Id.* at 18.

experience of plaintiff Autumn Ellanna as being unable to apply for SNAP via the VCC or in person when she attempted to do so in November 2022 and January 2023.[11]

The complaint does not allege that DOH's policies or procedures do not permit households to apply for SNAP on their first contact with DOH.[12] The complaint only alleges that practical barriers to filing on first contact existed in early 2022 and late 2023, not that DOH had policies or procedures preventing it.

Shortly after being served with the complaint and removing to this Court, DOH stipulated to class certification on the plaintiffs' first-contact-filing claim.[13] DOH also stipulated to undertake certain efforts addressed at the barriers to first contact filing alleged in the complaint, but without admitting liability on any claims.[14] Specifically, DOH agreed to "fully resume accepting Telephonic Applications for SNAP benefits

---

[11] *Id.* at 35-36. Ms. Ellanna's declaration to this effect was signed only by her counsel, and is therefore not admissible evidence. Declaration of Autumn Ellanna, Dkt. 45-7 (June 11, 2024) at 7 (signed "/s/ Nicholas Feronti for Autumn Ellanna"). Unless the plaintiffs can submit a declaration signed by Ms. Ellanna herself in opposition to this Motion, they cannot rely on this evidence in support of summary judgment. *See* Fed. R. Civ. P. 56(c)(1)(B); *Markel v. Bd. of Regents of Univ. of Wisconsin Syst.*, 276 F.3d 906, 160 (7th Cir. 2002) (summary judgment affidavit signed by plaintiff's counsel but not by plaintiff did not meet Rule 56 requirements and could not be considered on summary judgment motion).

[12] *C.f.* 7 U.S.C. §2020(e)(2)(B)(iii) (requiring only that a state establish procedures permitting households to apply for SNAP on their first in person contact with the state agency).

[13] Stipulation on Class Certification, Dkt. 13 (May 2, 2023).

[14] Second Stipulation for Stay, Dkt. 12 (May 2, 2023).

through the [VCC]… no later than June 1, 2023."[15] DOH also agreed to supplement staffing on the VCC using private contractors, who were already under contract and expected to begin work no later than July 1, 2023.[16]

DOH completed these items on schedule,[17] and DOH continues to staff the VCC with contractors who accept telephonic applications.[18] DOH just renewed that contract for an additional year.[19] Recent reports from the contractor show minimal wait times to apply for SNAP over the phone.[20] Also, in discovery, DOH confirmed that since August 2021 its policy has consistently been to accept telephonic applications.[21] DOH also confirmed that it never instructed VCC workers not to accept telephonic applications.[22]

Households can also apply in person at all Division of Public Assistance ("DPA") offices during regular business hours. If offices are closed for any reason, paper

---

15 *Id.* at 3.

16 *Id.* at 4.

17 *See* Motion for Stay, Dkt. 21 (November 21, 2023) at 17-18.

18 *See* Report on Compliance with Court Ordered Requirements, Dkt. 103-1 (September 2, 2025) at 9.

19 *Id.*

20 *See* Attachment 6 to Report on Complaint with Court Ordered Requirements, Dkt. 100-7 (July 31, 2025) (June PCG report) (showing low wait times in telephonic applications queue); Exhibit D (May PCG report) (same); Exhibit E (March PCG report) (same).

21 Exhibit F (DOH's Responses to Plaintiffs' Second Interrogatory Requests) at 2-3.

22 *Id.* at 3.

application forms and drop boxes are available outside the office door.[23] DOH staff check drop boxes at the beginning and end of every business day, if not more often.[24] In discovery, DOH also confirmed that it has made SNAP application forms available and accepted completed applications via drop box at all DPA offices, whether open or closed, since January 2022.[25]

Also, in the time since the Complaint was filed, DOH has added the capability for households to apply online.[26]

At the close of discovery, DOH was not aware of any evidence of households having difficulty filing a SNAP application on their first contact with DOH during regular business hours, either in person or over the phone. Therefore, DOH served the following request for admission on the plaintiffs:

> Request For Admission No. 1. Please admit that, as of the date of your response, the Department of Health allows households to apply for SNAP on the first day they contact the agency. See 7 U.S.C. § 2020(e)(1)(B); 7 C.F.R. § 273.2(c).[27]

DOH further served the following interrogatory:

---

23 *Id.* at 4.

