STEPHEN J. COX
ATTORNEY GENERAL

Lael A. Harrison (Alaska Bar No. 0811093)
Senior Assistant Attorney General
Department of Law
PO Box 110300
Juneau, AK 99811-300
Telephone: (907) 465-3600
Facsimile: (907) 465-2539
Email: lael.harrison@alaska.gov

Justin D. Nelson (Alaska Bar No. 1102007)
Senior Assistant Attorney General
Alaska Department of Law
100 Cushman Street, Suite 400
Fairbanks, AK 99701
Telephone: (907) 451-2811
Facsimile: (907) 451-2985
Email: justin.nelson@alaska.gov
Email: Fai.law.ecf@alaska.gov

David Wilkinson (Alaska Bar No. 1211136)
Senior Assistant Attorney General
Alaska Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-6612
Facsimile: (907) 258-4978
Email:  david.wilkinson@alaska.gov

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| John Andrew, Kayla Birch, Rose Carney, Tereresa Ferguson, Zoya Jenkins, Troy Fender, Rhonda Conover, Autumn Ellanna, and Nataliia Moroz, on behalf of themselves, and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Heidi Hedberg, in her official capacity as Commissioner of the Alaska Department of Health,<br><br>Defendant. | Case No.: 3:23-cv-00044-SLG |

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
RE: CONSTITUTIONAL CLAIMS**

## I. INTRODUCTION

The Defendant ("DOH") has moved for summary judgment on the plaintiffs' statutory and regulatory claims based on *Medina v. Planned Parenthood South Atlantic*.[1] The plaintiffs also bring constitutional claims, not subject to *Medina*, which are addressed in this motion. This Court should likewise grant summary judgment to DOH on the plaintiffs' constitutional claims.

---

[1] *See* Defendant's Motion for Summary Judgment, Dkt. 102 (Sept. 2, 2025) (discussing *Medina v. Planned Parenthood South Atlantic,* 606 U.S. ---, 145 S.Ct. 2219 (2025)).

*John Andrew et. al. v. Heidi Hedberg*     Case No.: 3:23-cv-00044-SLG
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT     Page 2 of 10
RE: CONSTITUTIONAL CLAIMS
Case 3:23-cv-00044-SLG     Document 110     Filed 09/15/25     Page 2 of 10

## II. PROCEDURAL BACKGROUND

The Complaint alleges that DOH violates SNAP applicants' due process rights under both the United States and Alaska Constitutions by failing to send notices of delayed processing and fair hearing rights to applicants after their SNAP applications have been pending for 7 days (for expedited applications) or 30 days (for other applications).[2] The plaintiffs argued this claim in support of their motion for preliminary injunction requiring such notices, but this Court granted their motion on statutory and regulatory grounds and expressly declined to consider their constitutional arguments.[3]

In compliance with this Court's preliminary injunction order, DOH now provides such notices.[4] Providing these notices required a significant effort to re-program DPA's current information technology system, which is now complete.[5]

---

[2] Class Action Complaint, Dkt. 1-1 (March 1, 2023) ("Complaint") at 39-40, 42-43. The Complaint also alleges that DOH violates the Alaska Constitution by failing to provide these notices in translation, but this Court denied certification of a language access class, and the parties have since stipulated to dismiss the language access claims. Stipulation to Dismiss Language Access Claims, Dkt. 106 (September 12, 2025).

[3] Order Re Motion for Preliminary Injunction, Dkt. 77 (Dec. 31, 2024) ("Preliminary Injunction Order") at 20, n.67.

[4] Report on Compliance with Court-Ordered Requirements, Dkt. 80-1 (Feb. 3, 2025) ("First Monthly Report") at 4-5.

[5] *Id.*

*John Andrew et. al. v. Heidi Hedberg*　　　　　　　　　　　Case No.: 3:23-cv-00044-SLG
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT　　Page 3 of 10
RE: CONSTITUTIONAL CLAIMS

Case 3:23-cv-00044-SLG　　Document 110　　Filed 09/15/25　　Page 3 of 10

### III. LEGAL STANDARDS

#### A. Summary judgment

Under Federal Rule of Civil Procedure 56(a), a court must grant summary judgment when there is no dispute as to any material fact and the moving party is entitled to judgment as a matter of law. When, as here, the defendant moves for summary judgment and the plaintiffs have the burden of proof, the defendant need only demonstrate an absence of evidence to support the plaintiffs' case.[6] If the defendant does so, the plaintiffs must point to "specific facts showing that there is a genuine issue for trial."[7] To reach the level of a genuine dispute, the plaintiffs must identify sufficient admissible evidence such that a reasonable fact-finder could find in the plaintiffs' favor based on it.[8]

#### B. Mootness

"An actual, ongoing controversy [must] exist at all stages of federal court proceedings."[9] "Without a present controversy as to which effective relief can be granted, a case becomes moot and the court is divested of jurisdiction."[10] This is true, "no matter

---

[6] *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

[7] *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986) (citations omitted).

