Goriune Dudukgian (AK Bar No. 0506051)
Nicholas Feronti (AK Bar No. 2106069)
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
(907) 308-3395 (telephone)
(866) 813-8645 (fax)
Email: gdudukgian@njp-law.com
Email: nferonti@njp-law.com

*Saima Akhtar (New York Bar No. 4661237)
**NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE**
50 Broadway, Suite 1500
New York, NY 10004
(212) 633-6967 (telephone)
(212) 633-6371 (fax)
Email: akhtar@nclej.org

*Margaret D. Craig (Mass. Bar No. 569130)
*Kelsey Tavares (Mass. Bar No. 705934)
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6000 (telephone)
(617) 406-6100 (fax)
Email: maggie.craig@us.dlapiper.com
Email: kelsey.tavares@us.dlapiper.com

*Christopher M. Young (Cal. Bar No. 163319)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-2700 (telephone)
(619) 699-2701 (fax)
Email: christopher.young@dlapiper.com

*Sean P. Fulton (Tex. Bar No. 24103727)
**DLA PIPER LLP (US)**
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201-2482
(214) 743-4572 (telephone)
(972) 692-7272 (fax)
Email: sean.fulton@us.dlapiper.com

*Constance I. Du (IL Bar No. 6345766)
**DLA PIPER LLP (US)**
444 W Lake Street, Suite 900
Chicago, IL 60606-0010
(312) 368-8921 (telephone)
(312) 530-7321 (fax)
Email: constance.du@us.dlapiper.com

*admitted *pro hac vice*

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| John Andrew, Kayla Birch, Rose Carney, Tereresa Ferguson, Zoya Jenkins, Troy Fender, Rhonda Conover, Autumn Ellanna, and Nataliia Moroz, on behalf of themselves, and all those similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>Heidi Hedberg, in her official capacity As Commissioner of the Alaska Department of Health,<br><br>*Defendant*. | Case No. 3:23-cv-00044-SLG<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE FIRST-CONTACT-FILING CLAIM** |

## I. PRELIMINARY STATEMENT

It is no secret that the State of Alaska Department of Health ("DOH") has long failed to timely process SNAP applications. However, before those delays can even arise, another problem has also daunted the hungry Alaskans that seek food assistance. DOH has long made it difficult—and, at times, impossible—for people in Alaska to apply for SNAP

benefits in the first place.

When this lawsuit was filed, DOH was inaccessible to scores of applicants. Offices were often closed and, even when they were open, their hours were unreliable. Meanwhile, when it came to phone calls, wait times on the Virtual Contact Center ("VCC") were outrageous as some callers had to wait as long as two hours just to speak to someone at DOH about applying for benefits. In short, many hungry Alaskans could not contact DOH, and therefore could not actually apply for SNAP benefits. These barriers are violations of the SNAP Act, which requires that applicants must be able to submit an application on the first day that they contact DOH.[1]

DOH's motion argues that, despite its long history of violating this right, a permanent injunction is no longer warranted because it has cleaned up its act, and thus Plaintiffs' claim is moot.[2]

This is false. DOH cannot show "an absence of evidence in the record" supporting the need for a permanent injunction, which it is required to do to obtain summary judgment. To the contrary, Plaintiffs' claim as to denial of application access is still a live controversy. The application backlog crisis, which DOH admits caused the access issues, persists today, increasing the likelihood that the access violations will recur. A permanent injunction is necessary to protect Alaskan's access to SNAP benefits, regardless of actions that DOH

---

[1] *See* 7 U.S.C. § 2020(e)(2)(B)(iii); 7 C.F.R. § 273.2(c).

[2] In this brief, Plaintiffs do not address the enforceability of 7 U.S.C. § 2020(e)(2)(B)(iii) under 42 U.S.C. § 1983, as that issue is separately addressed at ECF 115.

has taken since this litigation commenced. DOH's motion should therefore be denied.

