STEPHEN J. COX
ATTORNEY GENERAL

Lael A. Harrison (Alaska Bar No. 0811093)
Senior Assistant Attorney General
Department of Law
PO Box 110300
Juneau, AK 99811-300
Telephone: (907) 465-3600
Facsimile: (907) 465-2539
Email: lael.harrison@alaska.gov

Justin D. Nelson (Alaska Bar No. 1102007)
Senior Assistant Attorney General
Alaska Department of Law
100 Cushman Street, Suite 400
Fairbanks, AK 99701
Telephone: (907) 451-2811
Facsimile: (907) 451-2985
Email: justin.nelson@alaska.gov
Email: Fai.law.ecf@alaska.gov

David Wilkinson (Alaska Bar No. 1211136)
Senior Assistant Attorney General
Alaska Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-6612
Facsimile: (907) 258-4978
Email: david.wilkinson@alaska.gov

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| John Andrew, Kayla Birch, Rose Carney, Tereresa Ferguson, Zoya Jenkins, Troy Fender, Rhonda Conover, Autumn Ellanna, and Nataliia Moroz, on behalf of themselves, and all those similarly situated, | |
| Plaintiffs, | |
| v. | Case No.: 3:23-cv-00044-SLG |
| Heidi Hedberg, in her official capacity as Commissioner of the Alaska Department of Health, | |
| Defendant. | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: FIRST-CONTACT-FILING CLAIM (ORAL ARGUMENT REQUESTED)**

## I. Introduction

The plaintiffs' opposition to DOH's motion for partial summary judgment on this claim ignores both the law and the facts. First, the plaintiffs ignore that the SNAP Act only requires States to permit *in person* filing during office hours.[1] So the plaintiffs'

[1] *See* 7 U.S.C. § 2020(e)(2)(B)(iii). As noted in DOH's underlying Motion for Summary Judgment Re: First Contact Filing, DOH does not concede that plaintiffs have a private right of action to enforce the SNAP Act, and this motion for summary judgment is in the alternative to DOH's Motion for Summary Judgment, dkt. 102 (Sept. 1, 2025)

complaints about limited access to the VCC in late 2022 and early 2023 are irrelevant. And the plaintiffs ignore the facts when they suggest that improved access to the VCC—as well as office re-openings and an online SNAP application—were in response to this lawsuit. The record is clear that DOH implemented these efforts of its own initiative and in conjunction with FNS before this lawsuit got off the ground.

## II. The plaintiffs have offered no admissible evidence that DOH has ever violated the SNAP Act's first-contact filing provision.

The SNAP Act only requires first-contact filing for in person applicants. Under 7 U.S.C. § 2020(e)(2)(B)(iii), States must "establish procedures" that "permit an applicant household to apply to participate in the program on the same day that the household first contacts a supplemental nutrition assistance program office *in person* during office hours."[2] The Act's provision allowing telephonic applications has no similar first-contact filing requirement.[3] And while the regulations do not contain the limiting phrase "in person,"[4] the plaintiffs have clarified that they are suing to enforce the statute only, not

---

(citing *Medina v. Planned Parenthood South Atlantic,* 606 U.S. ---, 145 S.Ct. 2219 (2025)).

2 Emphasis added.

3 7 U.S.C. § 2020(e)(2)(C)(ii).

4 7 C.F.R. § 273.2(c)(1)(iii).

the regulations.[5] The plaintiffs have offered no admissible evidence that any household has ever been unable to apply for SNAP on their first in person visit to a Division of Public Assistance ("DPA") office during office hours.

First, the plaintiffs complain that DOH maintains "only 11 physical offices," but that is not evidence of any statutory violation.[6] The SNAP Act does not require DOH to maintain any specific number of offices, or offices in any specific locations. To be clear, DOH could *permanently close* its smaller offices that have struggled with staffing, without running afoul of the Act. Rather than do so, DOH has demonstrated its continued commitment to public access by keeping those offices, at considerable effort and expense. And maintaining those physical locations permits households to apply in person, including via drop box on days when those offices have temporarily closed due to low staffing.[7]

Next, the plaintiffs offer the unsigned declaration of Autumn Ellanna, but that reveals no violation of the SNAP Act, either. Ms. Ellanna's unsigned declaration

---

5 Plaintiffs' Opposition to Defendant's Motion for Summary Judgment re: Private Rights of Action, dkt. 115 (October 17, 2025) at 28.

