STEPHEN J. COX
ATTORNEY GENERAL

Lael A. Harrison (Alaska Bar No. 0811093)
Senior Assistant Attorney General
Department of Law
PO Box 110300
Juneau, AK 99811-300
Telephone: (907) 465-3600
Facsimile: (907) 465-2539
Email: lael.harrison@alaska.gov

Justin D. Nelson (Alaska Bar No. 1102007)
Senior Assistant Attorney General
Alaska Department of Law
100 Cushman Street, Suite 400
Fairbanks, AK 99701
Telephone: (907) 451-2811
Facsimile: (907) 451-2985
Email: justin.nelson@alaska.gov
Email: Fai.law.ecf@alaska.gov

David Wilkinson (Alaska Bar No. 1211136)
Senior Assistant Attorney General
Alaska Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-6612
Facsimile: (907) 258-4978
Email: david.wilkinson@alaska.gov

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| John Andrew, Kayla Birch, Rose Carney, Tereresa Ferguson, Zoya Jenkins, Troy Fender, Rhonda Conover, Autumn Ellanna, and Nataliia Moroz, on behalf of themselves, and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Heidi Hedberg, in her official capacity as Commissioner of the Alaska Department of Health,<br><br>Defendant. | Case No.: 3:23-cv-00044-SLG |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: CONSTITUTIONAL CLAIMS (ORAL ARGUMENT REQUESTED)**

## I. Introduction

Due process does not create hard seven- or thirty-day deadlines to either process SNAP applications or issue notices of delayed processing. First, this Court should grant DOH summary judgment on the plaintiffs' claim that application processing delay violates their due process rights because they did not plead that claim in their complaint or argue it in prior briefing. But it also fails on the merits, as does the plaintiffs' notice-based due process claim. Both federal and state courts have rejected the notion of bright-

line constitutional deadlines for processing benefit applications, and only find constitutional violations in unjustified administrative delays of many months or years.

## II. The complaint does not allege that the time it takes for DOH to process SNAP applications violates due process.

The plaintiffs fault DOH for ignoring their delay-based constitutional claims in its underlying motion for summary judgment, but DOH did not ignore those claims—DOH was not aware of them. The plaintiffs' lengthy and highly detailed complaint specifically alleged that DOH violated due process by failing to send notices of delayed processing with fair hearing information. It did not allege that application processing delay itself violates due process. Similarly, the plaintiffs' preliminary injunction briefing consistently emphasized the constitutional nature of their notice-based claims, but never mentioned the constitution in the context of their delay-based claims. Having failed to assert a delay-based constitutional claim previously in this case, it is too late for the plaintiffs to raise it now: "summary judgment is not a procedural second chance to flesh out inadequate pleadings."[1]

---

[1] *Wasco Prods., Inc. v. Southwall Techs., Inc.,* 435 F.3d 989, 992 (9th Cir. 2006) (quoting *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 24 (1st Cir. 1990)).

The complaint is forty-four pages long, containing more than 310 paragraphs.[2] The demand for relief, alone, is more than five pages and highly detailed. It demands the following declaratory judgments:

> [That DOH] violated the Due Process clause of the l4th Amendment to the constitution by failing to issue timely and adequate written notice of eligibility or delayed processing and access to a fair hearing; and ensure a fair eligibility process is available to SNAP applicants and recipients.
>
> [That DOH] violated the Due Process clause of Article I, section 7 of the Alaska Constitution by failing to issue timely and adequate written notice of eligibility or delayed processing and access to a fair hearing[.][3]

Thus, the complaint is quite specific in alleging that DOH violated due process by failing to issue a notice of delayed processing that would inform applicants how to request a fair hearing. This high level of specificity necessarily excludes other constitutional theories of liability. Any reasonable reader would understand this complaint to state a claim that DOH violates due process by failing to provide notices informing applicants of delay and the ability to request a fair hearing—not that DOH violates due process by not processing the application within a specific amount of time.

Similarly, the plaintiffs' preliminary injunction briefing addressed due process exclusively in the context of notices. Although the plaintiffs discussed delayed processing

---

2 *See* Class Action Complaint, dkt. 1-1 (March 1, 2023).