24 Exhibit A at 6, Exhibit B (excerpt of deposition of Director Deb Etheridge) at 2; Exhibit C (excerpt of deposition of Tracie Dablemont) at 2.

25 Exhibit F at 4.

26 Declaration of Deb Etheridge in Opposition to Plaintiffs' Motion for Preliminary Injunction, Dkt. 46-8 (June 12, 2024) at 3-4; Exhibit A at 5.

27 Exhibit G (excerpt of Plaintiffs' Objections and Responses to Defendant's First Set of Requests for Admission, April 14, 2025) at 2.

> If your response to Request for Admission No. 1 is anything other than an unqualified admission, please identify, in detail and with specificity, all evidence in your possession that you contend supports your full or partial denial of Request for Admission No. 1. If you identify any witness statements, your response should include the name of the witness, any contact information for the witness in your possession, whether you assert attorney-client privilege with regard to the witness, a summary of the witness's statement, and the date on which the witness made the statement.[28]

The plaintiffs refused to respond to the request for admission and objected to the interrogatory.[29] However, the plaintiffs did state: "Subject to and without waiving any objections, Plaintiffs state that Plaintiffs do not possess any documents responsive to this interrogatory."[30] They did not respond as to witnesses.[31]

DOH sent a letter to the plaintiffs' counsel explaining:

> If the plaintiffs are not dropping this claim, they have the obligation to prove the claim through admissible evidence. The defendant does not have an obligation to disprove the claim. The plaintiffs have now had a full discovery period to investigate this claim, received disclosure of tens of thousands of pages of records, and conducted five depositions. While plaintiffs responded that they possess no responsive documents, they still have an obligation to identify witnesses. The plaintiffs have had a full discovery period of interaction with class members to identify and disclose potential witnesses. If at this time the plaintiffs still do not have any information in their possession, custody or control that they contend supports a full or partial denial of this request for admission, then the defendant will move for summary judgment in its favor on this claim. Additionally, please be aware that the plaintiffs' failure to admit this request

---

28 Exhibit H (excerpt of Plaintiff's Objections and Responses to Defendant's First Set of Interrogatories, April 14, 2025) at 2-3.

29 Exhibit G at 2, Exhibit H at 2-3.

30 Exhibit H at 3.

31 *Id.*

for admission, without any evidentiary basis for a denial, may be sanctionable. Fed. R. Civ. P. 37(c)(2).[32]

Plaintiffs' counsel and defense counsel also met via video conference to discuss plaintiffs' discovery responses.[33] The plaintiffs then amended their response to Request for Admission No. 1 to state: "Denied. Plaintiffs deny that SNAP applicants can always apply for SNAP on the first day they contact the agency."[34] And the plaintiffs amended their response to Interrogatory No. 6 as follows:

> Plaintiffs offer the following:
> a. all documents and records showing office closures, office staffing, office workload;
> b. all plaintiff declarations;
> c. all possible witnesses and/or deponents referencing office closures, office openings, office staffing, office workload, filing applications, and tracking of applications once filed;
> d. all documents and records regarding the online application;
> e. all documents referencing VCC wait times and/or queues; and
> f. all declarations provided by the defendant.[35]

Defense counsel again wrote plaintiffs' counsel, stating:

> As discussed on our June 18, 2025 phone call, to survive summary judgment the plaintiffs will have to establish a genuine dispute of material fact on that claim [first contact filing]. The plaintiffs cannot do so by referring the Court generally to "all documents and records showing office closures, office staffing, office workload; all plaintiff declarations;…all documents and records regarding online application; all documents

---

[32] Exhibit I (Letter re: Meet and Confer (Rule 37(a)(1)), June 9, 2025) at 5.

[33] Exhibit L at 3.

[34] Exhibit J (excerpt of Plaintiffs' First Amended Objections and Responses to Defendant's First Set of Requests for Admission, June 24, 2025) at 3.