[9] *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853, 861 (9th Cir. 2017).

[10] *Mothership Fleet Cooperative v. Ross,* 426 F.Supp.3d 611 (2019) (citing *Bayer*, 861 F.3d at 862).

*John Andrew et. al. v. Heidi Hedberg*  Case No.: 3:23-cv-00044-SLG
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT  Page 4 of 10
RE: CONSTITUTIONAL CLAIMS

Case 3:23-cv-00044-SLG   Document 110   Filed 09/15/25   Page 4 of 10

how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit."[11]

In limited circumstances, an exception to mootness may apply where a party voluntarily ceases challenged behavior but could resume it as soon as the lawsuit is dismissed.[12] This exception applies where the cessation is just "a temporary move to sidestep the litigation."[13] A case may not be moot where there is a reasonable expectation that the defendant will resume the challenged behavior as soon as the lawsuit is dismissed.[14] However, "reasonable expectation means something more than a mere physical or theoretical possibility."[15] "[A] government entity is presumed to act in good faith when it changes policies and asserts mootness based on such a change."[16]

## IV. ARGUMENT

### A. The plaintiffs' constitutional claims are moot.

DOH is already sending the notices that the plaintiffs assert are required by the federal and state constitutions, and there is no reason to believe that DOH is going to stop. Before this Court's order, DOH had not provided the notices for practical reasons:

---

[11] *Brach v. Newsom,* 38 F.4th 6, 11 (9th Cir. 2022) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

[12] *Mothership Fleet Coop.*, 426 F.Supp.3d at 619.

[13] *See Brach*, 38 F.4th at 13.

[14] *Id.*

[15] *Id.* (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)).

[16] *Mothership Fleet Coop.*, 426 F.Supp.3d at 619.

*John Andrew et. al. v. Heidi Hedberg*            Case No.: 3:23-cv-00044-SLG
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT    Page 5 of 10
RE: CONSTITUTIONAL CLAIMS

Case 3:23-cv-00044-SLG     Document 110     Filed 09/15/25     Page 5 of 10

such automated notices were not supported by DPA's information technology system.[17] But this Court's order required DPA to undertake the administrative work to reprogram the system, which incidentally required DPA to delay higher-priority reprogramming efforts.[18] Now that that the reprogramming is complete and the notices are automated, there is no reason for DOH to stop sending the notices. Although the plaintiffs have no private right of action to enforce the SNAP regulations,[19] the notices are also being sent in conformity with federal regulation.[20] And, although DOH disagrees with this Court's holding that the SNAP Act grants applicants a right to a fair hearing based on application processing delay,[21] DOH agrees that *state* regulation provides applicants with the opportunity for a fair hearing if their application is "not acted upon with reasonable promptness."[22] So there is no reason for DOH to stop including fair hearing information in the notices.

Because DOH has been sending the notices sought by the plaintiffs, and will continue to do so, the plaintiffs' constitutional claims are moot and not subject to the "voluntary cessation" exception to the mootness doctrine.

---

[17] Declaration of Becca Stovall, Dkt. 46-9 (June 12, 2024) at 3.
[18] First Monthly Report at 4-5.
[19] *See* Defendant's Motion for Summary Judgment, Dkt. 102 (Sept. 2, 2025) at 38.
[20] 7 C.F.R. 273.2(h).
[21] Preliminary Injunction Order at 18-19.
[22] 7 AAC 49.020.

*John Andrew et. al. v. Heidi Hedberg*     Case No.: 3:23-cv-00044-SLG
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT     Page 6 of 10
RE: CONSTITUTIONAL CLAIMS

Case 3:23-cv-00044-SLG    Document 110    Filed 09/15/25    Page 6 of 10

## B. The plaintiffs' constitutional claims also lack merit.

Even if not moot, the plaintiffs' due process claims fail on the merits. Although courts have held that delays of many months or years in processing benefits applications may rise to the level of due process violations,[23] DOH is not aware of any case finding that due process requires a written notice and right to a fair hearing after an application has been pending for seven or thirty days.

In support of these constitutional claims in their preliminary injunction motion, the plaintiffs cited cases holding that due process rights attach to non-discretionary benefit programs like SNAP.[24] However, the plaintiffs cited no case holding that due process requires written notice and an opportunity for fair hearing when an application for benefits is delayed beyond any specific number of days, far less seven or thirty.

For the past six months, the average processing time for SNAP applications has been 49 days.[25] This is not the kind of benefit application processing delay that has triggered constitutional concerns in other cases.