## II. RELEVANT BACKGROUND

### A. Legal Background

Under the SNAP Act and its implementing regulations, DOH must allow SNAP applicants to submit an application the first day that they contact the agency.[3] As Plaintiffs more fully describe in their summary judgment motion,[4] DOH's customs and procedures have, for years, failed to ensure compliance with that federal requirement. At summary judgment, courts "view[] the evidence in the light most favorable to the nonmoving party."[5] The moving party "bears the initial burden of demonstrating absence of a genuine issue of fact."[6] DOH, as the moving party, must point to "an absence of evidence to support the nonmoving party's case."[7] Only if DOH can meet its burden does the analysis shift to the nonmoving party to point to "specific facts showing that there is a genuine issue."[8]

A permanent injunction requires, among other factors, a showing that without the

---

[3] *See* 7 U.S.C. § 2020(e)(2)(B); 7 C.F.R. § 273.2(c).

[4] ECF No. 107–1.

[5] *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

[6] *Id*. (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[7] *Id*. at 325.

[8] *Id*. at 323–24.

injunction the plaintiffs would be irreparably harmed.[9] Irreparable harm is shown by a cognizable danger of recurrent future violations.[10] Thus, to meet its burden, DOH must affirmatively show an absence of record evidence supporting Plaintiffs' claim that there is a cognizable danger of recurrent future violations of the first-contact-filing rule. That is a heavy burden and DOH has not met it.

### B. Factual Background

When this litigation began in 2023, the DOH offices were not open consistently, and most Alaskans attempted to contact the agency via its overburdened VCC.[11] Offices were closed Mondays and Fridays, and access to the telephonic application was unreliable at best.[12] Plaintiff Autumn Ellana, for instance, sought to apply for SNAP by telephone and was told she could not.[13] On average, callers would have to wait over two hours before

---

9 *See eBay, Inc. v. MercExchange L.L.C.*, 547 U.S. 388, 391 (2006).

10 *U.S. v. Laerdal Mfg. Corp.*, 73 F.3d 852, 854 (9th Cir. 1995) (citing *U.S. v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)).

11 ECF No. 108 ¶¶ 50, 57, 62–68.

12 *Id.* ¶ 50; *id.* ¶¶ 56-57; ECF No. 45-7 ¶¶ 15–25.

13 ECF No. 45-7 ¶¶ 15–30. DOH argues that Plaintiff Ellanna's declaration is inadmissible based on Seventh Circuit case law about excluding an unsworn affidavit of a nonparty witness, that was signed only by plaintiff's counsel. ECF No. 109 at 5 n. 11 (citing *Markel v. Bd. of Regents of Univ. of Wisconsin Syst.*, 276 F.3d 906, 160 (7th Cir. 2002)). Yet, DOH fails to acknowledge that Local Civil Rule 5.1(e)(1)(B) authorizes signature by counsel for a party, as on the Ellanna declaration. Fed. R. Civ. P. 56(c)(1)(B), ("showing . . . that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact"), cited by DOH, references the production of admissible materials on a motion for summary

even getting the chance to speak with someone.[14] In the six months before the filing of this case, participation in the SNAP program dropped dramatically, from 97,915 persons in July 2022, to 38,161 persons in December 2022.[15] The dramatic drop in program participation—roughly 60,000 in only six months—strongly suggests that eligible Alaskans faced unlawful barriers to filing SNAP applications.

Today, DOH maintains only 11 physical offices across the entire state.[16] Even though some offices have reopened after the end of the COVID public health emergency, others are frequently closed, hampering individuals who seek in-person services from accessing DOH.[17] For instance, the Sitka office was closed for three months in 2022, five months in 2023, and six months in 2024, with additional partial closures.[18] The Nome office was closed for 14 months starting in May 2022, and has been closed since January 2025.[19] DOH has consistently failed to allow all applicants to make an application for SNAP on

---

judgment. *See also* Fed. R. Civ. P. 56(c)(2) (permitting an objection that the cited material cannot be presented in a form that would be admissible in evidence). There is no reason that a declaration signed in a manner, consistent with the rules of *this* district would now be inadmissible on summary judgment.