6 *See* Plaintiffs' Opposition to Defendant's Motion for Summary Judgment Re: First-Contact-Filing Claim, dkt. 117 (Oct. 24, 2025) ("First-Contact-Filing Opposition") at 6.

7 *See* Exhibit F to Defendant's Motion for Summary Judgment Re: First-Contact-Filing Claim, dkt. 109 (Sept. 15, 2025) ("First-Contact-Filing MSJ") at 4.

describes her in-person visit to the Nome office on January 17, 2023.[8] On finding the office closed, she placed her SNAP application in the drop box.[9] And, in fact, her application was duly date stamped January 17, 2023 by the Nome office.[10] DOH's procedures permitted Ms. Ellanna to file her SNAP application on the same day that she first visited a DPA office in person during office hours, despite the temporary closure.

Not only is Ms. Ellanna's unsigned declaration not evidence of a SNAP Act violation, it is inadmissible.[11] 28 U.S.C. § 1746 governs when an unsworn declaration under penalty of perjury may be admissible evidence, and that statute clearly requires that the declaration be "subscribed by" the person making the declaration.[12] The plaintiffs assert that Local Rule 5.1 allowed their counsel to sign the declaration,[13] but that rule is about sufficiency of signatures for electronic filing—not admissibility of evidence. And

---

8 Declaration of Autumn Ellanna, dkt. 45-7 (June 11, 2024) at 4-5.

9 *Id.*

10 *See* Affidavit of Becca Stovall filed with this brief. The application cover page with the date stamp was produced to the plaintiffs as confidential discovery at Bates number SOA014439.

11 *See* Declaration of Autumn Ellanna, dkt. 45-7 (June 11, 2024) at 7 (signed "/s/ Nicholas Feronti for Autumn Ellanna").

12 *See Security Alarm Financing Enterprises, L.P. v. Alder Holdings, LLC.*, Not Reported in F.Supp., 2017 WL 11623970 at 1, n.4 (D. Alaska 2017) ("The probative force of a declaration subscribed under penalty of perjury derives from the signature of the declarant.") (quoting *Blumberg v. Gates*, 2003 WL 22002739 at *1 (C.D.Cal. Aug. 19, 2003)).

13 First-Contact-Filing Opposition at 5, n.13.

it does not apply to Ms. Ellanna. Local Rule 5.1 sets out a procedure for one "registered user" of the electronic filing system (i.e. an attorney) to file a pleading on behalf of another. For example, that rule would permit plaintiffs' counsel to sign a stipulation on behalf of defendant's counsel, with consent, and then serve a copy on defendant's counsel. But it does not permit plaintiffs' counsel to sign a pleading on behalf of their client (who is not a registered user with permission to file electronically) and serve their client with a copy. And it is not an exception to the requirement that Ms. Ellanna sign her declaration in order for it to be admissible evidence.[14]

Thus, the plaintiffs have failed to meet their burden under Civil Rule 56 to identify admissible evidence sufficient to justify trial on this claim.

## III. The plaintiffs have the burden to prove their claim, and the plaintiffs had the burden to respond to discovery requests.

When DOH served the plaintiffs with an interrogatory request to identify with specificity all evidence in their possession supporting this claim, the plaintiffs identified none.[15] That is more than a sufficient basis to grant DOH's motion for summary judgment. DOH does not have the burden to produce admissible evidence *disproving* the plaintiffs' claims. "When the nonmoving party has the burden of proof at trial, the

---

[14] Nor have plaintiffs offered a properly executed declaration from Ms. Ellanna even after DOH raised this issue in its motion for summary judgment more than a month ago. First-Contact-Filing MSJ (dated Sept. 15, 2025).