3 *Id.* at 42-43.

of SNAP applications, they only argued that it violated statute and regulation, not due process.[4] DOH's opposition brief only addressed statute and regulation, and in their reply brief the plaintiffs faulted DOH for failing to address their constitutional arguments—but only in the context of their notice-based claim. "In their Complaint, Plaintiffs' claims pertaining to the Notice of Delayed Processing ('NDP') and fair hearing opportunities asserted rights arising under provisions of the federal SNAP Act, the federal Constitution, and the Alaska Constitution."[5] Throughout the preliminary injunction briefing, any time the plaintiffs mentioned their notice-based claims, they pointed out that those arose under the constitution, as well as statute.[6] They made no similar mention of the constitution when addressing their delay-based claims.[7] Again, any reasonable reader of this motion practice would understand that the plaintiffs considered their notice-based claims to be

---

4 *See, e.g.,* Memorandum in Support of Plaintiffs' Renewed Motion for Preliminary Injunction, dkt. 35-1 (May 8, 2024) ("PI Motion") at 3-4 ("Federal law requires that DOH process SNAP applications within certain deadlines…DOH also failed to give the plaintiffs notice about the processing delay or an opportunity to challenge the delay in a fair hearing, in clear violation of federal law related to notice and fair hearings, as well as constitutional due process."). The plaintiffs have since clarified that they are not suing to enforce regulations. Plaintiffs' Opposition to Defendants' Motion for Summary Judgment re: Private Rights of Action, dkt. 115 (October 17, 2025) at 28.

5 Plaintiffs' Reply in Support of their Renewed Motion for Preliminary Injunction, dkt. 52 (June 20, 2024) at 9.

6 *See, e.g.,* PI Motion at 23 ("The failure to issue a required notice and provide administrative hearing rights violates the SNAP Act. It also violates due process").

7 *See, e.g., id.* at 22 ("The plaintiffs are likely to succeed in showing that DOH's failure to timely process SNAP applications violates the SNAP Act.").

based on the SNAP Act and the constitution, while their claims related to the underlying processing delays were based solely on the SNAP Act.

In order to state a new theory of liability at this late date, the plaintiffs would have needed to move to amend their complaint (which they did not do) and establish good cause for the amendment (which they cannot do).[8] The plaintiffs are wrong to assert that DOH has waived its opposition to a due-process-delay claim.[9] To the contrary, the plaintiffs simply never pleaded that claim and so cannot assert it now.[10]

## III. There is no dispute of material fact that DOH completed reprogramming and now sends notices of delayed processing.

The plaintiffs are fully aware of the ample admissible evidence that DOH now sends notices of delayed processing. The plaintiffs can also confirm from the certified class that they are in fact receiving those notices. This Court should disregard the plaintiffs' baseless suggestions that DOH might not actually send the notices.[11]

---

8 *See* Scheduling and Planning Order, dkt. 32 (April 10, 2024) (motions to amend pleadings deadline November 15, 2024); Federal R. Civ. P. 15, 16(b)(4).

9 Opposition to Defendant's Motion for Summary Judgment re: Constitutional Claims, dkt. 118 (Oct. 24, 2025) ("Plaintiff's Opposition re: Constitutional Claims") at 6.

10 Even if this Court finds that this claim was properly plead in the complaint, there are no disputes of material fact and the claim fails on the merits, so this Court should still grant DOH summary judgment on this claim.

11 *See, e.g.* Plaintiffs' Opposition re: Constitutional Claims at 3 ("DOH now purports to at least send a notice").

In depositions, plaintiffs' counsel asked both the Director of the Division of Public Assistance ("DPA") and DOH's 30(b)(6) designee about these notices. Both witnesses testified under oath that DOH sends them.[12] The director's testimony was consistent with the filed court reports describing DOH's process of phasing in the notices, with full implementation since April 2025.[13] Furthermore, DOH produced exemplars of sample notices in discovery, and DOH's 30(b)(6) deponent testified to their authenticity.[14] With those sample notices, DPA also produced its final implementation policy.[15] As of April 1, 2025, DPA's online procedures manual also reflected this update.[16]

---

[12] Exhibits A (excerpts of Etheridge deposition) and B (excerpts of Stovall deposition).