[35] Exhibit K (excerpt of Plaintiffs' First Amended Objections and Responses to Defendant's First Set of Interrogatories, June 24, 2025) at 2-3.

> references VCC wait times and/or queues; and all declarations provided by the defendant," as they do in the revised interrogatory response. It is neither the defendant's nor the court's burden to work out which of those thousands of pages of documents might support the plaintiffs' claim. The plaintiffs have the burden—as they did in responding to this interrogatory request—to identify those documents in detail and with specificity. Nor can the plaintiffs simply point to "all possible witnesses and/or deponents referencing office closures, office openings, office staffing, office workload, filing applications, and tracking of applications once filed," and again leave it to the defendant and the court to work out what testimony might support the plaintiffs' claim.[36]

Plaintiffs provided no further updates to their discovery responses.

## IV. LEGAL STANDARDS

### A. Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56(a), a court must grant summary judgment when there is no dispute as to any material fact and the moving party is entitled to judgment as a matter of law. When, as here, the defendant moves for summary judgment and the plaintiffs have the burden of proof, the defendant only needs to demonstrate an absence of evidence to support the plaintiffs' case.[37] If the defendant does so, the plaintiffs must point to "specific facts showing that there is a genuine issue for trial."[38] To reach the level of a genuine dispute, the plaintiffs must identify sufficient admissible evidence such that a reasonable fact-finder could find in the plaintiffs' favor

---

36 Exhibit L (Letter re: Plaintiffs' Revised Discovery Responses, July 2, 2025) at 3-4.

37 *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

38 *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324).

based on it.[39] The plaintiffs must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials."[40] The plaintiff may not rely on "mere allegations or denials."[41]

### B. Permanent Injunction

In order to obtain a permanent injunction, the plaintiffs must satisfy the following four-factor test.[42] First, the plaintiffs must demonstrate that, absent the injunction, they will likely suffer irreparable injury.[43] To establish this, the plaintiffs must demonstrate a "cognizable danger of recurrent violation," not just past violations.[44] Second, the plaintiffs must demonstrate that monetary damages are inadequate to compensate for that injury.[45] Third, considering the balance of hardships between the plaintiffs and the

---

39 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986) (citations omitted).

40 Federal R. Civ. P. 56(c)(1)(A).

41 *Anderson,* 477 U.S. at 248.

42 *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

43 *Id.*

44 *Kansas v. Nebraska*, 574 U.S. 445, 466 (2015); *U.S. v. Laerdal Manufacturing Corp.*, 73 F.3d 852, 854-55 (9th Cir. 1995); *see also Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.,* 654 F.3d 989 (9th Cir. 2011) (evidence of past copyright and trademark violations do not create a presumption of irreparable harm for purposes of permanent injunction test).

45 *eBay*, 547 U.S. at 391.

defendant, an injunction must be warranted.[46] And, fourth, the injunction must not disserve the public interest.[47]

### C. Mootness

"An actual, ongoing controversy [must] exist at all stages of federal court proceedings."[48] "Without a present controversy as to which effective relief can be granted, a case becomes moot and the court is divested of jurisdiction."[49] This is true, "no matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit."[50]

In limited circumstances, an exception to mootness may apply where a party voluntarily ceases challenged behavior but could resume it as soon as the lawsuit is dismissed.[51] This exception applies where the cessation is just "a temporary move to sidestep the litigation."[52] A case may not be moot where there is a reasonable expectation that the defendant will resume the challenged behavior as soon as the lawsuit is

---

46 *Id.*

47 *Id.*

48 *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853, 861 (9th Cir. 2017).

49 *Mothership Fleet Cooperative v. Ross,* 426 F.Supp.3d 611 (2019) (citing Bayer at 862).

50 *Brach v. Newsom,* 38 F.4th 6, 11 (9th Cir. 2022) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

51 *Mothership Fleet Coop.*, 426 F.Supp.3d at 619.