---

[23] *See, e.g., Kelly v. Railroad Retirement Bd.,* 625 F.2d 486 (3rd Cir. 1980) (delay of nearly four years to process benefit for disabled child violated due process); *Isaacs v. Bowen,* 865 F.2d 468 (2nd Cir. 1989) (19-month process to obtain Medicare Part B benefits did not violate due process); *Dukes v. New York City Employees' Retirement System,* 361 F.Supp.3d 358 (S.D.N.Y. 2019) (two year delay in processing death benefit application did not violate due process).

[24] *See, e.g., Goldberg v. Kelly,* 397 U.S. 254 (1970).

[25] Report on Compliance with Court-Ordered Requirements, Dkt. 103-1 (Sept. 2, 2025) at 5.

*John Andrew et. al. v. Heidi Hedberg*   Case No.: 3:23-cv-00044-SLG
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT   Page 7 of 10
RE: CONSTITUTIONAL CLAIMS

Case 3:23-cv-00044-SLG   Document 110   Filed 09/15/25   Page 7 of 10

As the plaintiffs point out, the Alaska Supreme Court has stated that the Alaska Constitution's due process clause may provide broader protections than its federal analogue.[26] But the plaintiffs have offered no reason to believe that the Alaska Supreme Court would depart so far from federal precedent in this instance.[27]

Therefore, even if this Court finds that the plaintiffs' due process claims are not moot, it should still grant summary judgment in favor of DOH on the plaintiffs' constitutional claims.

## V. CONCLUSION

This Court should grant summary judgment to the defendant on the plaintiffs' claims for declaratory and injunctive relief for violations of the Due Process Clauses of the United States and Alaska Constitutions.

---

[26] *See Balough v. Fairbanks N. Star Borough*, 995 P.2d 245, 263 n.4 (Alaska 2000).

[27] *C.f. Brandal v. State, Comm. Fisheries Entry Comm'n,* 128 P.3d 732 (Alaska 2006) (twenty-two year delay in processing fishing permit application did not violate due process).

*John Andrew et. al. v. Heidi Hedberg*     Case No.: 3:23-cv-00044-SLG
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT     Page 8 of 10
RE: CONSTITUTIONAL CLAIMS

Case 3:23-cv-00044-SLG     Document 110     Filed 09/15/25     Page 8 of 10

DATED: September 15, 2025.

                          STEPHEN J. COX
                          ATTORNEY GENERAL

By:   */s/Lael A. Harrison*
       Lael A. Harrison
       Alaska Bar No. 0811093
       Justin D. Nelson
       Alaska Bar No. 1102007
       David Wilkinson
       Alaska Bar No. 1211136
       Senior Assistant Attorneys General
       Department of Law
       Attorneys for Defendant

<u>Certificate of Service</u>
I certify that on September 15, 2025 the foregoing **Defendant's Motion for Partial Summary Judgment Re: Constitutional Claims** was served electronically on:

Goriune Dudukgian
Northern Justice Project
406 G Street, Suite 207
Anchorage, AK  99501
gdudukgian@njp-law.com

Nicholas Feronti
Northern Justice Project
406 G Street, Suite 207
Anchorage, AK 99501
nferonti@njp-law.com
CC all pleadings to:
Jim Davis - jdavis@njp-law.com

Saima Akhtar
National Center for Law and Economic Justice
50 Broadway, Suite 1500
New York, NY 10004
akhtar@nclej.org

Margaret D. Craig

*John Andrew et. al. v. Heidi Hedberg*    Case No.: 3:23-cv-00044-SLG
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT    Page 9 of 10
RE: CONSTITUTIONAL CLAIMS

Case 3:23-cv-00044-SLG    Document 110    Filed 09/15/25    Page 9 of 10

DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
maggie.craig@us.dlapiper.com

Kelsey Tavares
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
kelsey.tavares@us.dlapiper.com

Christopher M. Young
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
christopher.young@dlapiper.com

Sean P. Fulton
DLA Piper LLP (US)
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201-2482
sean.fulton@us.dlapiper.com

Constance I. Du
DLA Piper LLP (US)
444 W Lake Street, Suite 900
Chicago, IL 60606-0010
constance.du@us.dlapiper.com

*/s/Lael Harrison*
Lael A. Harrison, Assistant Attorney General

*/s/Justin Nelson*
Justin D. Nelson, Assistant Attorney General

*John Andrew et. al. v. Heidi Hedberg*     Case No.: 3:23-cv-00044-SLG
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT    Page 10 of 10
RE: CONSTITUTIONAL CLAIMS

Case 3:23-cv-00044-SLG    Document 110    Filed 09/15/25    Page 10 of 10