[14] ECF No. 108 ¶ 7. Additional factual background is provided at ECF No. 107-1 at 21–24.

[15] ECF No. 35–1 at 13–14.

[16] ECF No. 108 ¶ 49.

[17] *Id.* ¶¶ 63–68.

[18] *Id.* ¶¶ 65–67.

[19] *Id.* ¶ 68.

the first day they contact the agency. DOH argues that the "problems with first-contact-filing in late 2022 and early 2023 were related to the unforeseen SNAP backlog crisis overwhelming DOH staff."[20] But the backlog crisis persists. DOH has failed to comply with timely processing requirements for even a month since this case was filed.[21]

## III. ARGUMENT

### A. Plaintiffs' Claim Is Not Moot

"An action becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."[22] A claim for injunctive relief, as Plaintiffs seek here, only becomes moot "once subsequent events have made clear the conduct alleged as the basis for the requested relief *could not reasonably be expected to recur*."[23] A claim for declaratory relief is likewise not moot when "the facts alleged, under all the circumstances, show that there is a substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[24]

A defendant claiming mootness based on its voluntary conduct "bears the *formidable burden* of showing that it is absolutely clear the allegedly wrongful behavior

---

[20] ECF No. 109 at 15–16.

[21] ECF No. 108 ¶¶ 76–84.

[22] *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017) (quoting *Chafin v. Chafin*, 568 U.S. 165 (2013) (internal quotation marks omitted)).

[23] *Id.* at 864 (emphasis added) (internal quotation and citation omitted).

[24] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

could not reasonably be expected to recur."[25] Voluntary cessation of allegedly illegal conduct will only deprive the court of power to hear a case if "it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur and interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."[26]

DOH cannot meet the formidable burden. DOH attributes the application access failures to overwhelmed staff at the height of the backlog.[27] But the backlog crisis is ongoing. Indeed, DOH has failed to come into compliance with timely processing for even a single month since this case was filed.[28] There is no assurance that DOH's changed behavior is "entrenched and not easily abandoned or altered in the future."[29]

DOH agreed to reopen offices on Mondays and Fridays[30] and resume accepting

---

[25] *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (emphasis added) (citing *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)); *Bayer*, 861 F.3d at 862 ("The party asserting mootness bears the heavy burden of establishing that there remains no effective relief a court can provide." (citation omitted)).

[26] *Fikre v. Fed. Bureau of Investigation*, 904 F.3d 1033, 1037 (9th Cir. 2018) (citing *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)) (internal quotation marks omitted).

[27] *See* ECF No. 109 at 15–16.

[28] ECF No. 108 ¶¶ 76–84.

[29] *Brach v. Newsom*, 38 F.4th 6, 13 (9th Cir. 2022).

[30] *See supra* Section II.B (explaining that DOH maintains only 11 offices and that others are frequently closed).

telephonic applications only because of a stipulation to stay this litigation in May 2023.[31] Further, DOH's recent implementation of an online SNAP application form only occurred in December 2024, well after the commencement of this litigation.[32] DOH reportedly extended its VCC staffing contract—but only for a year.[33] That is hardly the kind of "permanent" change necessary to establish mootness.[34] Because residents of many of Alaska's more remote and rural areas can only access a DOH office via airplane or by driving significant distances,[35] relying on in-person service options cannot ensure that rural class members can apply for SNAP the first day they contact the agency as the SNAP Act requires. Thus, preserving consistent access by way of the VCC and online application plays a crucial role in providing Plaintiffs and other class members with the ability to file SNAP applications.

Plaintiffs' claims are therefore not moot and the Court can order the relief requested by Plaintiffs.

### B. DOH Cannot Meet Its Burden of Showing an Absence of Evidence

DOH also ignores the ample evidence in the record of violations recurring well after

---

[31] ECF No. 108 ¶ 62; ECF No. 12 at 3–5.