[15] *See* Exhibit K to First-Contact-Filing MSJ at 2-3.

moving party need only point out that there is an absence of evidence to support the nonmoving party's case."[16] The defendant may make that showing "through argument" alone.[17] Here, DOH has exceeded that standard, and made that showing through the plaintiffs' own interrogatory response that failed to identify any admissible evidence in support of this claim.[18]

Despite having identified no evidence in response to DOH's interrogatory, the plaintiffs now purport to rely on the unsigned declaration of Ms. Ellanna, statistics showing a drop in SNAP participant raw numbers between July and December of 2022, the deposition testimony of DPA's workflow contractor, and a news article in support of this claim.[19] Federal Civil Rule 37(c)(1) bars the plaintiffs from relying on this evidence in their opposition to this summary judgment motion (or in support of their own summary judgment motion) because they failed to identify it with specificity in their interrogatory response. The plaintiffs have no answer to this. Instead, they try to shift the blame onto DOH for not having moved to compel them to respond to the interrogatory. This is more

---

16 *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

17 *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

18 *See* Exhibit K to First-Contact-Filing MSJ at 2-3.

19 *See also* Memorandum in Support of Plaintiffs' Motion for Summary Judgment, dkt. 107-1, Sept. 12, 2025 at 20-25.

impermissible burden-shifting. Rule 37(c)(1) is an "automatic" sanction.[20] DOH was not required to move to compel the plaintiffs to adequately respond to the interrogatory in order for Rule 37(c)(1) to apply.[21]

In any case, as further established in the defendant's opposition to the plaintiffs' motion for summary judgment, none of this evidence actually supports the plaintiffs' claim, and some of it is inadmissible.[22] Whether or not this Court excludes the evidence under Rule 37(c)(1), the plaintiffs have not established a dispute of material fact sufficient to overcome DOH's motion for summary judgment.

## IV. DPA office re-openings, the VCC staffing contract, and the online SNAP application were not in response to this litigation.

Since the plaintiffs have not established a dispute of material fact about whether DOH *ever* violated the SNAP Act's first-contact-filing provision, mootness is not relevant. But the plaintiffs are also demonstrably wrong when they suggest that DPA's expanded office hours, VCC staffing contract, and online application are somehow the

---

20 *Merchant v. Corizon Health,* 993 F.3d 733, 741-42 (9th Cir. 2021).

21 *See* Wright & Miller, *Federal Practice and Procedure,* 2289.1 "Automatic Exclusion of Undisclosed Information" ("The sanction is automatic in the sense that there is no need for the opposing party to make a motion to compel disclosure, as authorized by Rule 37(a)(3)(A) in order to compel a further disclosure, as a predicate for imposition of the sanction of exclusion.").

22 *See* Defendant's Opposition to Plaintiffs' Motion for Summary Judgment, dkt. 116 (Oct. 24, 2025) at 8-13.

result of this lawsuit.[23] Those changes resulted from DOH's own initiatives and FNS's CAP process, well before this lawsuit got underway.

On January 24, 2023, DOH Commissioner Heidi Hedberg appeared before the Alaska state legislature's Senate Health and Social Services Committee and testified that, since her appointment on November 16, 2022:

> I've spent last two and a half months focusing on the DPA; understanding programs, workflows, delays, and identifying solutions to address immediate and long term needs of the Division…. I share all of this to demonstrate that I recognize the impacts of these delays that are having on Alaskans and that I'm doing everything in my power to focus on solutions so we can address the immediate crisis and mitigate future disruptions.[24]

She also testified that DPA was in the process of developing an online SNAP application, and it was being reviewed by the State's information technology security office.[25]

Similarly, DPA director Deb Etheridge was hired in January 2023 and knew at the time that it would be her responsibility to work on solutions to the backlog crisis.[26]

---

23 *See, e.g.,* First-Contact-Filing Opposition at 10 ("DOH cannot argue that recent changes in its behavior for less than a year ago—made only in response to this litigation…").