[13] Exhibit A ("we started that in end of February/March, and by April, we will be on regular path to—probably are right now, to issuing them in realtime"); Report on Compliance with Court Ordered Requirements, dkt. 80-1 (Feb. 3, 2025) at 4-5 (describing programming process); Report on Compliance with Court Ordered Requirements, dkt. 82 (March 3, 2025) at 13-14 (describing phased implementation schedule); Report on Compliance with Court Ordered Requirements, dkt. 89-1 (April 1, 2025) at 10-11 (describing ongoing implementation); Report on Compliance with Court Ordered Requirements, dkt. 97-1 (June 2, 2025) at 12 ("As of April 30, 2025, the system now issues notifications for all newly overdue cases on a daily basis.").

[14] Exhibits B and C (sample delay notices).

[15] Exhibit C at 1.

[16] *See,* http://dpaweb.hss.state.ak.us/manuals/admin/apm.htm#t=transmittals%2Ftransmittal_2025-01.htm.

Finally, the plaintiffs and DOH have an informal relief process whereby the plaintiffs' counsel can refer class members to DOH when their SNAP applications remain unworked past federal timeframes.[17] So plaintiffs' counsel has direct access to class members whose applications are delayed and the opportunity to inquire whether those class members received this notice. Yet the plaintiffs provide no evidence of any class member whose application was delayed and did not receive this notice since full implementation in April 2025. The plaintiffs have no grounds to speculate, contrary to all the evidence, that DOH is not actually sending these notices.

The plaintiffs also misrepresent DOH's past arguments.[18] DOH recognized "all along" that 7 C.F.R. § 273.10(g) requires sending these notices, but the plaintiffs are not suing to enforce regulations.[19] With regard to the statutes, DOH's position has consistently been that 7 U.S.C. § 2020(e)(10) does not provide for a fair hearing due to agency delay.[20] That provision only provides for fair hearings to challenge agency *actions*, like denying an application or reducing or terminating benefits.[21] The provision

---

[17] *See,* Joint Status Report Regarding Informal Relief Process, dkt. 78 (Feb. 3, 2025).

[18] *See, e.g.,* Plaintiffs' Opposition re: Constitutional Claims at 10 ("DOH now pretends that it agreed 'all along' with this Court's preliminary injunction").

[19] Plaintiffs' Opposition to Defendants' Motion for Summary Judgment re: Private Rights of Action, dkt. 115 (October 17, 2025) at 28.

[20] Order Re Motion for Preliminary Injunction, dkt. 77 (Dec. 31, 2024) at 18.

[21] *Id.*

does not apply to *inaction* like delay. Further, in the preliminary injunction context, DOH argued that the cost of automating these notices or issuing them by hand (both in dollars and in sidelining higher-priority work) outweighed the plaintiffs' interests in receiving the notice under the balance of hardships, especially since DOH already sends out a notice with fair hearing information upon receipt of a new application.[22] Now that the Court has ordered DOH to issue these notices, and DOH has borne both the expense of implementing the notices and the related delay of other priorities, there is no practical reason for DOH to stop issuing them. DPA's operations manager has explained this in a recent declaration.[23]

These facts are ample to overcome the voluntary cessation exception to the mootness doctrine. "The government is entitled to a presumption of good faith when it asserts mootness, although it must still demonstrate that the change in its behavior is

---

22 *See* Opposition to Motion for Preliminary Injunction, dkt. 46 (June 12, 2024) at 25-26; Declaration of Becca Stoval in Support of Opposition to Motion for Preliminary Injunction, dkt. 46-9 (June 12, 2024) at 3.

23 Declaration of Becca Stovall in Support of Opposition to Plaintiffs' Motion for Summary Judgment, dkt. 116-2 (October 24, 2025) at 3 ("Now that DPA has reprogrammed the information technology system (EIS) to automatically send notices of delayed processing, there is no practical reason to stop sending them. At this time, I am not aware of any intent to stop sending them, regardless of what happens with this lawsuit.").

entrenched or permanent."[24] The reprogramming effort to automate sending the notices, along with the published policy and manual changes, are sufficient evidence of permanence to meet this burden.

## IV. The plaintiffs' due process claims, both notice- and delay-based, fail on the merits.

The plaintiffs' contention that due process entitles them to a notice of delayed processing is entirely novel. DOH's Motion for Summary Judgment challenged the plaintiffs to identify even one case holding that due process requires an agency to issue a notice of delay to anyone at any time, far less to SNAP applicants after seven or thirty days.[25] The plaintiffs did not rise to that challenge. Although they cite several cases finding that extreme administrative delay itself can amount to a constitutional violation, none of those cases require an agency to send a notice of processing delay at any particular time. And those cases did not find due process violations in any delay shorter than sixteen months.[26]

---

24 *Planned Parenthood Great Northwest v. Labrador,* 122 F.4th 825, 841 (9th Cir. 2024) (quotations omitted, cleaned up).