52 *See Brach*, 38 F.4th at 13 (challenge to policies related to school closures during Covid-19 public health emergency moot even though the Governor continued to have the power to declare emergencies and close schools).

dismissed.[53] However, "reasonable expectation means something more than a mere physical or theoretical possibility."[54] "[A] government entity is presumed to act in good faith when it changes policies and asserts mootness based on such a change."[55]

**D. Federal Rule of Civil Procedure 37.**

Under Federal Civil Rule 37(c)(1), if a party fails to provide information or identify a witness as required by the discovery rules, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified and is harmless.[56] "Contention interrogatories" are permissible in the Ninth Circuit to determine what positions the opposing party will take at trial.[57] A party must identify the evidence on which the party intends to rely at trial

---

53 *Id.*

54 *Id.* (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)).

55 *Mothership Fleet Coop.*, 426 F.Supp.3d at 619.

56 *See* Federal Rule of Civ. P. 37(c)(1) (referring to failure to provide information or to identify a witness as required by Rule 26(a) or (e)); Federal Rule of Civ. P. 26(e) (requiring supplementation and correction of any disclosure required under Rule 26(a) or any discovery response); *see e.g., Oyarzo v. Turner*, 641 Fed.Appx. 700, 702 (9th Cir. 2015) (affirming exclusion of evidence of a conversation where plaintiff "failed to mention the conversation in his complaint or disclose it in response to an on-point interrogatory, revealing it for the first time in a declaration supporting his opposition to summary judgment").

57 *See, e.g., Wong v. Regents of University of California*, 410 F.3d 1052, 1061 (9th Cir. 2005) (plaintiff's belief that defendant would not challenge an element of the plaintiff's case was not justified: "if plaintiff was in doubt he could have resolved the issue with contention interrogatories."); *Skaff v. Meridien North America Beverly Hills, LLC,* 506 F.3d 832, 842 (9th Cir. 2007) ("concerns about specificity in a complaint are normally handled by the array of discovery devices available to the defendant … [including] contention interrogatories pursuant to Federal Rule of Civil Procedure 33.").

when asked to do so by interrogatory, or that evidence will be excluded under Rule 37(c)(1).[58]

## V. ARGUMENT

To obtain declaratory and injunctive relief, the plaintiffs must prove an ongoing violation of law. They cannot overcome summary judgment by establishing a dispute of material fact about whether there were practical barriers to first-contact-filing two or three years ago. The plaintiffs have failed to identify specific evidence of any ongoing or recent problems. They have therefore failed to meet their burden of proof to obtain a permanent injunction. And, because the plaintiffs cannot show any ongoing violation, their claim is also moot. DOH is entitled summary judgment for both of those reasons.

The plaintiffs have not alleged that DOH has adopted any formal policy or procedure that would prevent households from applying for SNAP on their first contact with DOH. And the plaintiffs have identified no evidence of any household that was actually unable to apply for SNAP on their first contact with DOH since early 2023. Moreover, DOH has provided evidence that the VCC has been fully staffed since July

---

58 *See e.g. Rispoli v. King County,* 297 Fed.Appx. 713, 715 (9th Cir. 2008) ("Rispoli first argues that the district court erred in excluding evidence relating to certain adverse employment actions that Rispoli failed to identify as such in her answers to interrogatories. We disagree. The district court did not err under Federal Rule of Civil Procedure 37(c)(1) because Rispoli's omission was neither harmless nor substantially justified. It is no answer that the underlying facts were known by King County, in light of Rispoli's interrogatory answer specifically delimiting which exact events she intended to claim as adverse employment actions.").

2023 and callers currently have minimal waits to apply for SNAP telephonically. DOH has also provided evidence that DPA offices are generally open to accept SNAP applications and, if closed, have blank applications and drop boxes available. The drop boxes are checked for applications at least twice daily, even when offices are closed to the public. The plaintiffs have identified no specific evidence from which a reasonable fact-finder could find that DOH is currently violating any first-contact-filing laws.

The plaintiffs have therefore failed to establish a dispute of material fact on the first factor required to obtain a permanent injunction: they have shown no likelihood of irreparable harm in the absence of an injunction. Without any evidence that households presently, or even recently, have been unable to apply for SNAP when they first contact DOH, the plaintiffs cannot show a likelihood that they will suffer any injury without the injunction. The plaintiffs therefore cannot meet their burden of proof to obtain an injunction, and this Court must grant DOH summary judgment.