[32] ECF No. 108 ¶ 72.

[33] ECF No. 109 at 6.

[34] *Laidlaw*, 528 U.S. at 190.

[35] ECF No. 45–5 ¶ 11; ECF No. 45–3 ¶ 9; ECF No. 45–6 ¶ 17; ECF No. 45–7 ¶¶ 9–11; ECF No. 45–2 ¶ 8.

the initiation of this lawsuit. Specifically, the frequent closures of two out of the only 11 offices, and the fact that people are lining up an hour before offices open in order to get assistance.[36] Then, without providing legal support, DOH attempts to dismiss all of the evidence in the record of post-complaint behavior as not being "recent" enough for this Court.

DOH further admits that it was only after this litigation started that it agreed to undertake certain efforts, such as resuming accepting telephonic applications, supplementing staffing, and adding capability for households to apply online.[37] These efforts do not establish an "absence of evidence" of "recent problems," but instead demonstrate that court intervention is both effective and required to ensure that DOH continues to meet its legal obligations.

DOH cannot argue that recent changes in its behavior from less than a year ago—made only in response to this litigation—are sufficient to end this litigation without any order ensuring permanent change. Courts have repeatedly held that recent alleged cessation of bad behavior does not guarantee absence of renewed future bad behavior: "It is the duty of the courts to beware of efforts to defeat injunctive relief by protestations of repentance and reform, especially when abandonment seems timed to anticipate suit, and there is a

---

[36] ECF No. 108 ¶ 49; *id.* ¶¶ 65–71.

[37] ECF No. 109 at 6–7.

probability of resumption."[38]

Cases cited by DOH are readily distinguishable from the facts in this case. In *Kansas v. Nebraska*, the court held that Kansas failed to show a "cognizable danger of recurrent violation" because Nebraska adopted new compliance measures the year *before* Kansas brought an action for injunctive relief.[39] *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.* simply stands for the uncontroversial proposition that irreparable harm must be proved, not presumed.[40] And in *U.S. v. Laerdal Manufacturing Corp*., the Ninth Circuit upheld a permanent injunction affirming the district court's finding that defendant's "ongoing history of not following its own stated reporting procedures made necessary not only the statutory injunction, but regular government inspections specifically aimed at determining whether [defendant] is actually following its new stated procedures."[41] In fact, the court

---

38 *U.S. v. Oregon State Med. Soc'y*, 343 U.S. 326, 333 (1952); *see also City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001) ("[Voluntary cessation doctrine] traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." (citing *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 66–67 (1987))); *LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1154 (9th Cir. 2006) ("[Defendant's] representation that it has no intention to use LGS's architectural plans in the future does not make it 'absolutely clear' that Concordia will permanently refrain from future infringement.").

39 574 U.S. 445, 466 (2015) (internal citations omitted).

40 654 F.3d 989, 1000 (9th Cir. 2011) (superseded in part by statute on trademark issues, as recognized in 15 U.S.C. § 1116(a) and *Tender Software Pty Ltd. v. ForestCoin, Inc.*, 2021 U.S. Dist. LEXIS 246727, at *13–14 (C.D. Cal. Sept. 15, 2021)).

41 73 F.3d 852, 857 (9th Cir. 1995).

specifically held that the district court did not err "in questioning [defendant's] credibility with respect to reforms introduced under protest or after the violation was discovered," observing that "past illegal conduct gives rise to an inference that future violations may occur."[42]

DOH fails to show an absence of evidence supporting Plaintiffs' claim, and thus DOH is not entitled to summary judgment.