24 Alaska Senate Health & Social Services Committee Meeting, January 24, 2023, 3:30pm, minutes available online at https://www.akleg.gov/basis/Meeting/Detail?Meeting=SHSS%202023-01-24%2015:30:00#tab3_4, 4:01pm

25 *Id.* at 4:24pm.

26 Affidavit of Deb Etheridge, dkt. 46-8 (June 12, 2024) at 9.

DOH entered into the contract to staff the VCC on January 25, 2023, with a start date of February 1, 2025.[27]

On February 9, 2023, Commissioner Hedberg received a letter from FNS memorializing a January 12, 2023 meeting between FNS and DOH.[28] That letter describes the strategies that DOH proposed at that meeting, including reopening smaller DPA offices and implementing an online SNAP application.[29] That letter also set up weekly calls between DPA and FNS, and required DPA to submit a proposed Corrective Action Plan.[30]

This lawsuit was filed in state superior court on January 20, 2023 and service was completed January 30.[31] So, by the time this lawsuit was filed, Commissioner Hedberg had been developing solutions to the backlog crisis for months, Director Etheridge had accepted her position with the intent to implement Commissioner Hedberg's agenda to resolve the backlog, DOH had met with FNS and had proposed re-opening smaller DPA offices and implementing an online SNAP application, and DOH had negotiated a contract to staff the VCC (which DOH finalized before service was complete).

---

[27] Exhibit A (Excerpts of 2023 PCG contract).

[28] Exhibit B (Letter FNS to DOH, Feb. 9, 2023).

[29] *Id.*

[30] *Id.*

[31] Class Action Complaint, dkt. 1-1 (March 1, 2023).

On March 1, 2023, DOH removed this case to federal court. Two days later, on March 3, DPA submitted its first proposed CAP to FNS, addressing office re-openings and stating that DPA "anticipates being able to implement the on-line SNAP application between October and December 2023."[32] Similarly, on March 2, 2023, Commissioner Hedberg informed the Alaska legislature's Senate Finance Committee that DPA was preparing to launch an online SNAP application in December 2023.[33]

On March 10, 2023 the parties stipulated to stay this case until May 2023. That stipulation recited:

> The State of Alaska Department of Health ("DOH") is very aware of, and is making immediate and significant efforts to address, the SNAP benefits backlog. These include hiring additional positions, bringing on contractors, and seeking waivers from the USDA, Food and Nutrition Service ("FNS"). DOH is also actively working with FNS to develop a Corrective Action Plan to address the SNAP benefits backlog. The Office of the Governor has also requested supplemental appropriations from the legislature for DOH to help address the SNAP benefits backlog. In light of DOH's demonstrated commitment to resolving the SNAP benefits backlog, the parties agree to stay this litigation until May 1, 2023 to allow time for implementation and continuation of DOH's efforts to reduce the SNAP benefits backlog.[34]

---

32 Exhibit C (Email DOH to FNS, March 1, 2023, with attachment).

33 Alaska Senate Finance Committee Meeting, March 2, 2023 9am, minutes available online at: https://www.akleg.gov/basis/Meeting/Detail?Meeting=SFIN%202023-03-02%2009:00:00#tab3_4e, 9:52am.

34 Stipulation for Stay, dkt. 6 (March 10, 2023).

Thus, at the time of the stipulated stay, the plaintiffs were relatively satisfied with DOH's efforts, and believed that allowing DOH to continue its ongoing efforts was in class members' best interests.

On March 13, 2023, FNS responded to DPA's proposed CAP and requested more detail.[35] On April 10, 2023, DPA submitted revisions to its proposed CAP (which FNS ultimately approved on April 25, 2023), stating a plan "to reopen to a full Monday through Friday 9:00 to 4:00 by June 01, 2023."[36] It also described the online application as "Planned: October-December 2023."[37]

On May 2, 2023, *after* FNS approved DPA's proposed CAP, DPA and the plaintiffs stipulated to stay this case again, this time for six months.[38] The stipulation closely tracked the CAP that FNS had already approved, including the plan to reopen offices by June 1, 2023.[39]

---

35 Exhibit D (FNS email to DOH, March 13, 2023, with attachment).

36 Exhibit E (approved CAP). Exhibit F (Letter FNS to DOH, April 25, 2023). *See also* Plaintiffs' Motion for Summary Judgment, Exhibit 29, dkt. 108-36 (Sept. 12, 2025) at 5.