25 *See* Defendant's Motion for Partial Summary Judgment re: Constitutional Claims, dkt. 110 (Sept. 15, 2025) at 7.

26 *See, e.g., Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 547 (1985) (although "at some point, a delay in the post-termination hearing would become a constitutional violation… [a] 9-month adjudication is not, of course, unconstitutionally lengthy *per se*….The chronology of the proceedings set out in the complaint, coupled with the assertion that nine months is too long to wait, does not state a claim of a

The plaintiffs' opposition brief adds little to the arguments they previously made in their Motion for Summary Judgment, which DOH has separately opposed.[27] In connection with the first factor of the *Matthews v. Eldridge* test, the plaintiffs emphasize the importance of the needs-based SNAP benefit. But they do not engage with the remaining factors of that test, which take into account the reasons for the delay and what would be required to speed up the process.[28] Those factors weigh heavily in favor of DOH—the reasons for the delay are beyond its control, and it is already doing everything reasonably possible to expedite application processing.

The plaintiffs' cited cases do not support their argument. For example, the plaintiffs cite *Coe v. Thurman*, which states "there is no talismanic number of years or

---

constitutional deprivation."); *Fusari v. Steinberg*, 419 U.S. 379 (1975) (court "unable meaningfully to assess the issues in this appeal on the present record" and so issued no opinion on constitutionality of delay in processing unemployment insurance appeals); *Schroeder v. Chicago*, 927 F.2d 957, 960 (7th Cir. 1991) (eight month delay in processing disability benefit application did not violate due process); *Rodrigues v. Donovan*, 769 F.2d 1344, 1348 (9th Cir. 1985) (reversing Rule 12(b)(6) dismissal of complaint challenging sixteen-month delay in issuing initial denial of worker's compensation benefits, and additional year delay in processing appeal of denial, but without "express[ing] any opinion on the ultimate merit of Rodrigues's due process claim.").

[27] *See* Memorandum in Support of Plaintiffs' Motion for Summary Judgment, dkt. 107-1 (Sept. 12, 2025) at 25-38; Defendant's Opposition to Plaintiffs' Motion for Summary Judgment, dkt. 116 (Oct. 24, 2025) ("DOH's Opposition to Plaintiffs' MSJ") at 21-34.

[28] Plaintiffs' Opposition re: Constitutional Claims at 13-14; DOH's Opposition to Plaintiffs' MSJ at 26-28.

months, after which due process is automatically violated."[29] But that is precisely what the plaintiffs want this Court to hold: that due process is automatically violated when a SNAP application has been pending for eight or thirty-one days. In *Coe*, the Ninth Circuit held that a state's four year delay in processing a criminal appeal violated due process.[30] The court cited similar cases in which delays of criminal appeals for three years, five years, three-and-a-half years, six years, and even eight-and-a-half years were held to violate due process.[31] The incarcerated plaintiffs in those cases faced an extreme deprivation of liberty that is not less important than financial need. And *Coe* not only considered the length of the delay, but also the reasons for the delay.[32] Here DOH is consistently doing its utmost to improve timeliness; delays are the result of factors beyond DOH's control.[33]

The plaintiffs also cite the Second Circuit's decision in *Kraebel v. New York City Department of Housing Preservation and Development*, where the plaintiff waited a year and a half for reimbursement under one program and almost three years for

---

29 922 F.2d 528, 531 (9th Cir. 1990).

30 *Id.*

31 *Id.*

32 *Id.*

33 DOH's Opposition to Plaintiffs' MSJ at 4-7.

reimbursement under another.[34] That case did not actually find a due process violation, but remanded for further proceedings:

> Although no bright-line rule exists for determining when a delay is so burdensome as to become unconstitutional, we think that there is at least a question of fact as to whether these delays were egregious and without any rational justification. Given the case-by-case approach required in due process cases the issue must be determined on a full evaluation of all the circumstances.[35]

Thus, the Second Circuit also rejected the notion of hard constitutional deadlines. And it required the district court to consider the both the duration and causes of the delay. The Second Circuit was careful to note that the plaintiff's "underlying property interest is of greater significance than is present in … an entitlement to a benefit conferred by the state to … aid the indigent or the disabled."[36] Thus any effort to distinguish *Kraebel* on the grounds that the benefit at issue was not needs-based must fail. *Kraebel* considered the plaintiff's interest in reimbursement of greater significance than needs-based assistance like SNAP.