Alternatively, the first contact filing claims are moot because of changed circumstances in the time since the plaintiffs' allegations from late 2022 and early 2023. The VCC is currently staffed with contractors who accept telephonic SNAP applications, and offices are open to accept applications or, if not, office drop boxes are checked daily. Any ruling about whether or not DOH was violating first-contact-filing laws two-and-a-half years ago would be purely advisory.

And the voluntary cessation exception to the mootness doctrine does not apply to save the plaintiffs' claim. Any problems with first-contact-filing in late 2022 and early

2023 were related to the unforeseen SNAP backlog crisis overwhelming DOH staff. DOH has long since resolved that crisis, and has made significant and resilient improvements in staffing, as well as in its processes and capacity. It was never DOH policy to not accept telephonic applications on the VCC or to not check drop boxes daily. There is no reason to believe that any problems with first contact filing that may have existed in 2022 or early 2023 are likely to recur any time soon.[59]

Finally, under Rule 37(c), it is too late for the plaintiffs to gather or identify any new evidence in support of these claims. Discovery has closed.[60] In discovery responses, the plaintiffs did not identify specific evidence to support their first contact filing claims. Under Rule 37(c), the plaintiffs cannot use any evidence that they failed to disclose in discovery responses in support of an opposition to this motion. The time has passed for the plaintiffs to identify "particular parts of materials in the record" such that a reasonable fact-finder could find in their favor on this claim. This Court must disregard any late-identified evidence the plaintiffs may try to rely on in their opposition to this motion. This Court should grant DOH summary judgment.

---

59 *See Brach*, 38 F.4th at 14 (fears that a new public health emergency would cause state to again close in person attendance in public schools "too remote and speculative to serve as a firm foundation for [federal court] jurisdiction") (internal quotations omitted).

60 *See* Order Re: Plaintiffs' Unopposed Motion to Amend Scheduling Order, Dkt. 94 (April 16, 2025).

## VI. CONCLUSION

DOH is entitled to partial summary judgment in its favor on the plaintiffs' claims for declaratory and injunctive relief brought under 7 U.S.C. 2020(e)(2)(B)(iii) and 7 C.F.R. 273.2(c)(1)(iii).

DATED: September 15, 2025.

STEPHEN J. COX
ATTORNEY GENERAL

By: */s/Lael A. Harrison*
Lael A. Harrison
Alaska Bar No. 0811093
Justin D. Nelson
Alaska Bar No. 1102007
David Wilkinson
Alaska Bar No. 1211136
Senior Assistant Attorneys General
Department of Law
Attorneys for Defendant

Certificate of Service
I certify that on September 15, 2025 the foregoing **Motion for Partial Summary Judgment Re: First-Contact-Filing Claim** was served electronically on:

Goriune Dudukgian
Northern Justice Project
406 G Street, Suite 207
Anchorage, AK 99501
gdudukgian@njp-law.com

Nicholas Feronti
Northern Justice Project
406 G Street, Suite 207
Anchorage, AK 99501
nferonti@njp-law.com
CC all pleadings to:

Jim Davis - jdavis@njp-law.com

Saima Akhtar
National Center for Law and Economic Justice
50 Broadway, Suite 1500
New York, NY 10004
akhtar@nclej.org

Margaret D. Craig
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
maggie.craig@us.dlapiper.com

Kelsey Tavares
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
kelsey.tavares@us.dlapiper.com

Christopher M. Young
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
christopher.young@dlapiper.com

Sean P. Fulton
DLA Piper LLP (US)
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201-2482
sean.fulton@us.dlapiper.com

Constance I. Du
DLA Piper LLP (US)
444 W Lake Street, Suite 900
Chicago, IL 60606-0010
constance.du@us.dlapiper.com

*/s/Lael Harrison*
Lael A. Harrison, Assistant Attorney General

*/s/Justin Nelson*
Justin D. Nelson, Assistant Attorney General

*John Andrew et. al. v. Heidi Hedberg* Case No.: 3:23-cv-00044-SLG
MOTION FOR PARTIAL SUMMARY JUDGMENT Page 19 of 19
RE: FIRST-CONTACT-FILING CLAIM