### C. Plaintiffs Have Offered Admissible Evidence

DOH idly invokes Fed. R. Civ. P. 37 without identifying inadmissible evidence put forth by Plaintiffs.[43] But there is no evidentiary issue in Plaintiffs case. DOH states that under Rule 37(c) Plaintiffs cannot "gather or identify any new evidence in support of [their] claims."[44] Plaintiffs do not rely on any new evidence. DOH further states that Plaintiffs "cannot use any evidence that they failed to disclose in discovery responses in support of an opposition to this motion."[45] As Plaintiffs' substantial filing indicates, only evidence properly obtained through discovery has been offered in support of Plaintiffs' Motion for Summary Judgment. Plaintiffs identified this evidence in their interrogatory response.[46]

---

42 *Id.* (citing *SEC v. Koracorp Indus., Inc.*, 575 F.2d 692, 698 (9th Cir. 1978), cert denied, 439 U.S. 953 (1978).

43 ECF No. 109 at 16.

44 *Id.* at 16.

45 *Id.* at 16.

46 Defendant's Ex. K, ECF No. 109–14.

While DOH now appears to complain that Plaintiffs' discovery response lacked sufficient specificity, DOH's remedy would have been to bring a motion to compel under Rule 37(a)(3), which DOH did not do.[47] DOH's concern falls flat when Plaintiffs have not offered disallowed evidence and no motion to compel was made.

## IV. CONCLUSION

Hungry Alaskans cannot apply for SNAP benefits if they show up to an office that is closed. Nor can those hungry Alaskans apply for SNAP benefits if they are also forced to wait, for hours on end, on a VCC phone system where they can scarcely ever get through to a live human being. There is no dispute that these barriers have restricted Alaskans from applying for SNAP benefits. And there is no showing by DOH that the barriers will not endure in the future. Unfortunately, without court oversight, the problems may reemerge.

DOH's persistent failure to permit SNAP applicants to apply on the first day of contact with DOH violates the SNAP Act. For the reasons detailed above, Defendant's Motion for Partial Summary Judgment on the Right to Apply Claim should be denied.

Dated: October 24, 2025.

Respectfully submitted,

*/s/ Saima Akhtar*

---

47 Fed. R. Civ. P. 37; *see, e.g.*, *Malik v. Falcon Holdings, LLC*, 675 F.3d 646, 649 (7th Cir. 2012) ("[I]f defendants thought that plaintiffs had failed to perform their obligations under the rules, they should have asked the district judge for a sanction before discovery closed rather that [sic] waiting (as they did) until their motion for summary judgment.")

Goriune Dudukgian (AK Bar No. 0506051)
Nicholas Feronti (AK Bar No. 2106069)
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
(907) 308-3395 (telephone)
(866) 813-8645 (fax)
Email: gdudukgian@njp-law.com
Email: nferonti@njp-law.com

*Saima Akhtar (New York Bar No. 4661237)
**NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE**
50 Broadway, Suite 1500
New York, NY 10004
(212) 633-6967 (telephone)
(212) 633-6371 (fax)
Email: akhtar@nclej.org

*Margaret D. Craig (Mass. Bar No. 569130)
*Kelsey Tavares (Mass. Bar No. 705934)
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Tel.: (617) 406-6000
Fax: (617) 406-6100
Email: maggie.craig@us.dlapiper.com
Email: kelsey.tavares@us.dlapiper.com

*Christopher M. Young (Cal. Bar No. 163319)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel.: (619) 699-2700
Fax: (619) 699-2701
Email: christopher.young@us.dlapiper.com
*Sean P. Fulton (Tex. Bar No. 24103727)
**DLA PIPER LLP (US)**
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201-2482
(214) 743-4572 (telephone)
(972) 692-7272 (fax)

Email: sean.fulton@us.dlapiper.com

*Constance I. Du (IL Bar No. 6345766)
**DLA PIPER LLP (US)**
444 W Lake Street, Suite 900
Chicago, IL 60606-0010
(312) 368-8921 (telephone)
(312) 530-7321 (fax)
Email: constance.du@us.dlapiper.com

*appearing *pro hac vice*

ATTORNEYS FOR PLAINTIFFS

## **Certificate of Service**

I hereby certify that on October 24, 2025, a true and correct copy of the foregoing document was served on all parties via the CM/ECF electronic filing system.

/s/ *Saima Akhtar*
Saima Akhtar