37 Motion for Stay, Exhibit 2, dkt. 17-1 (Nov. 9, 2023) at 21.

38 Exhibit F; Stipulation for Stay, dkt. 12 (May 2, 2023) at 4-5.

39 *Compare* Plaintiffs' Motion for Summary Judgment, Exhibit 29, dkt. 108-36 (Sept. 12, 2025) and Stipulation for Stay, dkt. 12 (May 2, 2023) at 4-5. Both the stipulation and the CAP include increasing certification periods from six to twelve months for most households, both include increasing certification periods to 24 months for elderly and disabled households, both include contracting for staffing on the VCC, etc. Notably, the CAP states "target…to reduce[] the overall backlog at least 3% week

Thus, the record demonstrates that DOH's efforts to reopen DPA offices, improve staffing on the VCC, and implement an online SNAP application by December 2023[40] were entirely independent of this lawsuit. DOH began those initiatives months before this lawsuit was filed. DOH's work to finalize a CAP with FNS and its commitment to delivering benefits to Alaskans drove this progress. The plaintiffs cannot take credit for any of it. The plaintiffs are demonstrably wrong to assert that DOH made these changes only in response to the lawsuit. And the plaintiffs' speculation that DOH will immediately undo them in the absence of a permanent injunction is baseless.

## V. Conclusion

This Court should grant the defendant summary judgment on the plaintiffs' first-contact-filing claim.

DATED: November 17, 2025.

---

over week" and the stipulation agrees to reduce backlog from 10,598 cases to 5,299 cases over 6 months or approximately 24 weeks. A 3% reduction week over week from 10,598 cases for 24 weeks equals 5,260.

40 The plaintiffs erroneously assert that DPA began accepting online SNAP applications in December of 2024, but in fact it was December of 2023. *See* Plaintiffs' Motion for Summary Judgment, Exhibit 15, dkt. 108-16 (Sept. 12, 2025) at 2 ("Starting today, Thursday, December 28, 2023, we have a new Online SNAP only application"); Answer, dkt. 27 (March 15, 2024) at 9, ¶80 ("starting in late 2023, applicants for SNAP and Medicaid may now utilize an online form, also.").

STEPHEN J. COX
ATTORNEY GENERAL

By: */s/Lael Harrison*
Lael A. Harrison
Alaska Bar No. 0811093
David Wilkinson
Alaska Bar No. 1211136
Justin D. Nelson
Alaska Bar No. 1102007
Senior Assistant Attorneys General
Department of Law
Attorneys for Defendant

Certificate of Service
I certify that on November 17, 2025, the foregoing **Reply in Support of Defendant's Motion for Summary Judgment Re: First-Contact-Filing Claim (Oral Argument Requested)** was served electronically on:
Goriune Dudukgian
Northern Justice Project
406 G Street, Suite 207
Anchorage, AK 99501
gdudukgian@njp-law.com

Nicholas Feronti
Northern Justice Project
406 G Street, Suite 207
Anchorage, AK 99501
nferonti@njp-law.com
CC all pleadings to:
Jim Davis - jdavis@njp-law.com

Saima Akhtar
National Center for Law and Economic Justice
50 Broadway, Suite 1500
New York, NY 10004
akhtar@nclej.org

Margaret D. Craig
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
maggie.craig@us.dlapiper.com

Kelsey Tavares
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
kelsey.tavares@us.dlapiper.com

Christopher M. Young
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
christopher.young@dlapiper.com

Sean P. Fulton
DLA Piper LLP (US)
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201-2482
sean.fulton@us.dlapiper.com

Constance I. Du
DLA Piper LLP (US)
444 W Lake Street, Suite 900
Chicago, IL 60606-0010
constance.du@us.dlapiper.com

*/s/Justin Nelson*
Justin D. Nelson, Assistant Attorney General