---

[34] 959 F.2d 395, 398-99 (2d Cir. 1992) (under J51 program partial payment made "over a year and a half after her applications" and under SCRIE program applications for 1988 and 1989 remained unprocessed at time of decision in 1992).

[35] *Id.* at 405 (internal citation omitted).

[36] *Id.*

The plaintiffs also cite *Isaacs v. Bowen*, which found that an administrative procedure for Medicare reimbursement taking an average of 19 months did not violate due process.[37] There, the Second Circuit stated:

> Regrettably, delay is a natural concomitant of our administrative bureaucracy. Neither the six-month delay created by the additional fair hearing, nor the estimated total of 19 months from claim initiation to completion of ALJ review are remarkable in the Medicare, Social Security and employment benefits systems.[38]

That court cited other cases in which 19-month and two-year delays in processing retirement benefits claims were found constitutional.[39] Although that case noted that the Medicare payments were not based on financial need,[40] that difference does not support the plaintiffs' leap to due process requiring hard seven- and thirty-day application processing deadlines for SNAP's needs-based benefits.

The plaintiffs also cite *Dukes v. New York City Employees' Retirement System*, in which the district court held that a two year delay in processing a death benefit

---

[37] 865 F.2d 468 (2d Cir. 1989).

[38] *Id.* at 477.

[39] *Id.* (citing *Littlefield v. Heckler,* 824 F.2d 242, 247 (3d Cir. 1987); *Givens v. United States R.R. Retirement Bd.,* 720 F.2d 196, 201 (D.C. Cir. 1983); *Frock v. United States R.R. Retirement Bd.,* 685 F.2d 1041, 1047 n. 13 (7th Cir. 1982)).

[40] *Id.*

application was "not so great as to automatically constitute a due process violation."[41] The Court also considered that processing the application required medical board review, and that the agency had a strong interest in accuracy.[42] This case also does not support a hard constitutional deadline to either process benefit applications or issue notices of delayed processing.

In the end, these cases support DOH's motion for summary judgment on the plaintiffs' due process claims.

## V. Conclusion

This Court should grant the defendant's motion for partial summary judgment on the plaintiffs' constitutional claims.

DATED: November 17, 2025.

STEPHEN J. COX
ATTORNEY GENERAL

By: /s/Lael Harrison
Lael A. Harrison
Alaska Bar No. 0811093
David Wilkinson
Alaska Bar No. 1211136
Justin D. Nelson
Alaska Bar No. 1102007
Senior Assistant Attorneys General

---

41 *Dukes v. New York City Employees' Retirement System*, 361 F.Supp.3d 358, 374 (S.D.N.Y. 2019).

42 *Id.*

Department of Law
Attorneys for Defendant

Certificate of Service

I certify that on November 17, 2025, the foregoing **Reply in Support of Defendant's Motion for Summary Judgment Re: Constitutional Claims (Oral Argument Requested)** was served electronically on:

Goriune Dudukgian
Northern Justice Project
406 G Street, Suite 207
Anchorage, AK 99501
gdudukgian@njp-law.com

Nicholas Feronti
Northern Justice Project
406 G Street, Suite 207
Anchorage, AK 99501
nferonti@njp-law.com
CC all pleadings to:
Jim Davis - jdavis@njp-law.com

Saima Akhtar
National Center for Law and Economic Justice
50 Broadway, Suite 1500
New York, NY 10004
akhtar@nclej.org

Margaret D. Craig
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
maggie.craig@us.dlapiper.com

Kelsey Tavares
DLA Piper LLP (US)
33 Arch Street, 26th Floor

Boston, MA 02110-1447
kelsey.tavares@us.dlapiper.com

Christopher M. Young
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
christopher.young@dlapiper.com

Sean P. Fulton
DLA Piper LLP (US)
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201-2482
sean.fulton@us.dlapiper.com

Constance I. Du
DLA Piper LLP (US)
444 W Lake Street, Suite 900
Chicago, IL 60606-0010
constance.du@us.dlapiper.com

*/s/Justin Nelson*
Justin D. Nelson, Assistant Attorney General